%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED

## I. (a) PLAINTIFFS

Terica Baker

**DEFENDANTS**

Tri-Nations Express 2d, dba 2150, Inc.; Eduviges Penaj Shameca Moneca Baker

(b) County of Residence of First Listed Plaintiff    Pike (Alabama)

(EXCEPT IN U.S. PLAINTIFF CASES)

2007 MAY 24  A 11: 50

County of Residence of First Listed Defendant    Hidalgo (Texas)

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Milton C. Davis; 304 N. Main St, Tuskegee, AL 36083
334-727-6500

Attorneys (If Known)  K. Donald Simms

Miller, Hamilton, Snider & Odom, LLC, 500 Financial Center, 505
20th Street North, Birmingham, AL  35203 (205) 226-5200

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☐ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☒ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1332, 1441(a), 1441(b)

Brief description of cause:  Injuries Received in Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                    DOCKET NUMBER

DATE  05/07/2007

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION     2007 MAY 21  P 2: 50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

TERICA BAKER,                          *
                                       *
        Plaintiff                      *
                                       *
            v.                         *
                                       *     Civil Action No.: _____
TRI-NATIONS EXPRESS,                   *
INC. d/b/a TNX, INC.;                  *
EDUVIGES PENA; et al.,                 *
                                       *
        Defendants                     *

---

## NOTICE OF REMOVAL[1]

---

COME NOW TRI-NATIONS EXPRESS, INC. d/b/a TNX, INC. ("TNX")

and EDUVIGES PENA ("PENA"), Defendants in the above-styled cause and,

pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1441(b), file this Notice of Removal of

the above-styled cause to the United States District Court for the Middle District of

Alabama, Eastern Division. In support thereof, these Defendants will show unto this

Court the following:

---

[1]The moving Defendants have contemporaneously filed a memorandum
brief in support of the fraudulent joinder aspects of this removal. Defendants
incorporate same herein by reference.

## I. Introduction.

1.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases and was commenced by Plaintiff, Terica Baker, on April 19, 2006, in the Circuit Court of Macon County, Alabama, by filing the attached Complaint against these Defendants. (*See* Complaint, attached hereto as **Exhibit "A".**) Plaintiff Terica Baker alleges in the Complaint that she sustained injury in Macon County, Alabama on October 22, 2006, due to the negligence or wantonness of Defendants TNX, Pena and Shameca Moneca Baker. (Complaint at Paragraphs 8, 10, 13, 18 and 21.) Plaintiff Terica Baker alleges that she was "knocked, shocked, bruised, contused, and suffered severe injuries to her body" as a result of the accident made the basis of this suit. Plaintiff Terica Baker makes claim for compensatory and punitive damages in the form of incurred medical expenses, past great pain and suffering, future medical expenses, current and future great pain and suffering, reduced capacity to enjoy life and participate in many social and physical activities, and severe mental anguish and/or emotional distress. (Complaint at Paragraphs 7, 11, 14, 19, and 22.) Defendant TNX was served by certified mail on or about April 25th, 2007. Defendant Pena was served by certified mail on or about April 25th, 2007. Defendant Shameca Baker was served by certified mail on or about April 21, 2007. A true and correct copy of the entire court file is attached hereto as **Exhibit "B"** and

incorporated hereby by reference. Removal of this action is timely, as it is being effected within thirty (30) days of receipt and/or notice, through service or otherwise, of the suit papers, by any of the named defendants. *See* 28 U.S.C. § 1446.

2.    Plaintiff, Terica Baker, is an adult resident citizen of Alabama. (*See* Complaint, Paragraph 1.)

3.    Defendant TNX is a Texas corporation with its principal place of business in Texas. (*See* Complaint, Paragraph 2.)

4.    Defendant Pena is an adult resident citizen of Texas. (*See* Complaint, Paragraph 3.)

5.    Defendant Shameca Moneca Baker is an adult resident citizen of Alabama. (*See* Complaint, Paragraph 4.)

6.    All of the Defendants, with the exception of named Defendant, Shameca Moneca Baker, are citizens of states other than Alabama. The complaint avers that the Defendant, Shameca Moneca Baker, is a resident citizen of Alabama.

7.    These moving Defendants respectfully submit that all properly served and joined Defendants join in this removal.

8.    This action could have been filed originally in this Court pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the properly joined parties and the amount in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs.

## II. The Amount-In-Controversy Requirement is Satisfied.

9.     Plaintiff Terica Baker alleges in the Complaint that, on October 22, 2006, in Macon County, Alabama, one or more of the Defendants named in the Complaint negligently or wantonly allowed a vehicle to collide with the automobile in which Plaintiff was a passenger.  Although the Complaint does not specify a monetary demand, the Plaintiff seeks compensatory and punitive damages in the form of incurred medical expenses, past great pain and suffering, future medical expenses, current and future great pain and suffering, reduced capacity to enjoy life and participate in many social and physical activities, and severe mental anguish and/or emotional distress.

10.     Plaintiff Terica Baker has not expressly described her alleged injuries. However, based on reported jury verdicts involving similar facts and injuries, when Plaintiff's claims are presented to a jury, it is more likely than not that she will seek compensatory damages in excess of $75,000.  For example, in *Gibson v. Harden Shipping, Inc.*, (CV-05-50, June 30, 2005), a Russell County court entered a judgement in the amount of $275,000.00 following an auto accident in which the defendant's truck collided with the plaintiff's vehicle.  In *Smith v. Jimmy Day*

-4-

*Plumbind Health*, (March 2006), a motorcyclist plaintiff suffered a leg fracture, knee dislocation, and soft tissue injuries to his wrist when his motorcycle was struck by a truck owned by the defendant. A Montgomery County jury awarded the plaintiff $1,500,000.00. In *Jackson v. Long*, (04-1001, Nov. 16, 2005), the defendants' car ran a red light and struck the plaintiff's vehicle. The plaintiff suffered injuries to her head, neck, back, shoulders, and ankles due to the crash. A Mobile County jury awarded the plaintiff $150,000.00. *See also*, *Coppins v. Morris*, (04-6665, Oct. 21, 2005) (Jefferson County jury awarded $89,000.00 for plaintiff injured in car wreck).

11.    Similarly, in determining the amount in controversy, the court should also consider the fact that Plaintiff Terica Baker will likely seek to recover punitive damages. Prospective punitive damages must be considered when calculating the amount in controversy unless it is apparent to a legal certainty that they cannot be recovered; *Holly Equipment Company v. Credit Alliance Corporation*, 821 F.2d 1531, 1535 (11th Cir. 1987). While courts have been more likely to reduce awards of punitive damages, it is not uncommon for punitive damage awards of three times the compensatory awards to be upheld. In such a case as this, a compensatory award for as little as $20,000 when coupled with the punitive damage award of three times that, would exceed the jurisdictional minimum of this court. As discussed, Plaintiff has sought to recover punitive damages in this case alleging that Defendants' conduct

causing the accident was wanton in nature. Similarly, a review of the Alabama Jury Verdict Reporter, Third Edition, January 2005, reveals that the median punitive damage award in Alabama during 2002, 2003 and 2004 exceeded the jurisdictional minimums of this court. Specifically, in 2004, the average punitive damage verdict awarded was $70,639,000.14 and the median for 2004 was $78,583,000. Similarly, in 2003, the average punitive damage award was $1,127,788,000 and the 2003 median punitive damage award was $126,000. Finally, the average punitive damage award in 2002 was $2,843,162,000 while the 2002 median punitive damage award was $103,836. (*See*, The Alabama Jury Verdict Quarter, Year End Review 2004, Third Edition, January 2005 at page 90).

12.     Accordingly, these Defendants believe and herein allege in good faith that the matter in controversy between the Plaintiff and Defendants at the time of the filing of the Complaint and at the present time exceeds the sum or value of $75,000, exclusive of interest and costs. *See, e.g., Tapscott*, 77 F.3d at 1359 (11th Cir. 1996) (when plaintiffs make an unspecified claim for damages, removing party need only show by a preponderance of the evidence that amount in controversy exceeds jurisdictional limit); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered."); *Swafford v. Transit Cas. Co.*, 486 F.Supp.

175, 177 (N.D.Ga. 1980) ("It is clear that in determining the jurisdictional amount in controversy, punitive damages are to be counted.") citing *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 64 S.Ct. 5 (1943).

## III. SHAMECA MONECA BAKER IS FRAUDULENTLY JOINED.[2]

10.     Defendant, Shameca Moneca Baker, is alleged to be a resident citizen of Alabama. However because Shameca Moneca Baker is a fraudulently joined defendant, this Court should ignore her citizenship for the purpose of removal. *See Jerrell v. Kardoes Rubber Co., Inc.*, 348 F. Supp.2d 1278, 1283 (M.D. Ala. 2004).

