IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TERICA BAKER, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | |
| | * | Civil Action No.: |
| TRI-NATIONS EXPRESS, | * | 3:07-CV-453 |
| INC. d/b/a TNX, INC.; | * | |
| EDUVIGES PENA; et al., | * | |
| | * | |
| Defendants. | * | |

| | |
|---|---|
| SHAMECA MONECA BAKER | * |
| individually, and as parent, guardian | * |
| and next friend of ▮▮▮▮ | * |
| ▮▮▮▮ and ▮▮▮▮ | * |
| ▮▮▮▮ minors | * |
| | * |
| Defendant/Cross Plaintiffs, | * |
| | * |
| vs. | * |
| | * |
| TRI-NATIONS EXPRESS, INC., | * |
| EDUVIGES PENA, et. al. | * |
| | * |
| Cross Defendants. | * |

**DEFENDANTS TRI-NATIONS EXPRESS, INC. d/b/a TNX, INC. and
EDUVIGES PENA'S ANSWER TO DEFENDANT SHAMECA MONECA
BAKER'S CROSS CLAIM IN HER INDIVIDUALLY NAMED**

-1-

## DEFENDANT CAPACITY

COME NOW, the Defendants described as **TRI-NATIONS EXPRESS, INC. d/b/a TNX, INC. ("TNX") and EDUVIGES PENA ("PENA")**, in the above-styled cause, and in answer to the cross claim of Shameca Moneca Baker, individually, set forth as follows:

### CROSS CLAIM

### STATEMENT OF THE PARTIES

1. The material allegations contained in this Paragraph are admitted.

2. The material allegations contained in this Paragraph are admitted.

3. The material allegations contained in this Paragraph are admitted.

4. The material allegations contained in this Paragraph are admitted.

5. The material allegations contained in the first sentence of this Paragraph are admitted. Defendants are without sufficient information to admit or deny the material allegations contained in the second sentence of this Paragraph.

6. The material allegations contained in this Paragraph are admitted.

7. The material allegations contained in this Paragraph are admitted.

8. The material allegations contained in this Paragraph are admitted.

9. The material allegations contained in this Paragraph are admitted.

## FACTS

10. The material allegations contained in this Paragraph are admitted.

11. Defendants admit that Shameca Moneca Baker was operating a 1998 GMC Jimmy sports utility vehicle. Defendants deny that Shameca Moneca Baker was operating the vehicle in a proper manner.

12. The material allegations contained in this Paragraph are denied.

13. The material allegations contained in this Paragraph are denied.

## COUNT I

## NEGLIGENCE/WANTONNESS

14. This Paragraph does not require a response by these Defendants, but to the extent that it does require a response the material allegations contained therein are denied.

15. Defendants deny that Defendant Pena had a duty to avoid colliding with the vehicle operated by the Cross Plaintiff.

16. The material allegations contained in this Paragraph are denied.

17. The material allegations contained in this Paragraph are denied.

18. The material allegations contained in this Paragraph are denied.

19. The material allegations contained in this Paragraph are denied.

20. The material allegations contained in this Paragraph are denied.

21. The material allegations contained in this Paragraph are denied.

## COUNT II

### NEGLIGENT HIRING, TRAINING AND SUPERVISION

22. This Paragraph does not require a response by these Defendants, but to the extent that it does require a response the material allegations contained therein are denied.

23. The material allegations contained in this Paragraph are admitted.

24. The material allegations contained in this Paragraph are denied.

25. The material allegations contained in this Paragraph are denied.

26. The material allegations contained in this Paragraph are denied.

## COUNT III

### NEGLIGENT ENTRUSTMENT

27. This Paragraph does not require a response by these Defendants, but to the extent that it does require a response the material allegations contained therein are denied.

28. The material allegations contained in this Paragraph are admitted.

29. The material allegations contained in this Paragraph are denied.

30. The material allegations contained in this Paragraph are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendants preserve all defenses pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, including, but not limited to: (a) lack of jurisdiction over the subject matter; (b) lack of jurisdiction over the person; (c) improper venue; (d) insufficiency of process; (e) insufficiency of service of process; and (f) failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants deny that they were guilty of negligence and/or wantonness on the occasion complained of and deny that any negligence and/or wantonness on their parts proximately caused said accident and/or the injuries claimed by the Cross Plaintiff.

### THIRD DEFENSE

Defendants plead (a) the general issue; (b) not guilty; (c) assumption of the risk; and (d) intervening cause.