11.     Joinder has been deemed fraudulent by this Court in three situations: (1) "when there is no possibility that the plaintiff can prove a cause of action against the resident non-diverse defendant; (2) when the plaintiff has fraudulently pled jurisdictional facts in order to bring the resident into state court; and (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)*; see also, Henderson v. Washington National Ins. Co.*, 454 F.3d 1278 (11th Cir. 2006)*.* If any one of these

---

[2]*See* Memorandum Brief in Support of Notice of Removal, contemporaneously filed and incorporated by reference herein.

situations exists, the plaintiff has fraudulently joined the resident defendant and this Court should ignore her citizenship for jurisdictional purposes. *See id.*

12. It is the understanding and belief of these moving Defendants that Defendant Shameca Moneca Baker is the daughter of Plaintiff, Terica Baker. It is further the understanding and belief of these moving Defendants that Plaintiff, Terica Baker, owned and entrusted the vehicle in which she was riding to her daughter, Shameca Moneca Baker and was voluntarily a passenger in said vehicle. While these moving Defendants acknowledge that there is no mother/daughter immunity for adults in Alabama, these Defendants respectfully submit that Shameca Moneca Baker has been named simply to prevent complete diversity by and between the parties, and in an effort to defeat the removal of this action. Furthermore, these Defendants respectfully submit that Alabama's guest passenger statutes prevents Plaintiff Terica Baker from suing Shameca Moneca Baker in the manner alleged in Plaintiff's complaint. Therefore, this Court should ignore Shameca Moneca Baker's citizenship for purposes of determining diversity jurisdiction or, in the alternative, dismiss Shameca Moneca Baker as a dispensable party defendant in order to retain jurisdiction. *Newman-Green, Inc. V. Alfonzo-Larrain*, 490 U. S. 826, 833, 109 S. Ct. 2218, 2223, 104 L. Ed 893 (1989).

## IV. ALL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

16.     As set forth above, this Notice of Removal is filed within thirty (30) days of service of the petition, suit papers, or other process upon the defendants.

17.     As demonstrated herein, this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332, as amended.

18.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

19.     These Defendants further say that should any question arise as to the propriety of the removal of this action, these Defendants separately and severally request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, PREMISES CONSIDERED, the Defendants **Tri-Nations Express d/b/a TNX, Inc. and Eduviges Pena,** desiring to remove this case to the United States District Court for the Middle District of Alabama, Eastern Division, being the district and division of said Court for the County in which said action is pending, 28 U.S.C. § 1441(a), pray that the filing of this Notice of Removal with the Clerk of the Circuit Court of Macon County, Alabama shall effect the removal of said suit to this Court.

Dated:     May 21st , 2007.

THESE DEFENDANTS DEMAND A TRIAL BY STRUCK JURY AS TO

ALL ISSUES IN THIS CAUSE.

Respectfully submitted,

_____

K. DONALD SIMMS
ASB-9801-M63K
*Counsel for Defendants TNX and Pena*

OF COUNSEL:
MILLER, HAMILTON, SNIDER & ODOM, L.L.C.
The Financial Center
505 20th Street , N., Suite 500
Birmingham, Alabama 35203
Telephone:  (205) 226-5200
Facsimile:  (205) 226-5226
E-mail:      kerisimms@mhsolaw.com

_____

STANLEY GRAY
ASB-4274-U79W
*Counsel for Defendants TNX and Pena*

OF COUNSEL:
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
Telephone:  (334) 727-4830
Facsimile:  (334) 727-5877
E-mail:      sgray@glsmgn.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading by placing

a copy of same in the United States Mail, first-class postage prepaid, on this the 21st

day of May, 2007:

> Mr. Milton Davis
> P.O. Box 830509
> Tuskegee, AL 36083-0509
> *Counsel for Terica Baker*
>
> Mr. Charles James
> Mr. Tyrone C. Means
> THOMAS, MEANS, GILLIS & SEAY, P.C.
> P.O. Drawer 5058
> Montgomery, AL 36103-5058
> *Counsel for Shameca Moneca Baker,*

OF COUNSEL

# EXHIBIT A

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

TERICA BAKER,  )
     Plaintiff,  )
  )
vs.  )    CIVIL ACTION NO.: CV 07-45
  )    PLAINTIFF DEMANDS JURY TRIAL
TRI-NATIONS EXPRESS, INC., d/b/a  )
T N X, Inc., a company;  )
EDUVIGES PENA, an individual, and  )
SHAMECA MONECA BAKER, an  )
individual; and No. 1, whether  )
singular or plural, that entity or  )
those entities who or which was or  )
were the owners of the tractor trailer  )
driven by EDUVIGES PENA,  )
on the date of the occurrence made the  )
basis of this lawsuit; No. 2, whether  )
singular or plural, that person,  )
partnership, corporation or entity  )
who entrusted EDUVIGES PENA,  )
with a motor vehicle  )
on the date of the occurrence made the  )
basis of this suit; No. 3, whether singular  )
or plural, that person, partnership,  )
corporation or entity which had any  )
input into or control over the  )
management and/or supervision of  )
EDUVIGES PENA on the date  )
of the occurrence made the basis of this  )
lawsuit; No. 4 , whether singular  )
or plural, that person, partnership,  )
corporation or entity other than  )
those described above, whose  )
negligence and/or wanton  )
conduct and/or other wrongful conduct  )
contributed to cause the occurrence  )
made the basis of this lawsuit; No. 5,  )
whether singular or plural, that  )
person, partnership, corporation or  )
entity which provide any insurance  )
coverage of whatever kind or  )
character to any of the named or  )
fictitious defendants herein; No. 6,  )
whether singular or plural, that entity  )
or those entities, other than those  )

Apr 25 07 03:06p    TNX                    9567879942                    p.4

described above, which is the                )
successor in interest of any of the          )
entities described above. Plaintiff          )
avers that the identities of the fictitious  )
party defendants herein are otherwise        )
unknown to the plaintiff at this time;       )
or if their names are known to the           )
plaintiff at this time, their                )
identities as proper party defendants        )
are not known, and their true names will     )
be substituted by amendment when             )
ascertained.                                 )
                                             )
                Defendants.                  )

## COMPLAINT

### THE PARTIES

1. Plaintiff, Terica Baker, is a resident of 244 College Street, Brundidge, Alabama 36010 and is over the age of nineteen (19) years.

2. Defendant, TRI-NATIONS EXPRESS, INC., d/b/a T.N X, Inc., upon information and belief, is a company incorporated in and doing business in McAllen, Texas.

3. Defendant, EDUVIGES PENA, upon information and belief, is a resident of San Juan, Texas and is over the age of nineteen (19) years.

4. Defendant, Shameca Moneca Baker, is a resident of 326 John Street, Brundidge, Alabama 36010 and is over the age of nineteen years.

4. The defendants, Nos. 1,2,3,4,5, and 6, whose correct names and identities are unknown to the plaintiffs at this time but who will be more correctly named when their identities are ascertained and the respective persons and/or entities who or which fit the description below:

No. 1, whether singular or plural, that person, partnership, corporation or entity who or which owned the tractor trailer driven by EDUVIGES PENA on the date of the occurrence made

the basis of this lawsuit; No. 2, whether singular or plural, that person, partnership, corporation or entity who entrusted EDUVIGES PENA with a motor vehicle on the date of the occurrence made the basis of this lawsuit; No. 3, whether singular or plural, that person, partnership, corporation or entity which had any input into or control over the management and/or supervision of EDUVIGES PENA on the date of the occurrence made the basis of this lawsuit; No. 4, whether singular or plural, that person, partnership, corporation or entity other than those described above, whose negligence and/or wanton conduct and/or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; No. 5, whether singular or plural, that person, partnership, corporation or entity which provide any insurance coverage of whatever kind or character to any of the named or fictitious defendants herein; No. 6, whether singular or plural, that entity or those entities, other than those described above, which is the successor in interest of any of the entities described above. Plaintiff avers that the identities of the fictitious party defendants herein are otherwise unknown to the plaintiff at this time; or if their names are known to the plaintiff at this time, their identities as proper party defendants are not known, and their true names will be substituted by amendment when ascertained.

## COUNT I

### NEGLIGENCE OR WANTONNESS

5. Plaintiff realleges paragraphs 1 through 4 of the Parties section with all the force and effect as if it were herein stated.

6. On or about the 22nd day of October, 2006, upon a public road, to-wit: Interstate 85 North between Macon County Road 53 and the Lee County Line, Macon County, Alabama, Defendant Eduviges Pena, and/or Defendant TRI-NATIONS EXPRESS, INC., and/or one or

more of the fictitious parties named and described in the caption hereof negligently or wantonly

caused or allowed a vehicle to collide with the automobile plaintiff was a passenger.

    7.  As a proximate consequence of the defendants' negligence or wantonness, plaintiff

Terica Baker was caused to suffer the following injuries and damages:

    (a)   Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

    (b)   Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

    (c)   Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

    (d)   Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

    (e)   Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

    (f)   The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

    (g)   Plaintiff suffered severe mental anguish and/or emotional distress from the said injuries caused by the defendants;

    8.    At all time material to this lawsuit, defendant EDUVIGES PENA was acting in

the line and scope of his employment with defendant TRI-NATIONS EXPRESS, INC. and/or

one or more of the fictitious defendants named and described in the caption hereof or was acting

as an agent or employee of defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the

fictitious defendants named and described in the caption hereof and was acting in furtherance of

his employment with defendant TRI-NATIONS EXPRESS, INC..

    WHEREFORE, PREMISES CONSIDERED, plaintiff demands a judgment against the

defendants jointly and severally, for compensatory and punitive damages plus interests and costs

in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as

may be assessed by the jury.

## COUNT II

### NEGLIGENT ENTRUSTMENT

9. Plaintiff realleges and adopts by reference all the allegations contained in paragraphs 1 through 8 with all the force and effect as if fully set out herein.

10. At all times material to this lawsuit Defendant EDUVIGES PENA was in charge or control of the vehicle entrusted to him by Defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption hereof. Defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption hereof negligently or wantonly entrusted the said vehicle to defendant EDUVIGES PENA prior to the subject automobile collision.

11. As a proximate consequence of defendants' negligence or wantonness, plaintiff Terica Baker was caused to suffer the following injuries and damages:

    (a)    Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

    (b)    Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

    (c)    Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

    (d)    Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

    (e)    Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

    (f)    The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

    (g)    Plaintiff suffered severe mental anguish and/or emotional distress from the said

injuries caused by the defendants;

WHEREFORE, PREMISES CONSIDERED, plaintiff demands a judgment against the defendants jointly and severally, for compensatory and punitive damages plus interests and costs in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as may be assessed by the jury.