## FOURTH DEFENSE

Defendants plead (a) sudden emergency and (b) unavoidable accident.

## FIFTH DEFENSE

Defendants deny that Cross Plaintiffs were injured to the nature and extent claimed and contest damages.

## SIXTH DEFENSE

Defendants plead the affirmative defense of contributory negligence and aver that the negligence of Cross Plaintiff Shameca Moneca Baker caused or contributed to the alleged damages of Cross Plaintiff. Defendants further plead that Cross Plaintiff Shameca Moneca Baker failed to exercise for her own protection, the proper care and precautions which a prudent person under the same and/or similar circumstances would have exercised.

## SEVENTH DEFENSE

The actions of Cross Plaintiff Shameca Moneca Baker while driving the vehicle in which Cross Plaintiff was riding in this matter constitute contributory negligence per se and are in violation of a number of the Alabama Rules of the Road.

## EIGHTH DEFENSE

Defendants plead the affirmative defense of contributory negligence.

## NINTH DEFENSE

Defendants aver that Cross Plaintiff Shameca Moneca Baker failed to keep a proper lookout.

## TENTH DEFENSE

Defendants deny each and every material averment not previously admitted herein above and demand strict proof thereof.

## ELEVENTH DEFENSE

Defendants plead the applicable statutes of limitation, to the extent that any such statutes may apply.

## TWELFTH DEFENSE

Defendants are not guilty of any conduct that would warrant the imposition of punitive damages against them.

## THIRTEENTH DEFENSE

The Cross Plaintiff's claim for punitive damages are subject to the limitations contained in Alabama Code §6-11-20 (1975).

## FOURTEENTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by the application of Alabama Code §6-11-21 (1999 Repl.).

## **CONSTITUTIONAL DEFENSES**

The award of punitive damages to Plaintiff violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

    a.    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    c.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against these defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    d.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages,

which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

  e. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

  f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

  g. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

Plaintiff's attempt to impose punitive or extra contractual damages on the defendants, on the basis of vicarious liability violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

The award of punitive damages to the Plaintiff in this cause constitutes a deprivation of property without due process of law required under the Fifth and

Fourteenth Amendments of the United States Constitution.

The award of punitive damages to plaintiffs violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

    a.    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon the defendants upon the plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against defendant;

    c.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    d.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

    e.    The award of punitive damages in this case constitutes a deprivation of property without due process of law.

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

The award of punitive damages to the Plaintiff in this action violates the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

The imposition of punitive damages in this case would violate the Takings Clause of the Fifth Amendment to the United States Constitution.

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in Alabama are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

The imposition of punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because the Alabama standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States constitution because Alabama post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose

punishment.

The imposition of punitive damages in this case based upon evidence of the defendants' wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

The imposition of punitive damages in this case based on the out-of-state and financial status of the defendants would violate Commerce Clause, the equal protection guarantee, and the Privileges and Immunities Clause of the United States Constitution.

The imposition of punitive damages in this case in the absence of a showing of a malicious intent to cause harm to the plaintiffs would violate the Due Process Clause of the Fifth Amendment of the United States Constitution.

The imposition of punitive damages against the defendants in this case pursuant to Alabama law to punish the defendants for conduct that occurred outside of Alabama would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

**THESE DEFENDANTS DEMAND A TRIAL BY STRUCK JURY AS TO ALL ISSUES IN THIS CAUSE.**

Respectfully Submitted,

_____
K. Donald Simms (ASB-9801-M63K)
*Counsel for Defendants TNX and Pena*

OF COUNSEL:
MILLER, HAMILTON, SNIDER & ODOM, L.L.C.
500 Financial Center
505 North 20th Street
Birmingham, AL 35203
Ph: 205.226.5200
Fx: 205.226.5226
Em: KeriSimms@mhsolaw.com

_____
Stanley Gray (ASB-4274-U79W)
*Counsel for Defendants TNX and Pena*

OF COUNSEL:
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
Ph: 334.727.4830
Fx: 334.727.5877
Em: sgray@glsmgn.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid and properly addressed on this 21st day of May, 2007 to:

    Mr. Milton Davis
    P.O. Box 830509
    Tuskegee, AL 36083-0509
        *Counsel for Terica Baker*

    Mr. Charles James
    Mr. Tyrone C. Means
    THOMAS, MEANS, GILLIS & SEAY, P.C.
    P.O. Drawer 5058
    Montgomery, AL 36103-5058
        *Counsel for Shameca Moneca Baker,* ███████ *and* ███████

_____
OF COUNSEL