## COUNT III

### SUBSEQUENT NEGLIGENCE

12. Plaintiff realleges and adopts by reference all the allegations contained in paragraphs 1 through 11 with all the force and effect as if fully set out herein.

13. Defendant EDUVIGES PENA, Defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein after knowing and observing the vehicle occupied by Plaintiff, Terica Baker in a perilous position, negligently or wantonly failed to keep a proper lookout and avoid the collision.

14. As a proximate consequence of defendants' negligence or wantonness, plaintiff, Terica Baker was caused to suffer the following injuries and damages:

    (a)    Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

    (b)    Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

    (c)    Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

    (d)    Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

    (e)    Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

(f) ·· The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

(g) Plaintiff suffered severe mental anguish and/or emotional distress from the said injuries caused by the defendants;

WHEREFORE, PREMISES CONSIDERED, plaintiff demands a judgment against the defendants jointly and severally, for compensatory and punitive damages plus interests and costs in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as may be assessed by the jury.

## COUNT IV

### NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION

15. Plaintiff realleges and adopts by reference all the allegations contained in paragraphs 1 through 14 with all the force and effect as if fully set out herein.

16. Defendants TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein had a duty to use reasonable care in hiring, training and supervision of defendant EDUVIGES PENA.

17. Defendants TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein failed to use reasonable care or recklessly and/or wantonly hired EDUVIGES PENA and/or failed to adequately train and supervise defendant EDUVIGES PENA.

18. The negligent and/or wanton actions of defendant EDUVIGES PENA arose out of the line and scope of his duties with defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein, therefore,

Apr 25 07 03:07p       TNX                      9567879942          p.10

defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein are vicariously liable for the actions of defendant EDUVIGES PENA.

19.  As a proximate consequence of defendants' negligence or wantonness, plaintiff Terica Baker was caused to suffer the following injuries and damages:

(a)   Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

(b)   Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

(c)   Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

(d)   Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

(e)   Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

(f)   The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

(g)   Plaintiff suffered severe mental anguish and/or emotional distress from the said injuries caused by the defendants;

WHEREFORE, PREMISES CONSIDERED, plaintiff demands a judgment against the defendants jointly and severally, for compensatory and punitive damages plus interests and costs in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as may be assessed by the jury.

## COUNT V

## NEGLIGENCE OR WANTONNESS

20.  Plaintiff realleges paragraphs 1 through 19 of the Parties section with all the force and effect as if it were herein stated.

21.  On or about the 22nd day of October, 2006, upon a public road, to-wit: Interstate 85 North between Macon County Road 53 and the Lee County Line, Macon County, Alabama, Defendant, Shameca Moneca Baker was operating a 1998 GMC Jimmy in the left hand lane, which was owned by Plaintiff, Terica Baker, in which Plaintiff was a passenger, when the right front tire of said automobile blew out.  After the tire blew out the Defendant, Shameca Moneca Baker, negligently and/or wantonly operated said vehicle by slowing down and stopping in said lane.  That said negligence and wantonness of Defendant, Shameca Moneca Baker combined and concurred with the negligent and wanton conduct of Defendant Eduviges Pena, and/or Defendant TRI-NATIONS EXPRESS, INC., and/or one or more of the fictitious parties named and described in the caption hereof negligently or wantonly caused or allowed a vehicle to collide with the automobile plaintiff was a passenger.

22.  As a proximate consequence of the defendants' combined and concurring negligence or wantonness, plaintiff Terica Baker was caused to suffer the following injuries and damages:

(a)     Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

(b)     Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

(c)     Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

(d)     Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

(e)     Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

(f)     The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

(g)     Plaintiff suffered severe mental anguish and/or emotional distress from the said injuries caused by the defendants;

WHEREFORE, PREMISES CONSIDERED, plaintiff demands a judgment against the defendants jointly and severally, for compensatory and punitive damages plus interests and costs in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as may be assessed by the jury.

Respectfully submitted,

MILTON C. DAVIS (DAV 035)
Attorney for Plaintiff

304 N. MAIN STREET
P. O. BOX 830509
TUSKEGEE, ALABAMA 36083-0509
Tel. (334) 727-6500
Fax (334) 727-6556

JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

MILTON C. DAVIS (DAV 035)
Attorney for Plaintiff

<u>SERVE DEFENDANTS AT:</u>

WAYNE PHILLIPS
Registered Agent
TRI-NATIONS EXPRESS, INC.
d/b/a T N X, INC.
1213 W. Express 73
Pharr, Texas 78577
(210) 787-0071

EDUVIGES PENA
350 E. 15th Street
San Juan, Texas 78589
(756) 782-0156

SHAMECA MONECA BAKER
326 John Street
Brundidge, AL 36010
(334) 333-8834

# EXHIBIT B

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93   Rev. 5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>C V [ ] [ ] [ ] [ ] [ ] [ ] [ ] . [ ] [ ]<br>Date of Filing:   Judge Code:<br>[0][4] [1][8] [2][0][0][7]<br>Month    Day    Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____MACON_____ , ALABAMA
*(Name of County)*

TERICA BAKER
_____ v.   TRI–NATIONS EXPRESS, INC.
Plaintiff          d/b/a T N X, Inc., et al
                         Defendant

| First Plaintiff | ☐ Business  ☒ Individual<br>☐ Government  ☐ Other | First Defendant | ☒ Business  ☐ Individual<br>☐ Government  ☐ Other |
|---|---|---|---|

NATURE OF SUIT:  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☒ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

ORIGIN *(check one):*   F ☒ INITIAL FILING      A ☐ APPEAL FROM      O ☐ OTHER: _____
                                              DISTRICT COURT
                        R ☐ REMANDED         T ☐ TRANSFERRED FROM
                                              OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED?   ☒ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

RELIEF REQUESTED:   ☒ MONETARY AWARD REQUESTED      ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
| D | A | V | 0 | 3 | 5 |

Date  April 18, 2007      Signature of Attorney/Party filing this form

MEDIATION REQUESTED:   ☐ YES  ☐ NO  ☒ UNDECIDED

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

CIVIL SUMMONS

Case No.: CV 07-45

Plaintiff: TERICA BAKER              v. Defendants: TRI-NATIONS EXPRESS,
                                     INC., d/b/a T N X, INC., et al.

NOTICE TO: Ms. Shameca Moneca Baker, 326 John Street, Brundidge, Alabama 36010

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE
THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN
THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY
MILTON C. DAVIS WHOSE ADDRESS IS: 304 North Main Street, P. O. Box 830509, Tuskegee, Alabama 36083.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU
FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon
  the defendant.

☐ Service by certified mail of this summons is initiated upon the Written request of pursuant to
  the Alabama Rules of Civil Procedure.

Date 4/19/07                          _David fens, Os_  By: ____

                                      Clerk/Register

☒ Certified Mail is hereby requested.   _____
                                       Plaintiffs/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
                                                                      (Date)
☐ I certify that I personally delivered a copy of the Summons and Complaint to_____
  _____ in _____ County, Alabama on
  _____
          (Date)

_____
Date

_____
Address of Server

_____
Server's Signature

_____
Type of Process Server

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

CIVIL SUMMONS

Case No.: CV 07-45

Plaintiff: TERICA BAKER

v. Defendants: TRI-NATIONS EXPRESS, INC., d/b/a T N X, INC., et al.

NOTICE TO: Mr. Eduviges Pena, 350 East 15th Street, San Juan, Texas 78589

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY MILTON C. DAVIS WHOSE ADDRESS IS: 304 North Main Street, P. O. Box 830509, Tuskegee, Alabama 36083.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the Written request of pursuant to the Alabama Rules of Civil Procedure.

Date __4/10/07__

☒ Certified Mail is hereby requested.

David Love, Jr. By: S.m
Clerk/Register

Milton C. Davis
Plaintiffs/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
                                                                        (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on
_____
        (Date)

_____                    _____
Date                                Server's Signature

_____
Address of Server

_____                    _____
                                    Type of Process Server

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

CIVIL SUMMONS

Case No.: CV 07-45

Plaintiffs: TERICA BAKER        v. Defendant: TRI-NATIONS EXPRESS, INC., d/b/a T N X, INC., et al.

NOTICE TO:  TRI-NATIONS EXPRESS, INC., d/b/a T N X, INC., c/o Mr. Wayne Phillips, Registered Agent, 1213 West Express 73, Pharr, Texas 78577

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY MILTON C. DAVIS WHOSE ADDRESS IS: 304 North Main Street, P. O. Box 830509, Tuskegee, Alabama 36083.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN  30  DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of pursuant to the Alabama Rules of Civil Procedure.

Date  4|19|07

Clerk/Register

By: S.M.

Plaintiffs/Attorney's Signature

☒ Certified Mail is hereby requested.

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
                                                                                          (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to_____

_____ in _____ County, Alabama on

_____
                (Date)

_____
Date

_____
Address of Server

_____
Server's Signature

_____
Type of Process Server

ALABAMA JUDICIAL DATA CENTER
COURT PAYMENT SYSTEM

COUNTY                                      RECEIPT NUMBER: 046874
DATE OF RECEIPT: 04/19/2007   TIME: 11:37:55
RECEIPT FOR CASE: CV 2007 000045 00      BATCH: 2007158
RECEIVED FROM: TERICA BAKER

TERICA BAKER VS TRI-NATION EXPRESS, INC., D/B/A T N X, INC., ET AL

ACCOUNTS RECEIPTED:
     CVO5                          $333.00
     JDMD                          $100.00
     SERA                           $30.00

RECEIVED BY: SHM        CHECK AMOUNT      $463.00

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

TERICA BAKER,  )
      Plaintiff,  )
       )
vs.  )  CIVIL ACTION NO.: CV 07-45
       )  PLAINTIFF DEMANDS JURY TRIAL
TRI-NATIONS EXPRESS, INC., d/b/a  )
T N X, Inc., a company;  )
EDUVIGES PENA, an individual, and  )
SHAMECA MONECA BAKER, an  )
individual; and No. 1, whether  )
singular or plural, that entity or  )
those entities who or which was or  )
were the owners of the tractor trailer  )
driven by EDUVIGES PENA,  )
on the date of the occurrence made the  )
basis of this lawsuit; No. 2, whether  )
singular or plural, that person,  )
partnership, corporation or entity  )
who entrusted EDUVIGES PENA,  )
with a motor vehicle  )
on the date of the occurrence made the  )
basis of this suit; No. 3, whether singular  )
or plural, that person, partnership,  )
corporation or entity which had any  )
input into or control over the  )
management and/or supervision of  )
EDUVIGES PENA on the date  )
of the occurrence made the basis of this  )
lawsuit; No. 4 , whether singular  )
or plural, that person, partnership,  )
corporation or entity other than  )
those described above, whose  )
negligence and/or wanton  )
conduct and/or other wrongful conduct  )
contributed to cause the occurrence  )
made the basis of this lawsuit; No. 5,  )
whether singular or plural, that  )
person, partnership, corporation or  )
entity which provide any insurance  )
coverage of  whatever kind or  )
character to any of the named or  )
fictitious defendants herein; No. 6,  )
whether singular or plural, that entity  )
or those entities, other than those  )



described above, which is the )
successor in interest of any of the )
entities described above. Plaintiff )
avers that the identities of the fictitious )
party defendants herein are otherwise )
unknown to the plaintiff at this time; )
or if their names are known to the )
plaintiff at this time, their )
identities as proper party defendants )
are not known, and their true names will )
be substituted by amendment when )
ascertained. )
                                         )
          Defendants. )

## COMPLAINT

### THE PARTIES

1. Plaintiff, Terica Baker, is a resident of 244 College Street, Brundidge, Alabama 36010 and is over the age of nineteen (19) years.

2. Defendant, TRI-NATIONS EXPRESS, INC., d/b/a T.N X, Inc., upon information and belief, is a company incorporated in and doing business in McAllen, Texas.

3. Defendant, EDUVIGES PENA, upon information and belief, is a resident of San Juan, Texas and is over the age of nineteen (19) years.

4. Defendant, Shameca Moneca Baker, is a resident of 326 John Street, Brundidge, Alabama 36010 and is over the age of nineteen years.

4. The defendants, Nos. 1,2,3,4,5, and 6, whose correct names and identities are unknown to the plaintiffs at this time but who will be more correctly named when their identities are ascertained and the respective persons and/or entities who or which fit the description below:

No. 1, whether singular or plural, that person, partnership, corporation or entity who or which owned the tractor trailer driven by EDUVIGES PENA on the date of the occurrence made

the basis of this lawsuit; No. 2, whether singular or plural, that person, partnership, corporation

or entity who entrusted EDUVIGES PENA with a motor vehicle on the date of the occurrence

made the basis of this lawsuit; No. 3, whether singular or plural, that person, partnership,

corporation or entity which had any input into or control over the management and/or

supervision of EDUVIGES PENA on the date of the occurrence made the basis of this lawsuit;

No. 4, whether singular or plural, that person, partnership, corporation or entity other than those

described above, whose negligence and/or wanton conduct and/or other wrongful conduct

contributed to cause the occurrence made the basis of this lawsuit; No. 5, whether singular or

plural, that person, partnership, corporation or entity which provide any insurance coverage of

whatever kind or character to any of the named or fictitious defendants herein; No. 6, whether

singular or plural, that entity or those entities, other than those described above, which is the

successor in interest of any of the entities described above.  Plaintiff avers that the identities of

the fictitious party defendants herein are otherwise unknown to the plaintiff at this time; or if

their names are known to the plaintiff at this time, their identities as proper party defendants are

not known, and their true names will be substituted by amendment when ascertained.

## COUNT I

### NEGLIGENCE OR WANTONNESS

5. Plaintiff realleges paragraphs 1 through 4 of the Parties section with all the force and

effect as if it were herein stated.

6. On or about the 22nd day of October, 2006, upon a public road, to-wit: Interstate 85

North between Macon County Road 53 and the Lee County Line, Macon County, Alabama,

Defendant Eduviges Pena, and/or Defendant TRI-NATIONS EXPRESS, INC., and/or one or

more of the fictitious parties named and described in the caption hereof negligently or wantonly

caused or allowed a vehicle to collide with the automobile plaintiff was a passenger.

7. As a proximate consequence of the defendants' negligence or wantonness, plaintiff

Terica Baker was caused to suffer the following injuries and damages:

(a) Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

(b) Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

(c) Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

(d) Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

(e) Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

(f) The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

(g) Plaintiff suffered severe mental anguish and/or emotional distress from the said injuries caused by the defendants;

8. At all time material to this lawsuit, defendant EDUVIGES PENA was acting in

the line and scope of his employment with defendant TRI-NATIONS EXPRESS, INC. and/or

one or more of the fictitious defendants named and described in the caption hereof or was acting

as an agent or employee of defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the

fictitious defendants named and described in the caption hereof and was acting in furtherance of

his employment with defendant TRI-NATIONS EXPRESS, INC..

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands a judgment against the

defendants jointly and severally, for compensatory and punitive damages plus interests and costs

in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as

may be assessed by the jury.

## COUNT II

### NEGLIGENT ENTRUSTMENT

9.  Plaintiff realleges and adopts by reference all the allegations contained in paragraphs 1 through 8 with all the force and effect as if fully set out herein.

10. At all times material to this lawsuit Defendant EDUVIGES PENA was in charge or control of the vehicle entrusted to him by Defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption hereof. Defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption hereof negligently or wantonly entrusted the said vehicle to defendant EDUVIGES PENA prior to the subject automobile collision.

11. As a proximate consequence of defendants' negligence or wantonness, plaintiff Terica Baker was caused to suffer the following injuries and damages:

(a)  Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

(b)  Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

(c)  Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

(d)  Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

(e)  Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

(f)  The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

(g)  Plaintiff suffered severe mental anguish and/or emotional distress from the said

injuries caused by the defendants;

WHEREFORE, PREMISES CONSIDERED, plaintiff demands a judgment against the defendants jointly and severally, for compensatory and punitive damages plus interests and costs in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as may be assessed by the jury.

## COUNT III

## SUBSEQUENT NEGLIGENCE

12. Plaintiff realleges and adopts by reference all the allegations contained in paragraphs 1 through 11 with all the force and effect as if fully set out herein.

13. Defendant EDUVIGES PENA, Defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein after knowing and observing the vehicle occupied by Plaintiff, Terica Baker in a perilous position, negligently or wantonly failed to keep a proper lookout and avoid the collision.

14. As a proximate consequence of defendants' negligence or wantonness, plaintiff, Terica Baker was caused to suffer the following injuries and damages:

(a) Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

(b) Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

(c) Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

(d) Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

(e) Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

(f)    The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

(g)    Plaintiff suffered severe mental anguish and/or emotional distress from the said injuries caused by the defendants;

WHEREFORE, PREMISES CONSIDERED, plaintiff demands a judgment against the defendants jointly and severally, for compensatory and punitive damages plus interests and costs in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as may be assessed by the jury.

## COUNT IV

### NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION

15.    Plaintiff realleges and adopts by reference all the allegations contained in paragraphs 1 through 14 with all the force and effect as if fully set out herein.

16.  Defendants TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein had a duty to use reasonable care in hiring, training and supervision of defendant EDUVIGES PENA.

17.  Defendants TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein failed to use reasonable care or recklessly and/or wantonly hired EDUVIGES PENA and/or failed to adequately train and supervise defendant EDUVIGES PENA.

18.  The negligent and/or wanton actions of defendant EDUVIGES PENA arose out of the line and scope of his duties with defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein, therefore,

defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein are vicariously liable for the actions of defendant EDUVIGES PENA.

19. As a proximate consequence of defendants' negligence or wantonness, plaintiff Terica Baker was caused to suffer the following injuries and damages:

(a)    Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

(b)    Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

(c)    Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

(d)    Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

(e)    Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

(f)    The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

(g)    Plaintiff suffered severe mental anguish and/or emotional distress from the said injuries caused by the defendants;

WHEREFORE, PREMISES CONSIDERED, plaintiff demands a judgment against the defendants jointly and severally, for compensatory and punitive damages plus interests and costs in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as may be assessed by the jury.

## COUNT V

### NEGLIGENCE OR WANTONNESS

20. Plaintiff realleges paragraphs 1 through 19 of the Parties section with all the force and effect as if it were herein stated.

21. On or about the 22nd day of October, 2006, upon a public road, to-wit: Interstate 85 North between Macon County Road 53 and the Lee County Line, Macon County, Alabama, Defendant, Shameca Moneca Baker was operating a 1998 GMC Jimmy in the left hand lane, which was owned by Plaintiff, Terica Baker, in which Plaintiff was a passenger, when the right front tire of said automobile blew out.  After the tire blew out the Defendant, Shameca Moneca Baker, negligently and/or wantonly operated said vehicle by slowing down and stopping in said lane.  That said negligence and wantonness of Defendant, Shameca Moneca Baker combined and concurred with the negligent and wanton conduct of Defendant Eduviges Pena, and/or Defendant TRI-NATIONS EXPRESS, INC., and/or one or more of the fictitious parties named and described in the caption hereof negligently or wantonly caused or allowed a vehicle to collide with the automobile plaintiff was a passenger.

22. As a proximate consequence of the defendants' combined and concurring negligence or wantonness, plaintiff Terica Baker was caused to suffer the following injuries and damages:

(a)    Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

(b)    Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

(c)    Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

(d)    Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

(e)    Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

(f)    The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

(g)    Plaintiff suffered severe mental anguish and/or emotional distress from the said injuries caused by the defendants;

WHEREFORE, PREMISES CONSIDERED, plaintiff demands a judgment against the defendants jointly and severally, for compensatory and punitive damages plus interests and costs in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as may be assessed by the jury.

Respectfully submitted,

MILTON C. DAVIS (DAV 035)
**Attorney for Plaintiff**

304 N. MAIN STREET
P. O. BOX 830509
TUSKEGEE, ALABAMA 36083-0509
Tel. (334) 727-6500
Fax  (334) 727-6556

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

MILTON C. DAVIS (DAV 035)
**Attorney for Plaintiff**

<u>SERVE DEFENDANTS AT:</u>

WAYNE PHILLIPS
Registered Agent
TRI-NATIONS EXPRESS, INC.
d/b/a T N X, INC.
1213 W. Express 73
Pharr, Texas 78577
(210) 787-0071

EDUVIGES PENA
350 E. 15th Street
San Juan, Texas 78589
(756) 782-0156

SHAMECA MONECA BAKER
326 John Street
Brundidge, AL 36010
(334) 333-8834

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

TERICA BAKER,                                )
      Plaintiff,                          )
                           )
vs.                                          )    CIVIL ACTION NO.: CV 07-45
                           )    PLAINTIFF DEMANDS JURY TRIAL
TRI-NATIONS EXPRESS, INC., d/b/a             )
T N X, Inc., a company;                      )
EDUVIGES PENA, an individual, and            )
SHAMECA MONECA BAKER, an                     )
individual; and No. 1, whether              )
singular or plural, that entity or          )
those entities who or which was or          )
were the owners of the tractor trailer      )
driven by EDUVIGES PENA,                    )
on the date of the occurrence made the      )
basis of this lawsuit; No. 2, whether       )
singular or plural, that person,            )
partnership, corporation or entity          )
who entrusted EDUVIGES PENA,                )
with a motor vehicle                        )
on the date of the occurrence made the      )
basis of this suit; No. 3, whether singular )
or plural, that person, partnership,        )
corporation or entity which had any         )
input into or control over the             )
management and/or supervision of            )
EDUVIGES PENA on the date                   )
of the occurrence made the basis of this    )
lawsuit; No. 4 , whether singular           )
or plural, that person, partnership,        )
corporation or entity other than            )
those described above, whose                )
negligence and/or wanton                    )
conduct and/or other wrongful conduct       )
contributed to cause the occurrence         )
made the basis of this lawsuit; No. 5,      )
whether singular or plural, that            )
person, partnership, corporation or         )
entity which provide any insurance          )
coverage of  whatever kind or               )
character to any of the named or            )



1

fictitious defendants herein; No. 6,       )
whether singular or plural, that entity     )
or those entities, other than those         )
described above, which is the               )
successor in interest of any of the         )
entities described above.  Plaintiff        )
avers that the identities of the fictitious )
party defendants herein are otherwise       )
unknown to the plaintiff at this time;      )
or if their names are known to the          )
plaintiff at this time, their               )
identities as proper party defendants       )
are not known, and their true names will    )
be substituted by amendment when            )
ascertained.                                )
                                            )
      Defendants.                      )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT TRI-NATIONS EXPRESS , INC. d/b/a T N X, INC.

COMES NOW, Plaintiff Terica Baker, pursuant to Rule 33 of the Alabama Rules

of Civil Procedure, and serves upon Tri-Nations Express, Inc., Plaintiff's First set of

Interrogatories to Defendant requiring Defendant Tri-Nations Express, Inc., d/b/a T N X,

Inc., to answer the following interrogatories under oath within forty-five (45) days

following service.

### DEFINITIONS

a.      As used herein, the term "document" shall mean every document or

tangible thing which may be produced, inspected, copied, tested or sampled within the

broadest scope of Rules 26 and 34(a), Alabama Rules of Civil Procedure, that is in your

possession, control, custody and knowledge or obtainable through the exercise of

reasonable diligence, which refers to or was prepared before, during, and after the subject

accident made the basis of this lawsuit.  The term "document" includes, but is not limited

to, correspondence, memoranda, memoranda of agreements, assignments, meeting

minutes, stenographic or handwritten notes, agendas, instructional materials, handouts, diaries, notebooks, reports, account books, checks, statements, studies, surveys, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including electronic mail, printouts, floppy or magnetic storage media); tapes, photographs (positive or negative prints), drawings, films, video tapes, pictures, voice recordings, and every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original. Plaintiff expressly intends for the term "document" to include any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated into the document by reference.

      b.    "Person" refers to any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof and any of its employees and representatives.

      c.    "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written or recorded communications and oral communications.

      d.    "Reflect" (or a form thereof) shall mean embody, contain, record, note, refer to, relate to, describe, be relevant to, state or mention.

      e.    "Relating to" (or a form thereof) shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluation, or

relevant to. **(As indicated, the term necessarily includes information which is in opposition to as well as in support of your position(s) in this action.)**

  f.  In responding to the interrogatories below, you shall furnish not only such documents as are available to the particular person(s) responding to the request, but also documents as are in the possession of each of your employees, representatives, agents, subsidiaries, parents, affiliates, or a branch officer including, without limitation, attorneys, investigators, and experts.


  g.  As used herein, the term "you" or "your" or "this defendant" shall mean the defendant, or an agent, employee, representative, subsidiary, parent, affiliate, or a branch officer of the defendant, including, without limitation, any experts whom you expect to be called as witnesses at trial, attorneys, investigators, and persons who have access to the information requested or from whom the defendant can obtain such information.

  h.  "Investigate" (or any form thereof) shall mean to analyze, examine, explore, inquire into, research, study, or request information and shall include any letters, memoranda, notes, reports or other documents or communications prepared during any such investigation and at the conclusion of any matter so investigated.

  i.  "Driver's daily logs" shall mean any report or documents which provide a method for completing or recording a driver's duty status during the course of any trip he or she is on for any period of time.

## GENERAL STATEMENT APPLICABLE TO ALL REQUESTS

Plaintiff requests that defendants not apply any stamp or markings or other document management numbers, symbols or colored inking or striping to the requested documents so as to obscure any information contained on the documents or copies therefrom or so as to interfere with character recognition software and document scanning devices, thus preserving the legibility of all documents and ensuing copies in their entirety.

Plaintiff requests that defendants respond to and supplement these and all future document requests by producing the requested documents segregated according to the request number and identifying the documents produced in a formal written pleading and stating to which numbered request they respond. Plaintiff requests that defendants not produce unidentified documents via letters that state essentially nothing more than "here are some more responsive documents."

Demand is hereby made for supplementation of your answers to these interrogatories as required by the Alabama Rules of Civil Procedure, Rule 26(c).

## INTERROGATORIES

1.

Provide your state of incorporation or organization, the type of entity (corporation, partnership, etc.), principal business address and type of business.

2.

Did you own the commercial truck operated by the driver at the time of the

5

accident which is the subject of this suit (the"Accident")?  If not, state the name and address of the owner and describe your relationship to the owner (i.e., lessee, contract hauler, etc.) and provide a copy of all documents evidencing your right to lease, possess or use the truck tractor.

3.

Are you a common carrier or contract carrier within the meaning of the regulations of the Interstate Commerce Commission?

4.

Identify (by name, position, last known address and telephone number) the driver of the truck involved in the Accident and each person in the truck at that time.  Provide the date of birth, driver's license number(s), social security number of, and other names used by, each such person.

5.

Did you or anyone on your behalf submit a report of the Accident (however designated) to the Department of Transportation, National Transportation Safety Board, North Carolina Public Service Commission or any other governmental agency on account of the accident in question?

6.

State in complete detail how you contend the accident in question occurred.

7.

State the names and addresses of all persons who you contend are responsible in any way for the accident in question.

8.

State the names and addresses of all persons who may have witnessed, in whole or part, the accident giving rise to this lawsuit, or who may have knowledge of facts relevant to any claim or defense in this case.

9.

With respect to all persons expected to be called as expert witnesses at the trial of this action, state the following:

    a.    Name, address and qualifications;

    b.    The substance of such person's expert testimony;

    c.    The grounds of each expert opinion;

    d.    The complete name of any treatise, article, regulation, standard, rule or other writing upon which the expert will rely in support of his testimony;

10.

Do you contend that Terica Baker contributed in any fashion to cause the Accident? If so, state fully how you contend she contributed to cause the accident.

11.

Did the driver of the truck fail in any manner to comply with any company rules

or regulations, or any applicable governmental laws or regulations on the date of the accident in question? If so, state the substance of each rule or regulation violated. 49 C.F.R. ' 392.1 requires knowledge of violations of the Federal Motor Carrier Safety Regulations.

12.

Was Eduviges Pena an agent, servant or employee acting within the line and scope of his employment at all times pertinent to the accident?

13.

Identify all persons who performed, or directed the performance of, repairs or maintenance on the truck tractor or the trailer in the two (2) years prior to the Accident.

    a.    Name;

    b.    Address;

    c.    Job Title; and

    d.    Telephone number.

14.

State whether any drug tests were made (by you or anyone else) of Eduviges Pena in the five (5) years prior to the Accident and in the 72 hours after the Accident. If so, please attach a copy of the results of the same.

8

15.

Please identify each motor vehicle accident that Eduviges Pena has been involved in and each traffic violation for which he has been convicted or paid a fine or attended a school in lieu of a fine during the last five (5) years. State where and when the accident occurred or the violation was committed and give pertinent details.

16.

Describe any insurance agreement which may be available to satisfy all or a part of a judgment that may be rendered against you, or to indemnify or reimburse you, by stating the name of the insurer, the policy number and the amount of liability coverage. Please attach a copy of the policy and declaration page.

17.

Describe in detail the damage to the truck in the Accident and give the cost of repairs.

18.

Name the person responsible for conducting the annual review of Eduviges Pena's driving records? When was the review conducted and where?

19.

Does your driver's manual or rules or regulations or operating procedures require your drivers to give a written or recorded statement or produce a report of any accident in which they were involved?

20.

Did you conduct an audit of Eduviges Pena's daily log or driver's log? If so, please attach a copy of the audit.

21.

State the normal basis for Eduviges Pena's pay and any deviation therefrom with respect to the trip in which he was engaged when the accident occurred.

22.

Detail each complaint that Eduviges Pena, or any other individual, made during the six (6) month period prior to the Accident about defects in or needed repairs to the truck tractor or trailer involved in the Accident, including the dates of the complaint and the substance thereof.

23.

Identify (with name, title, last known address and telephone number) all employees of this defendant who were responsible for safety policies and operations, investigation of accidents and maintenance and repairs of the truck tractor and trailer at issue.

24.

As to the defendant driver, produce the following documents and items:

(a)    Complete personnel file;

(b)     Complete record of all driving test;

(c)     Complete record of all written test;

(d)     Complete record of any disciplinary action;

(e)     Complete driver's Qualification File; and

(f)     Complete driving records.

25.

Did the truck in questions have two separate braking systems?  Describe in detail each system.

26.

Please identify all brake and tire inspections performed on the truck in question? List each and every date for two (2) years prior to October 22, 2006 such inspections were performed and provide a copy of each and every document, request, authorization or report for such inspection.

27.

Was an investigation performed regarding the subject collision on behalf of Tri-Nations Express, Inc.?  If so, please identify the person(s) who performed such investigation, provide a copy of all investigative reports, recorded statements, photographs of the scene and vehicles and any other items obtained through the use of an investigator.

11

28.

Did the truck contain speed governors or regulators? If so, please provide any technical material and operator's manuals for such devices.

29.

Was the emergency braking system on the vehicle modified or disengaged at the time of the accident? If so, identify all persons(s) authorizing and performing the modification or disengaging the braking system.

30.

Please list the style and case number of pending or previously adjudicated criminal or civil cases that you have been involved in within the last ten years.

31.

Please describe or produce for inspection each document in your custody or control of which you have knowledge which you continue and support your defenses.

32.

If Defendant Tri-Nations Express, Inc. is improperly identified, state Defendant Tri-Nations Express, Inc's correct identification and state whether Defendant Tri-Nations Express, Inc. will acknowledge service of an Amended Summons Complaint reflecting the information furnished in this interrogatory response.

33.

Please provide the names of any parties whom the Defendant, Kenneth Schuck

Trucking, Inc. contends are necessary parties to this action, but who have not been named by Plaintiff. If Defendant, Tri-Nations Express, Inc., contends that there is a question of misjoinder of parties provide the reasons for Defendant's contention.

34.

State in detail what substances if any, were consumed by Eduviges Pena during the twenty four period immediately preceding the accident.

35.

Please give the name(s) and address(es) of all persons who were a passenger in the vehicle that was driven by Eduviges Pena on October 22, 2006.

36.

For each of the simultaneously served Request for Admissions to Defendant Tri-Nations Express, Inc. that were not admitted, state each and every reason for your failure to admit. If your failure to admit is the result of a misstatement of fact, or date, or amount, provide the fact, date, or amount which you contend is correct, and state whether you admit whether the statement is corrected.

This _18th_ day of _April_, 2007.

SERVED WITH SUMMONS AND COMPLAINT

Respectfully submitted,

MILTON C. DAVIS (DAV 035)
Attorney for Plaintiff

13

304 N. MAIN STREET
P. O. BOX 830509
TUSKEGEE, ALABAMA 36083-0509
Tel. (334) 727-6500
Fax  (334) 727-6556


SERVE DEFENDANTS AT:

WAYNE PHILLIPS
Registered Agent
TRI-NATIONS EXPRESS, INC.
d/b/a T N X, INC.
1213 West Express 73
Pharr, Texas 78577
(210) 787-0071

EDUVIGES PENA
350 E. 15th Street
San Juan, Texas 78589
(756) 782-0156

SHAMECA MONECA BAKER
326 John Street
Brundidge, AL 36010
(334) 333-8834

14

Apr 30 07 04:00p          TNX                    9567879942                      p.2

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

TERICA BAKER,                              )
          Plaintiff,                       )
                                           )
                                           )     CIVIL ACTION NO.: CV 07-45
vs.                                        )     PLAINTIFF DEMANDS JURY TRIAL
                                           )
TRI-NATIONS EXPRESS, INC., d/b/a           )
T N X, Inc., a company;                    )
EDUVIGES PENA, an individual, and          )
SHAMECA MONECA BAKER, an                   )
individual; and No. 1, whether             )
singular or plural, that entity or         )
those entities who or which was or         )
were the owners of the tractor trailer     )
driven by EDUVIGES PENA,                   )
on the date of the occurrence made the     )
basis of this lawsuit; No. 2, whether      )
singular or plural, that person,           )
partnership, corporation or entity         )
who entrusted EDUVIGES PENA,               )
with a motor vehicle                       )
on the date of the occurrence made the     )
basis of this suit; No. 3, whether singular )
or plural, that person, partnership,       )
corporation or entity which had any        )
input into or control over the             )
management and/or supervision of           )
EDUVIGES PENA on the date                  )
of the occurrence made the basis of this   )
lawsuit; No. 4 , whether singular          )
or plural, that person, partnership,       )
corporation or entity other than           )
those described above, whose               )
negligence and/or wanton                   )
conduct and/or other wrongful conduct      )
contributed to cause the occurrence        )
made the basis of this lawsuit; No. 5,     )
whether singular or plural, that           )
person, partnership, corporation or        )
entity which provide any insurance         )
coverage of whatever kind or               )
character to any of the named or           )
fictitious defendants herein; No. 6,       )
whether singular or plural, that entity    )

1

or those entities, other than those            )
described above, which is the                   )
successor in interest of any of the             )
entities described above.  Plaintiff            )
avers that the identities of the fictitious     )
party defendants herein are otherwise           )
unknown to the plaintiff at this time;          )
or if their names are known to the              )
plaintiff at this time, their                   )
identities as proper party defendants           )
are not known, and their true names will        )
be substituted by amendment when                )
ascertained.                                    )
                                                )
          Defendants.                           )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EDUVIGES PENA

COMES NOW the plaintiff, by and through the undersigned counsel and pursuant to Rules 33 and 34 of the Alabama Rules of Civil Procedure, and requests that defendants answer the following interrogatories separately and severally within the time period and manner prescribed by law, forty-five (45) days following service.

## DEFINITIONS

a.       As used herein, the term "document" shall mean every document or tangible thing which may be produced, inspected, copied, tested or sampled within the broadest scope of Rule 34(a), Alabama Rules Civil Procedure, that is in your possession, control, custody and knowledge or obtainable through the exercise of reasonable diligence, which refers to or was prepared before, during, and after the accident made the basis of this lawsuit  The term Adocument@ includes, but is not limited to, correspondence, memoranda, memoranda of

2

agreements, assignments, meeting minutes, stenographic or handwritten notes, agendas, instructional materials, handouts, diaries, notebooks, reports, account books, checks, statements, studies, surveys, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including electronic mail, printouts, floppy or magnetic storage media); tapes, photographs (positive or negative prints), drawings, films, video tapes, pictures, voice recordings, and every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original. Plaintiff expressly intends for the term "document" to include any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated into the document by reference.

b.    "Person" refers to any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof and any of its employees and representatives.

c.    "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written or recorded communications and oral communications.

d.    "Reflect" (or a form thereof) shall mean embody, contain, record, note, refer to, relate to, describe, be relevant to, state or mention.

e.    "Relating to" (or a form thereof) shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluation, or relevant to.    (As indicated, the term necessarily includes information which is in opposition to as well as in

3

support of your position(s) in this action.)

f.    In responding to the interrogatories below, you shall furnish not only such documents as are available to the particular person(s) responding to the request, but also documents as are in the possession of each of your employees, representatives, agents, subsidiaries, parents, affiliates, or a branch officer including, without limitation, attorneys, investigators, and experts.

g.    As used herein, the term "you" or "your" or "the defendant" shall mean the defendant, or an agent, employee, representative, subsidiary, parent, affiliate, or a branch officer of the defendant, including, without limitation, any experts whom you expect to be called as witnesses at trial, attorneys, investigators, and persons who have access to the information requested or from whom the defendant can obtain such information.

h.    "Investigate" (or any form thereof) shall mean to analyze, examine, explore, inquire into, research, study, or request information and shall include any letters, memoranda, notes, reports or other documents or communications prepared during any such investigation and at the conclusion of any matter so investigated.

i.    Driver's daily logs shall mean any report or documents which provide a method for completing or recording a driver's duty status during the course of any trip he or she is on for any period of time.

j.    "Subject accident" refers to the occurrence on or about the 8th day of August, 1999, made the basis of Plaintiff's complaint in this civil action.

k.    "Subject vehicle" refers to the motor vehicle driven by Defendant EDUVIGES PENA which was involved in the subject accident,

l.    "Subject vehicles" refers to the motor vehicles driven by Defendant EDUVIGES

4

PENA and occupied by Terica Baker which were involved in the subject accident.

Demand is hereby made for supplementation of your answers to these interrogatories as required by the Alabama Rule of Civil Procedure 26(e).

1.    Please identify fully each and every person who contributes to answering these interrogatories, giving each contributor's name, age, residence, business name and address, telephone number, occupation, and business title.

2.    Please state your full name, address, date of birth, social security number, other names you have gone by during your lifetime, and the name, business address, and business telephone number of your present employer.

3.    Please describe in detail your educational background, beginning with high school.

4.    Please describe in detail your work history from 1989 through your present job, stating for each employer the name and address of each, the inclusive dates of your employment, your job title, the duties you performed, and your beginning and ending rates of pay.

5.    State in complete detail how this defendant contends the accident in question occurred.

6.    Please state whether or not you were the registered owner of a motor vehicle that was involved in the accident at the time and place set forth in the plaintiff's complaint. If you were not the registered owner, please identify the person or business entity that was the registered owner of the subject vehicle involved in the subject incident at the time and place set forth in the complaint made the basis of this lawsuit.

7.    Please state the name and address of any potential party to this lawsuit not already made a party hereto.

8.    Please describe in detail what damage was done to the subject vehicle operated by EDUVIGES PENA as a result of the subject collision, and state the total cost incurred to repair the subject vehicle.

9.    At any time after the subject accident occurred did you have any conversation or communication with the plaintiff in any manner in regard to the happening of the subject incident? If so, please state in detail all statements made either by you or the plaintiff during each such conversation or communication and the dates on which such conversation or communication took place.

10.    Please state the name(s), address(es), and telephone number(s) of each person having knowledge of facts relevant to the subject collision, damages claimed by plaintiff, or anything else pertaining to the matters set forth in plaintiff's complaint or any defense thereto, and for each such person, state in detail the relevant facts of which such person has knowledge.

11.    Do you contend that the injuries and/or damages suffered by Terica Baker from the subject incident were proximately caused by any equipment or component defect or failure in the vehicle Defendant EDUVIGES PENA was operating? If so, please state the nature of such defect or failure, all facts on which you rely to support such contention, and the names, addresses, and telephone numbers of each person having knowledge of any such facts.

12.    Please describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment that may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name, address and telephone number of the insurer and the amount of any liability insurance

coverage.

13.   If you have alleged in your Answer that someone else's conduct or some other condition or event was the "sole proximate cause" of the incident in question, please describe in detail the identity of such other person, event or condition.

14.   Please state in detail what intoxicating beverages, if any, you had consumed and what drugs or medications, if any, you had taken during the 24-hour period immediately preceding the incident.

15.   Please state whether you had a valid operator's license at the time of the subject incident. If so, please state the date of issuance of said license, the expiration date, the state issuing said license and any and all restrictions on said license.

16.   Please state when and how you first became aware of the presence of the vehicle occupied by Terica Baker (i.e., whether you saw it, heard it, etc.).

17.   State the speed at which you operated the truck immediately prior to the accident in question.

18.   Please describe specifically the road conditions at the time and place of the subject accident.

19.   Please state whether or not there were any passengers riding with you at the time of the subject collision. If so, please state the name, residence and business addresses and telephone numbers and the ages of all such passengers who were riding with you.

20.   Please describe the weather conditions at the time and place of the subject incident; indicate whether there existed any obstruction to your vision; and, if so, state the nature of such obstruction and indicate the distance along the roadway on to the right side and left side of your vehicle that you could see without obstruction.

21.   Please describe in your own words how the subject incident occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause, including a statement in detail of the facts or information upon which this contention is based as well as the name, address and telephone numbers of each person having knowledge of such facts.

22.   State the names and addresses of all persons who this defendant contends is responsible in any way for the accident in question.

23.   At the time of the incident were you wearing prescription glasses or contact lenses?  If not, please indicate whether glasses or contact lenses have ever been prescribed or recommended to you; and, if so, the date on which such glasses or contact lenses were prescribed or recommended, the name and address of each physician or other person so prescribing or recommending, and the date of your last eye examination and the name, address and telephone number of the physician or other person who performed said examination.

24.   With respect to your experience as a truck driver, give the following information:

    A.     The number of hours of driving experience you had prior to the accident in question in the particular tractor you were operating at the time;

    B.     The number of hours of experience you had prior to the accident in question in operating the configuration of trailers you were pulling prior to the accident in question.

25.   Please state where you had been just before the incident, where you were going at the time of the incident, and the purpose of the trip.

26.    Please give the name, address and telephone number for each physician, psychologist, chiropractor, dentist, nurse practitioner, optometrist, podiatrist, pharmacist and other health care providers, hospitals and health clinics who have provided any type of health care services or products for you for the past ten (10) years.

27.    State how many hours of sleep you got the day of or prior to the accident.

28.    State whether there is a sleep requirement while operating such a vehicle. If so, state the requirement.

29.    Have you, as a driver, been involved in a motor vehicle accident or received a traffic citation in the last seven (7) years?

30.    As to each motor vehicle accident you have been involved in and each traffic violation for which you either paid a fine or attended a school in lieu of a fine for the last seven (7) years, please give the following information:

A.    Where it occurred (State, City, County, Court).

B.    When it occurred (Month, Day, Year).

C.    All injuries claimed and when and where any claims or suits were filed.

D.    Final disposition or current status of each traffic violation and accident.

31.    Do you keep copies of your driving logs?

A. If so, for how long?

B. Where are they located?

C. What if anything did you do with your driver's copy of your daily log

9

C. What if anything did you do with your driver's copy of your daily log which reflect the period in which the accident in question occurred?

32.  Did you complete a driver vehicle inspection report after the accident in question? If so, please attach a copy?

33.  Did you complete any insurance report regarding the accident in question?

34.  State the time and your location when you started the trip during which the accident in question occurred and include the time and location of each stop thereafter and the purpose of the stop until you completed your run or trip.

35.  State how long you have been operating a tractor-trailer or other comparable vehicle, and list former employers.

36.  State whether or not the defendant's tractor and/or trailer were equipped with an on board recording device or a global recording device, which records truck data from the trip on which the vehicle was engaged at time of the accident.

37.  Please describe any criminal record you may have, including the nature of the charge, date, and place of arrest, and conviction, if any.

38.  For each person that you anticipate calling to testify as an expert witness in this civil action, please state that person's name, address and telephone number (both business and residence); the subject matter on which such person is expected to testify; the substance of the facts and opinions to which such person is expected to testify; a summary of the grounds for each opinion; a summary of such person's qualifications; and attach a copy of such person's current resume or curriculum vita.

10

39.  Please produce your copy of the following documents:

a.  Rules and regulations of the company.

b.  Employee driver's manual you received during your employment.

c.  A copy of your current commercial driver's license.

d.  A copy of your driver's log, from six months prior to the date of the accident, up to the date of the accident and one week after the accident.

Respectfully submitted,

MILTON C. DAVIS (DAV 035)
Attorney for Plaintiff

SERVED WITH SUMMONS AND COMPLAINT

304 N. MAIN STREET
P. O. BOX 830509
TUSKEGEE, ALABAMA 36083-0509
Tel. (334) 727-6500
Fax (334) 727-6556

**SERVE DEFENDANTS AT:**

WAYNE PHILLIPS
Registered Agent
TRI-NATIONS EXPRESS, INC.
d/b/a T N X, INC.
1213 West Express 73
Pharr, Texas 78577
(210) 787-0071

EDUVIGES PENA
350 E. 15th Street
San Juan, Texas 78589
(756) 782-0156

SHAMECA MONECA BAKER
326 John Street
Brundidge, AL 36010
(334) 333-8834

11

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | | |
|---|---|---|
| TERICIA BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.:2007-45 |
| | ) | |
| | ) | |
| TRI-NATIONS EXPRESS, INC., | ) | |
| EDUVIGES PENA, SHAMECA | ) | |
| MONECA BAKER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SHAMECA MONECA BAKER, | ) | |
| individually, and as parent, guardian | ) | |
| and next friend of ███████████ | ) | |
| ████████████ and ██████████ | ) | |
| █████████████, minors, | ) | |
| | ) | CIVIL ACTION NO.:2007-45 |
| | ) | |
| Defendant/Cross Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| TRI-NATIONS EXPRESS, INC., | ) | |
| EDUVIGES PENA, et al. | ) | |
| | ) | |
| Cross Defendants. | ) | |

### ANSWER, CROSSCLAIMS AND COMPLAINT OF DEFENDANT SHAMECA MONECA BAKER, INDIVIDUALLY, AND AS PARENT, GUARDIAN AND NEXT FRIEND OF ██████████████████ AND ████████████████, MINORS

COMES NOW Defendant, Shameca Moneca Baker ("S. Baker"), by and through the

undersigned counsel, and files her Answer, Cross Claims and Complaint, individually, and as

parent, guardian and next friend of ████████████ and ██████████, minors, in

response to the Complaint filed by Plaintiff, Tericia Baker and states the following:

1

<u>ANSWER</u>

Defendant S. Baker denies each and every material allegation contained in Plaintiff Tericia Baker's Complaint and demands strict proof thereof.  Furthermore, S. Baker files this Cross Claim against Defendants Tri-Nations Express and Eduviges Pena (hereinafter collectively referred to as "Cross Defendants") and denies each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

<u>First Defense</u>

1.     S. Baker admits the material allegations set forth in Paragraph 1 of the Plaintiff's Complaint.

2.     S. Baker admits the material allegations set forth in Paragraph 2 of the Plaintiff's Complaint.

3.     S. Baker admits the material allegations set forth in Paragraph 3 of the Plaintiff's Complaint.

4.     S. Baker admits the material allegations set forth in Paragraph 4 of the Plaintiff's Complaint.

5.     S. Baker denies each and every material allegation imputing negligence/wantonness to S. Baker set forth in Paragraph 5 of the Plaintiff's Complaint and demands strict proof thereof.

6.     S. Baker denies each and every material allegation set forth in Paragraph 6 of the Plaintiff's Complaint and demands strict proof thereof.

7.     S. Baker admits the material allegations set forth in Paragraph 7 of the Plaintiff's Complaint.

  
8.     Paragraph 8 of the Plaintiff's Complaint does not require a response, but to the extent one is deemed required, S. Baker denies each and every material allegation set forth therein and demands strict proof thereof.

## Second Defense

S. Baker avers that the Plaintiff's Complaint fails to state a cause of action against her.

## Third Defense

S. Baker denies each and every material allegation in the Plaintiff's Complaint to the extent not admitted above, and demands strict proof of each claim or allegation not expressly admitted.

## Fourth Defense

S. Baker pleads the general issue.

## Fifth Defense

S. Baker states that she is not indebted or liable to Plaintiff in any manner or amount whatsoever.

## Sixth Defense

S. Baker avers the equitable defenses of estoppel, laches, waiver, unclean hands, and failure to do equity.

## Seventh Defense

S. Baker avers the affirmative defenses of mitigation of damages, ratification and payment.

## Eighth Defense

S. Baker expressly reserves the right to amend this Answer should any further defenses become available.

## CROSS CLAIMS/COMPLAINT

## STATEMENT OF THE PARTIES

1.  Defendant/Cross Plaintiff, Shameka Moneca Baker ("S. Baker") is over the age of majority and is a resident citizen of Pike County, Alabama.

2.  Defendant/Cross Plaintiff S. Baker is the mother, guardian and next friend of Plaintiff, ████████████ ██████████"), a minor. ███████resides with her mother in Pike County, Alabama.

3.  Defendant/Cross Plaintiff S. Baker is the mother, guardian and next friend of Plaintiff, ████████ (██████████"), a minor. ███████ resides with his mother in Pike County, Alabama.

4.  S. Baker, ████████ and ████████shall be collectively referred to as "Cross Plaintiffs."

5.  Defendant, Eduviges Pena ("Pena"), is over the age of majority and is a resident of San Juan, Texas. At all relevant times to this lawsuit Defendant Pena was acting as an agent, servant, and/or employee of Defendant Tri-Nations Express, Inc. (hereinafter referred to as "Tri-Nations").

6.  Defendant Tri-Nations is a foreign corporation, incorporated under the laws of the state of Texas.

7.  Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to the cause of the injuries and damages to the Plaintiffs, all of whose true

4

and correct names are unknown to the Plaintiffs at this time, but will be substituted by amendment when ascertained.

8. Fictitious Defendants "D," "E," and "F," whether singular or plural being those persons, corporations, firms, or other entities, which is the successor in interest of any of the persons, corporations, firms, or other entities described above.

9. Defendants Pena, Tri-Nations and Fictitious Defendants "A-F" shall be collectively referred to as "Cross Defendants."

## FACTS

10. On or about October 22, 2006, Tericia Baker, S. Baker, ███████ and ███████ were traveling on Interstate 85 North, in or around Macon County Road 53 in Macon County, Alabama.

11. At said time and place, S. Baker was operating a 1998 GMC Jimmy sports utility vehicle, which was owned by Tericia Baker, in a proper manner along said roadway.

12. Cross Defendant Pena, individually and while acting as an agent, servant, and/or employee of Defendant Tri-Nations, and while in the line and scope of his duties, did negligently and/or wantonly operate the vehicle he was driving allowing said vehicle to collide into the rear of the vehicle driven and/or occupied by Tericia Baker and Cross Plaintiffs S. Baker, ███████ and ███████

13. As a result of said accident, Cross Plaintiffs S. Baker, ███████ and ███████ suffered severe injuries as set forth in this complaint.

## COUNT I
### Negligence/Wantonness

14. Cross Plaintiffs re-alleges and incorporates the allegations in the preceding paragraphs as

if fully set forth herein.

15.   Cross Defendant Pena had a duty to:

   a.      exercise reasonable care in the operation of the motor vehicle he was operating;

   b.      exercise reasonable care and to avoid colliding with the Cross Plaintiff; and

   c.      be attentive and not operate his vehicle recklessly;

16.   While acting within the line and scope of his employment with Defendant Tri-Nations, Cross Defendant Pena negligently and/or wantonly breached his duty to use such reasonable care as required by the law.

17.   Cross Defendant Pena's negligent and/or wanton failures were the cause-in-fact and proximate cause of the accident and the severe injuries suffered by Cross Plaintiffs.

18.   As a proximate consequence of the Cross Defendants' negligence and/or wantonness, Cross Plaintiffs were caused to suffer the following damages:

19.   As a proximate consequence of the Cross Defendants' negligence and/or wantonness, ■ ██████ was caused to suffer the following damages:

   a)      A broken femur, multiple contusions and lacerations;

   b)      Permanent physical injury;

   c)      Medical bills and other financial losses;

   d)      Past, present, and future pain and suffering;

   e)      Past, present, and future mental anguish and emotional distress; and

   f)      All damages permitted under Alabama law.

20.   As a proximate consequence of the Cross Defendants' negligence and/or wantonness, ■ ██████ was caused to suffer the following damages:

   a)      Multiple skull fractures, brain hemorrhaging, a closed head injury, multiple

6

contusions and lacerations;

b)   Permanent neurological impairment;

c)   Permanent physical injury;

d)   Medical bills and other financial losses;

e)   Past, present, and future pain and suffering;

f)   Past, present, and future mental anguish and emotional distress; and

g)   All damages permitted under Alabama law.

21.   As a proximate consequence of the Cross Defendants' negligence and/or wantonness, S. Baker was caused to suffer the following damages:

a)   injuries to her right wrist, right arm, right hand, neck, back and legs;

b)   Medical bills and other financial losses;

c)   Past, present, and future pain and suffering;

d)   Lost Wages;

e)   Past, present, and future mental anguish and emotional distress; and

f)   All damages permitted under Alabama law.

WHEREFORE, as a direct and proximate result of such negligence, grossly negligent, wanton, reckless, malicious and/or intentional conduct, Cross Plaintiffs assert a claim for judgment for all compensatory damages and punitive damages against the Cross Defendants, jointly and severally, and all fictitious party Cross Defendants in an amount to be determined by the jury, plus costs and other relief to which plaintiff is entitled by law.

## COUNT II
### Negligent Hiring, Training and Supervision

22.    Cross Plaintiffs re-alleges and adopt by reference each of the foregoing paragraphs, as if fully set forth herein.

23.    Cross Defendant Tri-Nations had a duty to use reasonable care in hiring, training and supervising Cross Defendant Pena.

24.    Cross Defendant Tri-Nations acted negligently and/or wantonly and with reckless disregard for the safety of the Cross Plaintiffs in the hiring, training, and supervision of Cross Defendant Pena.

25.    Cross Defendants' negligent failure to use reasonable care was the cause-in-fact and proximate cause of the accident and the severe injuries suffered by Cross Plaintiffs as set forth above.

26.    As a proximate consequence of Cross Defendants negligence, Cross Plaintiffs suffered severe injuries and were damaged as set forth above.

WHEREFORE, as a direct and proximate result of such negligence, grossly negligent, wanton, reckless, malicious and/or intentional conduct, Cross Plaintiffs assert a claim for judgment for all compensatory damages and punitive damages against the Cross Defendants, jointly and severally, and all fictitious party Cross Defendants in an amount to be determined by the jury, plus costs and other relief to which plaintiff is entitled by law.

## COUNT III
### Negligent Entrustment

27.    Cross Plaintiffs re-allege and adopt by reference each of the foregoing paragraphs, as if fully set forth herein.

28.    Cross Defendant Tri-Nations had a duty to use reasonable care in the entrustment of the vehicle to Cross Defendant Pena.

29.    Cross Defendants acted negligently and/or wantonly and with reckless disregard for the

safety of the Cross Plaintiffs in the entrustment of the vehicle to Cross Defendant Pena.

30.     Cross Defendants' wanton and reckless misconduct was the cause-in-fact and proximate

cause of the accident and the severe injuries suffered by Cross Plaintiff as set forth above.

WHEREFORE, as a direct and proximate result of such negligence, grossly negligent,

wanton, reckless, malicious and/or intentional conduct, Cross Plaintiffs assert a claim for

judgment for all compensatory damages and punitive damages against the Cross Defendants,

jointly and severally, and all fictitious party Cross Defendants in an amount to be determined by

the jury, plus costs and other relief to which plaintiff is entitled by law.


Respectfully Submitted,

/s/ Charles James, II
Tyrone C. Means (MEA001)
C. Wade Robinson (ROB004)
Charles James, II (JAM028)


OF COUNSEL:
THOMAS, MEANS,GILLIS & SEAY, P.C.
POST OFFICE DRAWER 5058
3121 ZELDA COURT
MONTGOMERY, ALABAMA 36103-5058
(334)270-1033 Fax: (334)260-9396


### CROSS PLAINTIFFS DEMANDS A TRIAL BY JURY


/s/ Charles James, II
OF COUNSEL