## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

TERICA BAKER,                          *
                                       *
    Plaintiff                      *
                                       *
    v.                             *
                                       *     Civil Action No.: 3:07-CV-453
TRI-NATIONS EXPRESS,                   *
INC. d/b/a TNX, INC.;                  *
EDUVIGES PENA; et al.,                 *
                                       *
    Defendants                     *

---

## DEFENDANTS TRI-NATIONS EXPRESS, INC. and EDUVIGES PENA'S MOTION FOR EMERGENCY DISCOVERY ORDER

---

COME NOW **TRI-NATIONS EXPRESS, INC. d/b/a TNX, INC.** ("TNX")

and **EDUVIGES PENA** ("PENA"), Defendants in the above-styled cause, and

respectfully request that this court enter an emergency order allowing these

Defendants to conduct discovery to determine whether counsel for Plaintiff, Terica

Baker, and Defendant, Shameca Moneca Baker, have acted in concert with one

another to affect a mutual benefit of keeping this lawsuit in the Circuit Court of

Macon County, Alabama, by destroying diversity so that Defendants TNX and Pena

-1-

are precluded from removing the lawsuit to federal court.[1] In support of said motion,

these Defendants set forth and assign as follows:

1.    On or about October 22, 2006, Plaintiff Terica Baker and Defendant Shameca

Baker, along with Shameca Baker's children, ████████████ and ████████

████████ were involved in an automobile accident in Macon County,

Alabama.[2] Shameca Baker was driving the vehicle in which Terica Baker and

the children were riding. It is important to note that Terica Baker is the mother

of Shameca Baker and the grandmother of ████████████ and ████████

████████ and is believed to be the owner of the vehicle operated and occupied

by these persons.

2.    On or about December 18, 2006, Joe N. Lampley, Esq. ("Lampley") sent letters

to Defendants Tri-Nations, Inc. ("TNX") and Eduviges Pena advising that he

had been retained to represent

Ms. Shameca M. Baker, Ms. Terica A. Baker, ████████████
and ████████████ in all claims and causes of action for
personal injury, property damage and medical bills suffered by

---

[1]Plaintiff Terica Baker alleges she is a resident of Alabama. Defendant
Shameca Baker alleges she is a resident of Alabama. Defendants TNX and Pena
are residents of Texas.

[2]There was another individual, Jessica Filo, in the vehicle at the time of the
accident. Defendants TNX and Pena are currently unaware of any lawsuits
involving Filo concerning said accident.

Ms. Shameca M. Baker, Ms. Terica A. Baker, ████████████
and ██████████████ as a result of an automobile accident they
had with [Eduviges Pena] on October 22, 2006 in Macon County,
Alabama.

(See letters dated December 18, 2006, attached hereto as **"Exhibit A"**.) Terica

Baker and Shameca Baker were each copied on these letters.

3. On or about January 8, 2007, Lampley sent a similar letter to Canal Insurance

Company, which provided insurance coverage to TNX and Pena on the date of

the accident at issue, announcing his representation of Shameca Baker, Terica

Baker, ████████████and ██████████████ for damages associated with

said accident. (See letter dated January 8, 2007, attached hereto as **"Exhibit

B"**.) Terica Baker and Shameca Baker were both copied on this letter, which

contains extensive information regarding the medical providers that treated

Shameca Baker, Terica Baker, ██████████████ and ██████████████ for

alleged injuries resulting from the accident at issue. Additionally, the letter

contained a brief summary of the bodily injuries received by Lampley's clients

and further contained an estimated amount of medical expenses for each of

these individuals.

4. On or about March 20, 2007, Tyrone Means, Esq. ("Means") notified counsel

for TNX and Pena that he had been associated by Lampley to help him with the

claims of ████████████ and others. (See letter dated March 20, 2007, attached hereto as **"Exhibit C"**.) Lampley was copied on this letter.

5. On or about March 28, 2007, Means sent a second letter to counsel for TNX and Pena stating that he did not represent Terica Baker but did represent Shameca Baker and her children, ████████████ and ████████████. (See letter dated March 28, 2007, attached hereto as **"Exhibit D"**.) The letter further stated that Milton Davis, Esq. ("Davis") would represent Terica Baker. Both Lampley and Davis were copied on this letter.

6. On or about April 25, 2007, Means sent a letter to counsel for TNX and Pena advising that he was in the process of obtaining the medical records and medical bills for his clients. (See letter dated April 25, 2007, attached hereto as **"Exhibit E."**) Lampley was copied on this letter.

7. On or about April 19, 2007 Davis filed a complaint on behalf of Plaintiff Terica Baker in the Circuit Court of Macon County, Alabama. (See Plaintiff's Complaint, attached hereto as **"Exhibit F"**.) Named as defendants were Shameca Baker, TNX and Pena.

8. On or about April 26, 2007, Means, on behalf of Shameca Baker, ████████ ████████ and ████████████ filed a response to Plaintiff Terica Baker's complaint titled "Answer, Crossclaims and Complaint of Defendant Shameca

Moneca Baker, Individually, and as Parent, Guardian and Next Friend of
██████████ and ██████████, Minors." (See
Answer/Crossclaim/Complaint, attached hereto as **"Exhibit G".**)

9.   Defendants TNX and Pena maintain that the Alabama Rules of Civil Procedure
     prevent Shameca Baker from asserting a cross-claim and complaint on behalf
     of her children, ██████████ and ██████████, as part of Plaintiff
     Terica Baker's lawsuit as these children were not original parties to this lawsuit
     nor was Shameca Baker sued in her capacity as a representative of these
     children.[3] Issues concerning the propriety of this cross-claim purportedly made
     against Defendants TNX and Pena are being addressed in a separate pleading
     that has been filed contemporaneously with this court.

10.  For purposes of this motion, Defendants TNX and Pena respectfully request
     that this court grant an emergency order allowing them to conduct discovery
     (**"Exhibits H and I"**) concerning the relationships between and among Joe
     Lampley, Esq.,  Tyrone Means, Esq. and Milton Davis, Esq. and their
     respective clients, Terica Baker and Shameca Baker, for the following reasons:
     a.   These Defendants have reason to believe that Lampley, Means and

---

[3]Shameca Baker was only sued as a defendant in her individual, not
representative, capacity in the original complaint filed by Terica Baker.

Davis acted in concert with one another to affect a mutual benefit of keeping this lawsuit in the Circuit Court of Macon County, Alabama, by fraudulent joinder to destroy diversity so that Defendants TNX and Pena would be precluded from removing the lawsuit to federal court. As such, these Defendants have filed a Notice of Removal with this court in which they allege fraudulent joinder of Shameca Baker as a Defendant in Terica Baker's complaint. Allowing these Defendants to engage in the requested discovery will provide these Defendants with information that may be used to supplement and/or support Defendants' assertion of fraudulent joinder.

b.    It appears that Joe Lampley is representing both Plaintiff Terica Baker and Defendant Shameca Baker in this lawsuit. And, as evidenced by the exhibits attached hereto, made a part hereof and incorporated herein by reference, Defendants TNX and Pens submit this relationship of Lampley with Terica Baker and Shameca Baker is evidence that the parties and/or attorneys other than TNX and Pena have engaged in fraudulent joinder of Shameca Baker as a defendant in Terica Baker's complaint in order to prevent removal of this lawsuit from the Circuit Court of Macon County, Alabama to federal court.

WHEREFORE, premises considered, Defendants TNX and Pena respectfully request this court grant an emergency discovery order allowing Defendants to conduct the discovery requested above regarding the relationship between counsel and the various parties to support Defendants' positions concerning fraudulent joinder.

Respectfully submitted,

K. DONALD SIMMS
ASB-9801-M63K
*Counsel for Defendants TNX and Pena*

OF COUNSEL:
MILLER, HAMILTON, SNIDER & ODOM, L.L.C.
The Financial Center
505 20th Street , N., Suite 500
Birmingham, Alabama 35203
Telephone:  (205) 226-5200
Facsimile:  (205) 226-5226
E-mail:     kerisimms@mhsolaw.com

STANLEY GRAY
ASB-4274-U79W
*Counsel for Defendants TNX and Pena*

OF COUNSEL:
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
Telephone:  (334) 727-4830
Facsimile:  (334) 727-5877
E-mail:     sgray@glsmgn.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading by placing

a copy of same in the United States Mail, first-class postage prepaid, on this the 21st

day of May, 2007:

Mr. Milton Davis
P.O. Box 830509
Tuskegee, AL 36083-0509
*Counsel for Terica Baker*

Mr. Charles James
Mr. Tyrone C. Means
THOMAS, MEANS, GILLIS & SEAY, P.C.
P.O. Drawer 5058
Montgomery, AL 36103-5058
*Counsel for Shameca Moneca Baker,* ▮▮▮▮▮▮ *and*
▮▮▮▮▮▮

OF COUNSEL

# EXHIBIT A





Law Office of

# Joe N. Lampley

Attorneys at Law

1330 Washington Street
Huntsville, AL 35801

Tel: (256) 535-2226
Fax: (256) 535-2227

December 18, 2006

Tri Nations, Inc.
705 North Sugar
Pharr, TX 78577

RE:        Claimants:      Ms. Shameca M. Baker, Ms. Terica A. Baker, ███████
                          and █████████████

           DOL:            October 22, 2006

Dear Sir or Madam:

Please be advised that I represent Ms. Shameca M. Baker, Ms. Terica A. Baker, ███████
█████████ and █████████████ in all claims and causes of action for personal injury, property
damage and medical bills, suffered by Ms. Shameca M. Baker, Ms. Terica A. Baker, ███████
█████████ and █████████████ as a result of an automobile accident they had with your
employee, Mr. Eduriges Pena, on October 22, 2006 in Macon County, Alabama.

I request that neither you, nor your liability insurer, nor any employees, agents, representatives,
or attorney of yours, engage in any written or oral communications with my client without first
obtaining my written approval. Direct any and all communications associated with the above
referenced accident to my attention.

It is my legal opinion that the accident was caused by the negligence of your employee, Mr.
Eduriges Pena.

I strongly encourage you to give a copy of this letter to your liability insurance company and/or
give me your insurance company's name and address within ten (10) days from receipt of this
letter.

Sincerely,

Joe N. Lampley
Attorney At Law

JNL/dom

Cc:    Ms. Shameca M. Baker
       Ms. Terica A. Baker



# Joe N. Lampley
### Attorneys at Law

| | |
|---|---|
| 1330 Washington Street | Tel: (256) 535-2226 |
| Huntsville, AL 35801 | Fax: (256) 535-2227 |

December 18, 2006

Mr. Eduriges Pena
350 East 15th Street
San Juan, TX 78589

RE:     Claimant :   Ms. Shemeca M. Baker, Ms. Terica A. Baker, ███████████
                        And ███████████

DOL:      October 22, 2006

Dear Mr. Pena:

Please be advised that I represent Ms. Shemeca M. Baker, Ms. Terica A. Baker, ████████ ████████ and ████████████ in all claims and causes of action for personal injury, property damage and medical bills, suffered by Ms. Shemeca M. Baker, Ms. Terica A. Baker, ████████ ████████ and ████████████ as a result of an automobile accident they had with you on October 22, 2006 in Macon County, Alabama.

I request that you, nor your liability insurer, nor any employees, agent, representatives, or attorney of yours, engage in any written or oral communications with my client without first obtaining my written approval. Direct any and all communications associated with the above referenced accident to my attention.

It is my legal opinion that the accident was caused by your negligence.

I strongly encourage you to give a copy of this letter to your liability insurance company and/or give me your insurance company's name and address within ten (10) days from receipt of this letter.

Sincerely,

Joe N. Lampley
Attorney At Law

JNL/dom

CC:    Ms. Shemeca M. Baker
        Ms. Terica A. Baker

# EXHIBIT B



Law Office of
# Joe N. Lampley
Attorney at Law

| | |
|---|---|
| 1330 Washington Street | Tel: (256) 535-2226 |
| Huntsville, AL 35801 | Fax: (256) 535-2227 |

**VIA FACSIMILE TRANSMISSION ONLY: (864) 679-2518**

January 8, 2007

Canal Insurance

RE:     Patient:          ▇▇▇▇▇▇▇▇          Social Security No.:   ▇▇▇▇▇▇
        Date of Birth: February 4, 2005    Date of Injury:       November 23, 2006

        Patient:          ▇▇▇▇▇▇▇▇          Social Security No.:   ▇▇▇▇▇▇
        Date of Birth: January 16, 2006    Date of Injury:       November 23, 2006

        Patient:     Terica A. Baker       Social Security No.:   ▇▇▇▇▇▇
        Date of Birth:  September 2, 1964  Date of Injury:       November 23, 2006

        Patient:     Shameca M. Baker      Social Security No.:   ▇▇▇▇▇▇
        Date of Birth: November 23, 1980   Date of Injury:       November 23, 2006

        CLAIM NUMBER:    L048355
        Your insured:        Tri Nations Express  or  Tri Nations, Inc.

Dear Sir or Madam::

I am writing you as a follow-up to our telephone conversation on today.

Please be advised that I represent Ms. Shemeca M. Baker, Ms. Terica A. Baker, ▇▇▇▇▇▇ ▇▇▇▇▇ and ▇▇▇▇▇▇▇▇▇ in all claims and causes of action for personal injury, property damage and medical bills, suffered by Ms. Shemeca M. Baker, Ms. Terica A. Baker, ▇▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇▇ as a result of an automobile accident they had with your insured, Mr. Eduriges Pena, on October 22, 2006 in Macon County, Alabama.

I am enclosing copies of the letters I wrote to Tri Nations, Inc. and Mr. Eduriges Pena on December 18, 2006.

I request that you, nor your liability insurer, nor any employees, agent, representatives, or attorney of yours, engage in any written or oral communications with my client without first obtaining my written approval. Direct any and all communications associated with the above referenced accident to my attention.

Letter, Canal Insurance
January 8, 2007
Page two

It is my legal opinion that the accident was caused by the negligence of your insured, Mr. Eduriges Pena.

███████████████ has been treated by the following medical providers:

Emergency Physicians TMC, P. O. Box 740022, Cincinnati, Ohio 45274-0022
Emergency Physicians TMC, P. O. Box 189016, Plantation, Florida 33318-9016
Surgical Associates of Columbus, 920 18th Street, Columbus, Georgia 31901-1500
OMNIFIGHT, P. O. Box 6119, Mesa, AZ 85216
Columbus Regional Health Center, 710 Center Street, Columbus, Georgia 31902
Pediatric Radiology Associates, P.C., P. O. Box 830674, Birmingham, Alabama 35283
Children's ER Physicians, P. O. Box 11407, Drawer 0646, Birmingham, Alabama 34246-0646 Children's Hospital, Birmingham, Alabama
Dr. Law, Children's Hospital, Birmingham, Alabama
Dr. Herman, Children's Hospital, Birmingham, Alabama

█████ suffered various cuts and busies to his entire body, suffered head injuries, and suffered neurological injuries that have rendered him unable to walk.

█████ has incurred medical expenses in excess of probably **$50,000.00, more or less.** Jarious will incur other medical expenses as he undergoes therapy and or surgery to try and rest his ability to walk.

███████████████ has been treated by the following medical providers:

Pediatric Radiology Associates, P.C., P. O. Box 830674, Birmingham, Alabama 35283
Children's ER Physicians, P. O. Box 11407, Drawer 0646, Birmingham, Alabama 34246-0646
Children's Hospital, Birmingham, Alabama
Care Ambulance, P. O. Box 530481, Atlanta, Georgia 30353-0481
East Alabama Medical Center, P. O. Box 530481, Atlanta, Georgia 30353-0481
Alabama Imaging, 3320 Skyway Drive, Suite 713, Opelika, Alabama 36801-5422

█████ suffered a broken left femur bone (thigh bone).

█████ has incurred medical expenses in excess of probably $7,000.00, more or less.

**Terica A. Baker has been treated by the following medical providers:**

Care Ambulance, P. O. Box 530481, Atlanta, Georgia 30353-0481
Dr. Todd Sheils, 121 North 20th Street, Suite 18, Opelika, Alabama 36803
East Alabama Medical Center, 2000 Pepperell Parkway, Opelika, Alabama 36801- 5422
Alabama Imaging, 3320 Skyway Drive, Suite 713, Opelika, Alabama 36801
UAB Highland, 1201 11th Avenue, South, Birmingham, Alabama 35205
Dr. David Volgas, The Kirklin Clinic, 2000 6th Avenue, South, Birmingham, Alabama

Letter, Canal Insurance
January 8, 2007
Page three

Dr. Barton Guthrie
Dr. John H. McFarland

Terica suffered a broken left wrist, a fractured and/or broken neck, and fractured one or more vertibras in her back.

Terica has incurred medical expenses in excess of **probably $10,000.00, more or less.** Terica will incur other medical expenses as she undergoes therapy and or surgery on her neck and back.

**Shameca M. Baker has been treated by the following medical providers:**

Care Ambulance, P. O. Box 530481, Atlanta, Georgia 30353-0481
East Alabama Medical Center, 2000 Pepperell Parkway, Opelika, Alabama 36801- 5422
Alabama Imaging, 3320 Skyway Drive, Suite 713, Opelika, Alabama 36801

Shameca suffered a serious bruise to her right knee.

Shemica has incurred medical expenses in excess of probably $1,500.00, more or less.

Terica's car was totaled in the accident. Please work with me to immediately settle Terica's property claim.

Please give this letter your immediate attention.

Sincerely,

Joel N. Lampley
Attorney at Law

JNL/dom

Enclosures

Cc:   Ms.   Shameca M. Baker
      Ms.   Terica Baker
      Ms.   Linda Almaraz

# EXHIBIT C

5629-10 5

# THOMAS, MEANS, GILLIS & SEAY, ﹐.C.

### ATTORNEYS AND COUNSELLORS AT LAW
### ESTABLISHED IN 1981

*WEBSITE: www.tmgslaw.com*

KENNETH L. THOMAS [1,3]
TYRONE C. MEANS [1,2,4]
H. LEWIS GILLIS [1]
QUINTON S. SEAY [2]
C. WADE ROBINSON [1]
EUGENE FELTON, JR. [2]
JACQUELINE C. SMOKE [1]
CHRISTOPHER K. WHITEHEAD [1]
LATASHA A. MEADOWS [1]
FREDERIC A. BOLLING [1]
ROSLYN CREWS [1]
AFRIKA C. PARCHMAN [1]
CHRISTOPHER S. GENEREUX [1]
CHARLES JAMES, II [1]
APRIL W. ROBINSON [1]
RAMADANAH M. SALAAM-JONES [1]
KELVIN W. HOWARD [1]
CYNTHIANTHER L. MAY [1]

OF COUNSEL:

ROBERT SIMMS THOMPSON [1], P.C.
308 N. ELM STREET
TUSKEGEE, AL 36083

ADMITTED:
[1] ALABAMA
[2] GEORGIA
[3] DISTRICT OF COLUMBIA
[4] KANSAS

MONTGOMERY OFFICE:
3121 ZELDA COURT
P.O. DRAWER 5058
MONTGOMERY, AL 36103-5058
TELEPHONE: (334) 270-1033
FACSIMILE: (334) 260-9396

BIRMINGHAM OFFICE:
505 - 20TH STREET NORTH
SUITE #400 - FINANCIAL CENTER
P.O. DRAWER 11365
BIRMINGHAM, AL 35202-1365
TELEPHONE: (205) 328-7915
FACSIMILE: (205) 214-6160

ATLANTA OFFICE:
191 PEACHTREE STREET, N.E.
SUITE #3550
ATLANTA, GA 30303
TELEPHONE: (404) 222-8400
FACSIMILE: (404) 222-0080

LIVINGSTON OFFICE:
112 MARSHALL STREET
P.O. BOX 907
LIVINGSTON, AL 35470-0907
TELEPHONE: (205) 652-6106
FACSIMILE: (205) 652-2177

HAYNEVILLE OFFICE:
307 HAYNEVILLE PLAZA
HAYNEVILLE, AL 36040
TELEPHONE: (334) 548-5008
FACSIMILE: (334) 548-5010

*Montgomery Office*
*Sender's Direct Dial:  (334) 213-4446*
*Sender's E-mail Address:*
*tcmeans@tmgslaw.com*

March 20, 2007

## Via Facsimile & U.S. Mail Delivery

Lindsay P. Hembree, Esq.
Miller, Hamilton, Snider & Odum, L.L.C.
505 North 20th Street, Ste. 500
Birmingham, AL  35203

Re:  **Your Client:**        *Tri Nations Express, Inc. & Eduriges Pena*
    **Date of Incident:**    *October 22, 2006*
    **Our File Number:**    *12839-001*

Dear Ms. Hembree:

Please be advised that Joe Lampley has associated us to help him with the claims of ▮▮▮▮▮▮▮▮ and others. I'd like to discuss the possibility of some mediated talks on this case. I would strongly suggest Mike Maddox, who has mediated lots of Macon County cases. In the meantime, we shall be preparing to file this case in the Circuit Court of Macon County, Alabama.

Please let me hear from you.

Sincerely,

THOMAS, MEANS, GILLIS & SEAY, P.C.

Tyrone C. Means
TCM.kcp

cc:    Joe N. Lampley, Esq.

# EXHIBIT D

# THOMAS, MEANS, GILLIS & SEAY, ... .C.

### ATTORNEYS AND COUNSELLORS AT LAW
#### ESTABLISHED IN 1981

*WEBSITE: www.tmgslaw.com*

*Montgomery Office*
*Sender's Direct Dial: (334) 213-4446*
*Sender's E-mail Address:*
*tcmeans@tmgslaw.com*

March 28, 2007

### Via E-Mail & U.S. Mail Delivery

KENNETH L. THOMAS[1,3]
TYRONE C. MEANS[1,2,4]
H. LEWIS GILLIS[1]
QUINTON S. SEAY[2]
C. WADE ROBINSON[1]
EUGENE FELTON, JR.[2]
JACQUELINE C. SMOKE[1]
CHRISTOPHER K. WHITEHEAD[1]
LATASHA A. MEADOWS[1]
FREDERIC A. BOLLING[1]
ROSLYN CREWS[1]
AFRIKA C. PARCHMAN[1]
CHRISTOPHER S. GENEREUX[1]
CHARLES JAMES, II[1]
APRIL W. ROBINSON[1]
RAMADANAH M. SALAAM-JONES[1]
KELVIN W. HOWARD[1]
CYNTHIANTHER L. MAY[1]

OF COUNSEL:

ROBERT SIMMS THOMPSON[1], P.C.
308 N. ELM STREET
TUSKEGEE, AL 36083

ADMITTED:
[1] ALABAMA
[2] GEORGIA
[3] DISTRICT OF COLUMBIA
[4] KANSAS

MONTGOMERY OFFICE:
3121 ZELDA COURT
P.O. DRAWER 5058
MONTGOMERY, AL 36103-5058
TELEPHONE: (334) 270-1033
FACSIMILE: (334) 260-9396

BIRMINGHAM OFFICE:
505 - 20TH STREET NORTH
SUITE #400 - FINANCIAL CENTER
P.O. DRAWER 11365
BIRMINGHAM, AL 35202-1365
TELEPHONE: (205) 328-7915
FACSIMILE: (205) 214-6160

ATLANTA OFFICE:
191 PEACHTREE STREET, N.E.
SUITE #3550
ATLANTA, GA 30303
TELEPHONE: (404) 222-8400
FACSIMILE: (404) 222-0080

LIVINGSTON OFFICE:
112 MARSHALL STREET
P.O. BOX 907
LIVINGSTON, AL 35470-0907
TELEPHONE: (205) 652-6106
FACSIMILE: (205) 652-2177

HAYNEVILLE OFFICE:
307 HAYNEVILLE PLAZA
HAYNEVILLE, AL 36040
TELEPHONE: (334) 548-5008
FACSIMILE: (334) 548-5010

K. Donald Simms, Esq.
Miller, Hamilton, Snider & Odom, L.L.C.
505 20th Street North, Ste. 500
Financial Center
Birmingham, AL 35203

*Re:  Shameca Moneca Baker v.  Eduriges Pena; Truckers Insurance/ Tri-Nations Express, Inc.*
*Our File Number: 12839-001*

Dear Mr. Simms:

Just to be perfectly clear, please be advised that our firm does not represent Tericia Baker. I understand that Milton Davis of Tuskegee will take up the prosecution of her claim. We shall be representing Shameca Baker and her children.

Please know that I fully understand your need to appropriately evaluate this claim. In the meantime, we shall be pressing forward. We do not have a complete copy of the medical records and bills, etc., but are assembling them and will get them to you as soon as practical.

In the meantime, I think there is some value in explaining to you the lay of the land from our perspective as Plaintiff Attorneys. It was in this light that I suggested that mediation early on might be fruitful for both parties. Clearly, Mike Maddox of Sirote and Phil Adams of Adams, Umbach, Davidson & White are well acquainted with this venue. It is plaintiff-friendly. I am sure you are aware of its reputation, but let me recite a few things for you.

Robert Thompson, who is of counsel to our firm, tried a case against a trucking company where the specials were less than $12,000.00. This plaintiff had no lost wages and she didn't begin treating until two weeks following the wreck. The defendants refused to pay more than $100,000.00 to settle at mediation and the case was tried to verdict. Bill McGowin of Bradley Arant defended and did an excellent job; however, the resulting verdict was $500,000.00. The case was cleanly tried with no error and ultimately post verdict, the case was settled for $450,000.00.

K. Donald Simms, Esq.
March 28, 2007
Page -2-

Other cases tried in Macon County with $12,000.00 in specials, of which $700.00 was for an MRI and again with no lost wages, was tried to verdict, resulting in a $135,000.00 reward to the plaintiff.

Yet another case was tried wherein the specials were a couple thousand dollars worth of chiropractic testimony. The plaintiff contended that he was run off the road by the defendant. The verdict was just a little north of $100,000.00.

In one of the lowest verdicts that we know of in recent times, the specials were around $1,500.00. This case was tried to a verdict and the verdict was $7,500.00.

I have attached a memorandum from Tiffany Johnson, an Associate with Robert Thompson, reporting to me of the last case that was tried at the last jury term. This was a purely underinsured motorist claim. You can see the result.

All that being said, you can be assured that we will be expecting quite a bit of money. If your client is not prepared to pay something commensurate with those type dollars, then there is no need to mediate it at this point. Many insurance carriers are aware of the lay of this land, but there are just as many that are not. We have found it useful for seasoned mediators who have experience in this venue to help them see the risk that they face in Macon County.

I hope that this letter is useful to you. As I indicated to you, Milton Davis, who is a well known plaintiff lawyer in Macon County, will be representing Tericia and we shall be representing Shameca and the children. I will tell you that the injuries are significant and we think the liability is such that we will get to the jury.

If you should have any questions or concerns, please feel free to contact me.

Sincerely,

THOMAS, MEANS, GILLIS & SEAY, P.C.

Tyrone C. Means
TCM:kcp
Enclosure

cc:    Joe N. Lampley, Esq. *(w/encl.)*
       Milton C. Davis, Esq. *(w/encl.)*

THOMAS, MEANS, GILLIS & SEAY, P.C.

# MEMORANDUM

**TO:**      Attorney Tyrone Means

**FROM:**    Tiffany N. Johnson

**DATE:**    March 28, 2007

**RE:**      *Scott & Powell v. Progressive Insurance*

---

Cierra Scott & Jerry Powell were involved in an automobile accident on December 22, 2004. Defendant testified that at approximately 6:10 p.m. on December 22, 2004 he left his job at the ABC Store in Opelika, Alabama. From there he went to the War Eagle Supper Club where he stayed approximately fifteen minutes and had a double shot of vodka with cranberry juice. Within a very short period of time, Defendant was back on the road driving in weather that he says was "deteriorating" after having a double shot of vodka. It was believed that based on the evidence at hand, Defendant, because of the weather conditions and alcohol, pulled his vehicle off to the side of the road then suddenly pulled his vehicle back onto I85 causing the accident in Cierra and Jerry were injured.

Cierra was transported to the emergency room by ambulance. She injured her chest, back, neck, and knees and had to seek medical treatment. Her medical bills totaled approximately $5,000.00.

Jerry was taken to the emergency room by Cierra's aunt. He was treated for injuries to his head, hand, neck & back. He subsequently sought medical treatment at Southern Spine & Rehab. His total medical bills were $5500.85. Ultimately though, he had a Blue Cross Blue Shield subrogation amount of $560.75 and a lien with Southern Spine in the amount of $2102.00.

The tortfeasor tendered policy limits early on, therefore, on the only issue before the jury was one of underinsured motorist coverage. Progressive Insurance was the insurance company.

The verdict in the above referenced case totaled $295,000.00. Cierra's verdict $125,000.00 in compensatory and $75,000.00 in punitive damages; Jerry's verdict was $65,000.00 in compensatory and $30,000.00 in punitive damages.

In addition to the above verdict, Macon County juries have recently returned the following verdicts:

- A $60,000.00 plaintiff's verdict with $1,400.00 in medicals, half of which were for x-rays and MRI. It was a phantom automobile case.

- A $65,000.00 plaintiff's verdict with $525.00 in specials.

- A $500,00.00 plaintiff's verdict with $9,000.00 in specials.

- A $150,000.00 plaintiff's verdict with $2500.00 in specials.

# EXHIBIT E

# THOMAS, MEANS, GILLIS & SEAY, P.C.

*ATTORNEYS AND COUNSELLORS AT LAW*
*ESTABLISHED IN 1981*

*WEBSITE: www.tmgslaw.com*

**Montgomery Office**
**Sender's Direct Dial: (334) 213-4446**
**Sender's E-mail Address:**
**tcmeans@tmgslaw.com**

April 25, 2007

K. Donald Simms, Esq.
Miller, Hamilton, Snider & Odom, L.L.C.
505 20th Street North, Ste. 500
Financial Center
Birmingham, AL 35203

*Re: Shameca Moneca Baker v. Eduriges Pena; Truckers Insurance/ Tri-Nations Express, Inc.*
*Our File Number: 12839-001*

Dear Mr. Simms:

We are still working on getting all of our medical records and medical bills together. In the meantime, enclosed please find the medical summary as we know it now from our clients.

Thank you.

Sincerely,

**THOMAS, MEANS, GILLIS & SEAY, P.C.**

Tyrone C. Means
TCM.kcp
Enclosure: As Stated

cc:    Joe N. Lampley, Esq. *(w/encl.)*

KENNETH L. THOMAS [1,3]
TYRONE C. MEANS [1,2,4]
H. LEWIS GILLIS [1]
QUINTON S. SEAY [2]
C. WADE ROBINSON [1]
EUGENE FELTON, JR. [2]
JACQUELINE C. SMOKE [1]
CHRISTOPHER K. WHITEHEAD [1]
LATASHA A. MEADOWS [1]
FREDERIC A. BOLLING [1]
ROSLYN CREWS [1]
AFRIKA C. PARCHMAN [1]
CHRISTOPHER S. GENEREUX [1]
CHARLES JAMES, II [1]
APRIL W. ROBINSON [1]
RAMADANAH M. SALAAM-JONES [1]
KELVIN W. HOWARD [1]
CYNTHIANTHER L. MAY [1]

OF COUNSEL:

ROBERT SIMMS THOMPSON [1], OF COUNSEL
308 N. ELM STREET
TUSKEGEE, AL 36083

ADMITTED:
[1] ALABAMA
[2] GEORGIA
[3] DISTRICT OF COLUMBIA
[4] KANSAS

MONTGOMERY OFFICE:
3121 ZELDA COURT
P.O. DRAWER 5058
MONTGOMERY, AL 36103-5058
TELEPHONE: (334) 270-1033
FACSIMILE: (334) 260-9396

BIRMINGHAM OFFICE:
505 - 20TH STREET NORTH
SUITE #400 - FINANCIAL CENTER
P.O. DRAWER 11365
BIRMINGHAM, AL 35202-1365
TELEPHONE: (205) 328-7915
FACSIMILE: (205) 214-6160

ATLANTA OFFICE:
191 PEACHTREE STREET, N.E.
SUITE #3550
ATLANTA, GA 30303
TELEPHONE: (404) 222-8400
FACSIMILE: (404) 222-0080

LIVINGSTON OFFICE:
112 MARSHALL STREET
P.O. BOX 907
LIVINGSTON, AL 35470-0907
TELEPHONE: (205) 652-6106
FACSIMILE: (205) 652-2177

HAYNEVILLE OFFICE:
307 HAYNEVILLE PLAZA
HAYNEVILLE, AL 36040
TELEPHONE: (334) 548-5008
FACSIMILE: (334) 548-5010

MEDICAL SUMMARIES:

Shameca Baker, ███████████and███████████

**SHAMECA BAKER:**

East Alabama Medical Center ER

326 John Street
Brundidge, AL  36010
D.O.B. 11/23/80
D.O.S. 10/22/06
SSN: 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

The medical records we have on her consist of the following:  one hand written incident report from Care Ambulance Service along with the treatment report of Care Ambulance Service and One Discharge Instructions and One Prescription Medication sheet signed by the treating physician of Phillip M. Heidepriem.

Per the Care Ambulance treatment narrative, they arrived on the scene at approximately 4:51 p.m. on October 22, 2006.  They found Ms. Baker, a black female, walking on the roadway carrying a small child.  Her complaints were right leg pain.  Ms. Baker was the restrained driver and no airbag deployment and denied loss of consciousness from the impact.  There was major damage to the rear of her vehicle and Ms. Baker was one of five victims at the scene.

Her vital signs were within normal limits and thee was noted bruising to her right calf which was painful to palpation.  Ms. Baker was not on any current medications and had no known allergies at this time.

The only medical record from the hospital as stated earlier was a discharge instructions from East Alabama Medical Center with her primary treating physician, Dr. Phillip M. Heidepriem.  She was instructed to return to the ER if her condition worsened.

She was also informed that she may take Advil, Tylenol for pain unless other pain medication was prescribed.

She had a lower extremity contusion of the right leg and a right ankle sprain.

In addition, she had a head injury which was more than likely head and neck sprain type injury from the rear end collision.  In addition, according to the discharge instructions she had wound care for breaks in the skin which would be abrasions and/or some lacerations or cuts in the skin.

With regards to these instructions, they are very vague. However, she was given a prescription for Cataflam, 50 mg oral tablet for pain and also a prescription for Parafon Forte DSC, 500 mg oral tablets which is also for pain.

(Ms. Baker is now complaining and stating that she has a right wrist injury with a pinched nerve and carpal tunnel syndrome as a result of this accident.)

**SUMMARY OF RECORDS OF** ███████████████

DOB: 1/16/06
SSN: 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

East Alabama Medical Center Discharge Instructions is all that we have from them again. Same treating physician, Dr. Phillip M. Heidepriem.

She was 9 months old at the time of the accident.

████████ had facial contusions which meant visible bruising and swelling of the face and she was instructed to return to the ER if her condition worsened. No X-rays were taken on her during her stay in the ER on October 22, 2006. No other injuries were noted at the ER on her.

**SUMMARY OF RECORDS OF** ███████████████

DOB: 2/4/05
SSN: 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
Time of Arrival at Hospital: 6:37 p.m.

His records are from Columbus Regional Medical Center in Columbus, GA. His initial patient report upon arrival in the ER was that he was seen immediately upon arrival and that he arrived by helicopter. The source of his history was the paramedic where this 21 month old male was involved in a moderate speed motor vehicle accident 45 minutes ago. He was an unrestrained passenger in the backseat of a car and the car was struck by a tractor trailer type vehicle from behind. His car had significant damage.

The paramedic noted loss of consciousness.

The child was posturing with labored respiratorations, stable blood pressure and oxygen saturation in route. He has received severe head injuries. Unable to fully assess history of present illness, past medical history, social history, etc... and review of symptoms due to patients medical condition.

Physical Examination:

The physical examination revealed that the child was comatose, well developed and well nourished. On the Glascow Coma scale his eyes do not open. There was no verbal response and the best motor responses were abnormal extension. His eye score was 1 and verbal score was 1, motor score 2, and total score of 4.

His skin appearance was that there were multiple severe abrasions and contusions to the head, face and torso. There was widespread large swelling of the left side of his head.

On the head, marked swelling, echymosis and trauma to the left head and facial area. There is blood in the left ear canal.

Eyes. Both dilated pupils and minimally reactive.

He had diminished gag reflex.

Chest. He had labored respirations. Harsh, raspy breath sounds with diffused rales and rhonchi. (This means that there was a kind of gurgly sound in his breathing)

Cardiovascular. He had tachycardia. Regular rhythm. No murmurs.

Abdomen. Marked distention.

Neurologic. Posturing all extremities.

Mental status. Comatose.

The exam was limited by the condition of the patient.

Treatment Course:

The initial differential diagnosis included cervical spine fracture, thoracic or lumbar spine fracture, subdural hematoma, subarachnoid hemorrhage, extremity fractures, ruptured spleen or spleenic hematoma, lacerated liver, pelvic fracture, pneumothorax, pulmonary contusion or other intrathoracic/intraabdominal injuries.

Numerous Lab Studies and Blood Studies were done immediately between 7:14 p.m. and 9:15 p.m. At 9:15 an endotracheal tube was inserted.

The ER physician consulted with the trauma service under the supervision of the trauma surgeon Dr. Molnar. The head CT scan was performed by radiologists outside of the ER department which revealed severe intracranial injury and hemorrhage and multiple skull fractures and soft tissue injuries. The portable X-ray revealed pneumonia in the right lower lobe. The critical care total time was 45 minutes.

The plan and disposition of ▇▇▇▇▇▇ was to transfer to another hospital in critical condition at the recommendation of Dr. Adams, the neurosurgeon and consult with the trauma surgeon. Transfer arrangements were made by the trauma surgeon.

Final Assessment:
1.    Closed Head Injury
2.    Intracranial Hemorrhage
3.    Soft Tissue
4.    Respiratory Distress
5.    Acute Abdomen
6.    Anemia, Secondary to acute blood loss
7.    Musculoskeletal injury

This was signed off by Clemment Anthony, M.D.

**SUMMARY OF THE TRAUMA SERVICE HISTORY AND PHYSICAL**

Time of 6:45 p.m.
10/26/06

Motor vehicle was the chief complaint.

1 ½ year old secondary to a motor vehicle accident with an 18 wheeler.

Unrestrained, middle back seat.

Has Loss of consciousness and was in respiratory distress.

Patient was posturing in route to ER department and had dilated pupils with right lateral gaze in route to the ER. There was no ejection from the vehicle. As best as I can read these vital signs, his blood pressure was 135/76; Respirations were 34; Temp was 97.4 and the time was 6:46 p.m.

His general appearance which is notations to a diagram of the human body shows the following: left side soft tissue swelling on the left parietal region/temporal region of the head. On the left side just above the ear, hematoma with laceration. Left earlobe laceration. Blood was noted coming out of the left nostril and blood flowing from the right ear.

You have the HEENT (Head, Ears, Eyes, Nose and Throat):
There was a laceration to the left zygomatic region of the face. Blood on the left nose and blood on the right ear.

His respiratory signs: rhonchi were noted and ▓▓▓▓▓ was intubated in the ER department.

They were unable to assess neurological signs due to him being sedated and in a comatose state. His abdomen was soft and distended and had positive bowel sounds. His pelvis was stable.

They were unable to assess his musculoskeletal system due to being on a paralytic board. His estimated weight was 15 kilograms.

His pulses at the wrist and ankles was 21 on each.

His assessment was:
1.    1 ½ year old male, secondary to a motor vehicle accident
2.    Unrestrained
3.    Intubated, sedated, mechanically ventilated
4.    Left facial hematoma with laceration
5.    Right hemotympanium

6.    Left earlobe laceration

Plan is to admit to trauma service, do CT scans, head, c-spine, chest, abdomen and pelvis.
7:15 p.m.  Signed off on by treating physician.

**ADMISSION TRAUMA EVALUATION**

The ER physician was Dr. Anthony, the trauma surgeon was Dr. Molnar. Trauma team is Spencer and 4 RNs. On this form ████████████s named Doe, Echo John because they did not know his name at the time. This was 10/22/06. However, at the bottom of the page it does have ██████████'s name on there.

The history is basically the same as stated before, however, on this one on page 2 of the evaluation it has the listings of the blood pressures and times. His pulses, his temperatures, his respiration rates, blood saturation, oxygen saturation and breathing and his breathing sounds, pupil signs and dilated pupils.

It shows that the intubation was performed by Dr. Anthony. He had 3 different lines going in to him which would have been IV's or some other type of tubes ordered by Dr. Molnar.

In the narrative portion of the trauma evaluation admission which was written by Nurses are as follows:

Patient arrived via lifesaver helicopter with the same history of being in a MVA 18 wheeler rear end collision. The accident occurred at approximately 6:00 p.m. and the patient arrived at the medical center at 6:45 with a cervical collar and backboard precautions.

The patient was lethargic. Pupils were dilated with a gaze to the right per the flight crew.

Patient was placed on cardiac monitor.

There was blood noted in his mouth, no loose teeth noted.

?? Trachea Midline Bilateral breath signs with rhonchi noted bilaterally. Abdomen soft and non distended. Pelvis was stable. Patient has posturing noted to arms.

There are abrasions noted to the left face/cheek with hematoma noted.

Blood noted in bilateral ear canals (both canals)

Dr. Anthony, trauma team, 4 RNs, respiratory therapists, PIC Nurse present. Patent's weight estimated at 13 kilograms per grosslon scale.

At 6:50 secondary assessment and progress, all staff remained at the bedside with the patient.

At 6:58 p.m. the patient is intubated by Dr. Anthony.

The patient was repositioned due to ventilation and warm blankets were applied to him.

He was X-rayed and the bedside, heat lamp was placed and Dr. Anthony and trauma team remained at bedside.

At 7:14 p.m. Dr. Molnar at the bedside placed a nasal gastric tube was placed in the left nose and blood was noted and a large dark brown drainage was noted to low intermittent suction.

At 7:17 p.m. he was again X-rayed at bedside and at 7:25 Diprivan at 5ml per hour was started.

Dr. Molnar at the bedside attempting a trauma line to the right femoral without success.

At 7:35 p.m., trauma line was again attempted with success with great blood return.

A 10F Foley was inserted with sterile technique with clear yellow urine noted.

At 7:45 patient went to CT scan with the RN, trauma team close by.

At 8:25 the patient returned from CT scan and the Diprivan was stopped. The trauma team and Dr. Molnar was at the bedside at this time at 8:33 and the Diprivan was restarted.

At 8:39 the Diprivan and a Dr. Adams was at bedside.

At 8:44 Decadran 10 mg IVP started over 10 minutes. His blood pressure was 48/25. Spencer, M.D. ordered 125 Bolis and Dr. Adams remained at the bedside. Patients needs to transfer out possibly to UAB.

At 8:53 Bolis completed. Blood pressure now 95/45 per Dr. Spencer. Decreased back to 75 cc per rate done.

At 8:56 one unit PRBCs ordered by Dr. Molnar which was blood. They were to get the blood type or cross match and a blood bank was called. Blood will be ready in 5-10 minutes.

At 8:55 Dr. Molnar is on the phone with Dr. Tirapassi at UAB Childrens Hospital.

At 9:06 blood is ready per lab tech. Dr. Molnar signed consent.

At 9:09 blood sample collected by Nurse Creech, RN. On phone with lifesaver transport to arrange transportation.

At 9:30 a new bolis of 100 ml started.

At 9:22 blood was up via trauma line and fusing well.

At 9:26 life saver advised on the way to get patient.

Additional medications are given from this point on until Lifesaver arrives at 9:52 to transport ████████to Birmingham.

**PHYSICAL PROGRESS NOTES:**

10/23/06  (Date wrong)
21:00 hours

By trauma attending physician.  At 21:00 (9:00 p.m.) states that 21 month old male
unrestrained passenger at about Tuskegee, AL.  Auto hit by truck.  Immobilized and
transported by air.  He was initially moved extremities by decerebrate posturing and
paralyzed.  IV started and Foley tube and nasal gastric tube.  Spoke with mother on
telephone.

CT Scan showed large skull fracture and blood in both hemispheres and around
cerebellum and large cephalahematoma noted.

Blood pressure dropped to 60. Medications given.

Spoke to Dr. Tirapassi at UAB Children's Hospital in Birmingham and pediatric
neurosurgeon is needed.  They have accepted lifeflight call from Dr. Molnar's progress
notes.

**SUMMARY OF VARIOUS CT SCANS AND X-RAYS TAKEN ON 10/22/06 AT COLUMBUS REGIONAL MEDICAL CENTER**

CT Study of the Head ordered by Dr. Clem Anthony. The report speaks for itself, however, it reads as follows:

There is a large skull fracture extending from the skull vertex bilaterally along The temporal parietal calvarian. There is slight depression and fragmentation of left temporal skull fracture. There is also slight depression of right occipital skull fracture. There is fragmentation of the occipital skull at the posterior fossa with depression of boney fragments. Blood is seen within the mastoiD air cells bilaterally. Fracture also involves the left temporal bone at the skull base.

There is a left cerebellar parenchymal hemorrhage measuring approximately 4cm in diameter. Pneumocephalus is seen in the left and right posterior fossa. Blood is also seen in the left lateral ventricle as well as the third ventricle. There is a small extra-axial hematoma adjacent to the left frontal lobe along the left convexity. There is effacement of the sulci consistent with diffuse cerebral edema.

Impression: Multiple skull fractures as described. Parenchymal hemorrhage in the posterior fossa and left frontal lobe extra-axial hematoma. Intraventricular blood also noted. Diffused cerebral edema.

**CT of the Max-Facial  (Dr. Hose Arjona, M.D.)**
**Team Health**

There is no evidence of facial or orbital fractures.  Multiple skull and skull base fractures are reported elsewhere.

**CT of the C-Spine (Dr. Hose Arjona, M.D.)**

There is no evidence of cervical spine fracture.

**CT of the Chest/Abdomen/Pelvis (Dr. Hose Arjona, M.D.)**

There are bilateral areas of air space consolidation in the lungs consistent with pulmonary contusion more extensive on the right involving the right upper and right lower lobes.  No evidence is seen of pneumothorax.

Images are degraded by motion artifacts.  No evidence is seen of intra-abdominal visceral injury or hemoperitoneum.

There is widening of the upper mediastinum likely representing thymus.  Mediastinal hematoma would be difficult to exclude.

There is a fracture of the right clavicle.  No other fractures identified.

All of the are noted on the reports as preliminary radiological reports.  Again all of these films were re-read the next day for a final report interpreted and done by Dr. Robert Morgan on October 23, 2006.

**Maxillo Facial CT Scan without Contrast:**

This one showed brain windows demonstrate an intracranial bleed associated with the left side of the cerebellum.  A suggestion of a small amount of subdural blood is seen adjacent to a skull fracture.  A large amount of extra cranial soft tissue swelling is seen over the fractured left temporal region.  A small amount of intracranial air is also seen within the temporal fossa.  There is an endotrachial tube in place.  Visualized portions of the thyroid gland are unremarkable.

Bone windows demonstrate a fracture to the right clavicle.  Fractures are seen associated with the base of the nasal bone.  Fractures are also seen through the left side of the skull extending into the temporal bone.  A second fracture is seen just posterior to the mastoid air cells.  Soft tissue density is seen within the mastoid air cells.  There is some diastasis seen associated with the fracture of the left temporal bone.

Coronal reconstructions once again demonstrate fractures to the left temporal bone and the floor of the skull.  A nasal gastric tube is seen.

**Conclusion:** Fracture to the left temporal bone and most likely to the base of the nose. The nasal bone fractures are not definite. Fractures are also seen associated with the floor of the skull. There is an intra cranial hemorrhage seen. There is a fracture seen associated with the right clavicle. Intra cranial bleeding as well as a small amount of intra cranial air is identified.

**Final Report of the CT of the Chest/Abdomen/Pelvis with Contrast read by Dr. Morgan on 10/23/06**

**The CT scan of the chest:** The lung windows demonstrate a fracture of the right clavicle. Significant pulmonary contusions are seen associated with the right and left lung. Atelectasis is also seen within the lung bases. No evidence for pneumothorax is definitely seen.

Other than the right fracture of the clavicle, no other fractures are seen in the ribs or vertebrae of the thorax.

Soft tissue windows demonstrate density within the lungs suggestive of probable pulmonary contusions. Atelectasis is also seen. No radiographic evidence for vascular injury is seen. There is a prominent thymus seen. No evidence for chamber enlargement is seen within the heart.

**CT scan of the abdomen:** The liver windows demonstrate the windows to be intact without evidence for organ laceration. A gastroesophageal tube is present with its distal tip in the stomach.

Bone windows demonstrate no definite fractures seen.

Soft tissue windows demonstrate the liver, spleen, stomach, adrenal glands, gallbladder, kidneys, and pancreas appear unremarkable. No free air or fluid is definitely seen.

**CT scan of the pelvis:** Bone windows demonstrate a catheter within the bladder. Air is seen within the bladder which is felt to be most likely secondary to instrumentation.

Soft tissue windows are unremarkable.

His conclusion:

1.  Right clavicular fracture.
2.  Bilateral atelectatic change seen within the lungs as well as probable pulmonary contusions.
3.  No evidence for organ injury is seen within the abdominal pelvis.

**Final report of the Head CT scan** is done by Jack C. Clark, M.D., Radiologist on 10/23/06

His report reads as follows:

Findings:

There is a large extensive skull fracture beginning at the vertex of the skull with the fracture running obliquely. The fracture extends into the skull base with several fractures involving the left zygoma, fractures at the right base of the skull, and there are comminuted fracture fragments on the left side that extend into the brain parenchyma. There is displacement involving the fractures right occipital area, left parietal area. There is subcutaneous air along the left zygoma, left anterior inferior skull area, extra cranial soft tissue air, right superior front parietal area and a small amount of subcutaneous air from laceration, left superior front parietal areas.

There is intra cranial hemorrhage in the left cerebellar area with the area of hemorrhage measuring approximately 17 mm x 40mm with surrounding edema. There is an additional small area of hemorrhage located laterally adjacent to the skull, blood within the left lateral ventricle and within the third ventricle extra-axial hematoma adjacent to the left frontal lobe along the left convexity, and there is considerable diffused cerebral edema.

**Conclusion:**

1.      Multiple Bilateral Skull Fractures with Comminuted Fractures and Depressed Fragments with Fracture extending into the left zygoma and the base of the skull bilaterally.
2.      Numerous collections of air along the extra cranial structures right front parietal area superiorly, left superior front parietal area, air along the inferior left front parietal area.
3.      Extra cranial soft tissue swelling and edema with air collections bilaterally.
4.      Left cerebellar hemorrhage, hematomas, with small areas of hemorrhage adjacent to the fracture areas with hemorrhage also within the left lateral ventricle and third ventricle.
5.      Considerable cerebral edema.

Dr. Clark also dictated the final report on 10/23/06 of the **CT of the cervical spine**. The images were obtained from the base of the skull area into the upper thoraxic spine. His conclusion:

1.  Unremarkable cervical spine with no fracture or displacement.
2.  Fracture of right inferior lateral occipital area of the skull
3.  Fracture of distal right clavicle.
4.  Contusion and pleural effusion in the apical areas of the lung bilaterally, more severe on the right.

The last final report by Dr. Clark is for the **CT of the pelvis**. Unremarkable pelvis (X-Ray)

One more Chest X-Ray read by Dr. Clark (10/23/06)
Conclusions:

1.  Acute fracture, distal 1/3 of the right clavicle.
2.  Mildly prominent cardiothymic silhouette
3.  Atelectasis at the right lung base which may represent a contused chest
4.  Gaseous distention of the stomach
5.  Endotrachael tube distal tip located approximately 1 cm above the carina

# EXHIBIT F

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

TERICA BAKER,                          )
    Plaintiff,                         )
                       )
                       )
vs.                                    )    CIVIL ACTION NO.: CV 07-45
                       )    PLAINTIFF DEMANDS JURY TRIAL
TRI-NATIONS EXPRESS, INC., d/b/a        )
T N X, Inc., a company;                 )
EDUVIGES PENA, an individual, and       )
SHAMECA MONECA BAKER, an                )
individual; and No. 1, whether          )
singular or plural, that entity or      )
those entities who or which was or      )
were the owners of the tractor trailer  )
driven by EDUVIGES PENA,                )
on the date of the occurrence made the  )
basis of this lawsuit; No. 2, whether   )
singular or plural, that person,        )
partnership, corporation or entity      )
who entrusted EDUVIGES PENA,            )
with a motor vehicle                    )
on the date of the occurrence made the  )
basis of this suit; No. 3, whether singular )
or plural, that person, partnership,    )
corporation or entity which had any     )
input into or control over the          )
management and/or supervision of        )
EDUVIGES PENA on the date               )
of the occurrence made the basis of this )
lawsuit; No. 4 , whether singular       )
or plural, that person, partnership,    )
corporation or entity other than        )
those described above, whose            )
negligence and/or wanton               )
conduct and/or other wrongful conduct   )
contributed to cause the occurrence     )
made the basis of this lawsuit; No. 5,  )
whether singular or plural, that        )
person, partnership, corporation or     )
entity which provide any insurance      )
coverage of whatever kind or            )
character to any of the named or        )
fictitious defendants herein; No. 6,    )
whether singular or plural, that entity )
or those entities, other than those     )

described above, which is the          )
successor in interest of any of the     )
entities described above.  Plaintiff    )
avers that the identities of the fictitious   )
party defendants herein are otherwise   )
unknown to the plaintiff at this time;   )
or if their names are known to the      )
plaintiff at this time, their           )
identities as proper party defendants   )
are not known, and their true names will  )
be substituted by amendment when        )
ascertained.                            )
                                        )
          Defendants.                   )
                                        )

## COMPLAINT

## THE PARTIES

1. Plaintiff, Terica Baker, is a resident of 244 College Street, Brundidge, Alabama 36010 and is over the age of nineteen (19) years.

2. Defendant, TRI-NATIONS EXPRESS, INC., d/b/a T.N X, Inc., upon information and belief, is a company incorporated in and doing business in McAllen, Texas.

3. Defendant, EDUVIGES PENA, upon information and belief, is a resident of San Juan, Texas and is over the age of nineteen (19) years.

4. Defendant, Shameca Moneca Baker, is a resident of 326 John Street, Brundidge, Alabama 36010 and is over the age of nineteen years.

4. The defendants, Nos. 1,2,3,4,5, and 6, whose correct names and identities are unknown to the plaintiffs at this time but who will be more correctly named when their identities are ascertained and the respective persons and/or entities who or which fit the description below:

No. 1, whether singular or plural, that person, partnership, corporation or entity who or which owned the tractor trailer driven by EDUVIGES PENA on the date of the occurrence made

the basis of this lawsuit; No. 2, whether singular or plural, that person, partnership, corporation or entity who entrusted EDUVIGES PENA with a motor vehicle on the date of the occurrence made the basis of this lawsuit; No. 3, whether singular or plural, that person, partnership, corporation or entity which had any input into or control over the management and/or supervision of EDUVIGES PENA on the date of the occurrence made the basis of this lawsuit; No. 4, whether singular or plural, that person, partnership, corporation or entity other than those described above, whose negligence and/or wanton conduct and/or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; No. 5, whether singular or plural, that person, partnership, corporation or entity which provide any insurance coverage of whatever kind or character to any of the named or fictitious defendants herein; No. 6, whether singular or plural, that entity or those entities, other than those described above, which is the successor in interest of any of the entities described above.  Plaintiff avers that the identities of the fictitious party defendants herein are otherwise unknown to the plaintiff at this time; or if their names are known to the plaintiff at this time, their identities as proper party defendants are not known, and their true names will be substituted by amendment when ascertained.

## COUNT I

## NEGLIGENCE OR WANTONNESS

5. Plaintiff realleges paragraphs 1 through 4 of the Parties section with all the force and effect as if it were herein stated.

6. On or about the 22nd day of October, 2006, upon a public road, to-wit: Interstate 85 North between Macon County Road 53 and the Lee County Line, Macon County, Alabama, Defendant Eduviges Pena, and/or Defendant TRI-NATIONS EXPRESS, INC., and/or one or

more of the fictitious parties named and described in the caption hereof negligently or wantonly

caused or allowed a vehicle to collide with the automobile plaintiff was a passenger.

    7.    As a proximate consequence of the defendants' negligence or wantonness, plaintiff

Terica Baker was caused to suffer the following injuries and damages:

    (a)    Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

    (b)    Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

    (c)    Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

    (d)    Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

    (e)    Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

    (f)    The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

    (g)    Plaintiff suffered severe mental anguish and/or emotional distress from the said injuries caused by the defendants;

    8.    At all time material to this lawsuit, defendant EDUVIGES PENA was acting in

the line and scope of his employment with defendant TRI-NATIONS EXPRESS, INC. and/or

one or more of the fictitious defendants named and described in the caption hereof or was acting

as an agent or employee of defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the

fictitious defendants named and described in the caption hereof and was acting in furtherance of

his employment with defendant TRI-NATIONS EXPRESS, INC..

    **WHEREFORE, PREMISES CONSIDERED,** plaintiff demands a judgment against the

defendants jointly and severally, for compensatory and punitive damages plus interests and costs

in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as

may be assessed by the jury.

## COUNT II

### NEGLIGENT ENTRUSTMENT

9. Plaintiff realleges and adopts by reference all the allegations contained in paragraphs 1 through 8 with all the force and effect as if fully set out herein.

10. At all times material to this lawsuit Defendant EDUVIGES PENA was in charge or control of the vehicle entrusted to him by Defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption hereof. Defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption hereof negligently or wantonly entrusted the said vehicle to defendant EDUVIGES PENA prior to the subject automobile collision.

11. As a proximate consequence of defendants' negligence or wantonness, plaintiff Terica Baker was caused to suffer the following injuries and damages:

(a)    Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

(b)    Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

(c)    Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

(d)    Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

(e)    Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

(f)    The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

(g)    Plaintiff suffered severe mental anguish and/or emotional distress from the said

injuries caused by the defendants;

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands a judgment against the defendants jointly and severally, for compensatory and punitive damages plus interests and costs in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as may be assessed by the jury.

## COUNT III

## SUBSEQUENT NEGLIGENCE

12. Plaintiff realleges and adopts by reference all the allegations contained in paragraphs 1 through 11 with all the force and effect as if fully set out herein.

13. Defendant EDUVIGES PENA, Defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein after knowing and observing the vehicle occupied by Plaintiff, Terica Baker in a perilous position, negligently or wantonly failed to keep a proper lookout and avoid the collision.

14. As a proximate consequence of defendants' negligence or wantonness, plaintiff, Terica Baker was caused to suffer the following injuries and damages:

    (a)    Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

    (b)    Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

    (c)    Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

    (d)    Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

    (e)    Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

(f)  The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

(g)  Plaintiff suffered severe mental anguish and/or emotional distress from the said injuries caused by the defendants;

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands a judgment against the defendants jointly and severally, for compensatory and punitive damages plus interests and costs in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as may be assessed by the jury.

## COUNT IV

### NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION

15.  Plaintiff realleges and adopts by reference all the allegations contained in paragraphs 1 through 14 with all the force and effect as if fully set out herein.

16.  Defendants TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein had a duty to use reasonable care in hiring, training and supervision of defendant EDUVIGES PENA.

17.  Defendants TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein failed to use reasonable care or recklessly and/or wantonly hired EDUVIGES PENA and/or failed to adequately train and supervise defendant EDUVIGES PENA.

18.  The negligent and/or wanton actions of defendant EDUVIGES PENA arose out of the line and scope of his duties with defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein, therefore,

defendant TRI-NATIONS EXPRESS, INC. and/or one or more of the fictitious party defendants named and described in the caption herein are vicariously liable for the actions of defendant EDUVIGES PENA.

19. As a proximate consequence of defendants' negligence or wantonness, plaintiff Terica Baker was caused to suffer the following injuries and damages:

(a)    Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

(b)    Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

(c)    Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

(d)    Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

(e)    Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

(f)    The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

(g)    Plaintiff suffered severe mental anguish and/or emotional distress from the said injuries caused by the defendants;

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands a judgment against the defendants jointly and severally, for compensatory and punitive damages plus interests and costs in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as may be assessed by the jury.

## COUNT V

## NEGLIGENCE OR WANTONNESS

20. Plaintiff realleges paragraphs 1 through 19 of the Parties section with all the force and effect as if it were herein stated.

21. On or about the 22nd day of October, 2006, upon a public road, to-wit: Interstate 85 North between Macon County Road 53 and the Lee County Line, Macon County, Alabama, Defendant, Shameca Moneca Baker was operating a 1998 GMC Jimmy in the left hand lane, which was owned by Plaintiff, Terica Baker, in which Plaintiff was a passenger, when the right front tire of said automobile blew out. After the tire blew out the Defendant, Shameca Moneca Baker, negligently and/or wantonly operated said vehicle by slowing down and stopping in said lane. That said negligence and wantonness of Defendant, Shameca Moneca Baker combined and concurred with the negligent and wanton conduct of Defendant Eduviges Pena, and/or Defendant TRI-NATIONS EXPRESS, INC., and/or one or more of the fictitious parties named and described in the caption hereof negligently or wantonly caused or allowed a vehicle to collide with the automobile plaintiff was a passenger.

22. As a proximate consequence of the defendants' combined and concurring negligence or wantonness, plaintiff Terica Baker was caused to suffer the following injuries and damages:

(a) Plaintiff was knocked, shocked, bruised, contused, and suffered severe injuries to her body;

(b) Plaintiff was caused to incur hospital, physicians' and medical expenses in the past;

(c) Plaintiff suffered great pain and suffering from the injuries caused by the defendants;

(d) Plaintiff will continue to incur hospital, physicians' and medical expenses in the future;

(e) Plaintiff continues to suffer great pain and suffering caused by the defendants and will continue to do so in the future;

(f) The capacity of the Plaintiff to enjoy life and to participate in many social and physical activities which she previously engaged has been reduced;

(g) Plaintiff suffered severe mental anguish and/or emotional distress from the said injuries caused by the defendants;

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands a judgment against the defendants jointly and severally, for compensatory and punitive damages plus interests and costs in an amount in excess of the minimum jurisdictional amount of the circuit courts of this State as may be assessed by the jury.

Respectfully submitted,

MILTON C. DAVIS (DAV 035)
Attorney for Plaintiff

304 N. MAIN STREET
P. O. BOX 830509
TUSKEGEE, ALABAMA 36083-0509
Tel. (334) 727-6500
Fax (334) 727-6556

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

MILTON C. DAVIS (DAV 035)
Attorney for Plaintiff

## SERVE DEFENDANTS AT:

WAYNE PHILLIPS
Registered Agent
TRI-NATIONS EXPRESS, INC.
d/b/a T N X, INC.
1213 W. Express 73
Pharr, Texas 78577
(210) 787-0071

EDUVIGES PENA
350 E. 15th Street
San Juan, Texas 78589
(756) 782-0156

SHAMECA MONECA BAKER
326 John Street
Brundidge, AL 36010
(334) 333-8834

# EXHIBIT G

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | | |
|---|---|---|
| TERICIA BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.:2007-45 |
| | ) | |
| | ) | |
| TRI-NATIONS EXPRESS, INC., | ) | |
| EDUVIGES PENA, SHAMECA | ) | |
| MONECA BAKER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| SHAMECA MONECA BAKER, | ) | |
| individually, and as parent, guardian | ) | |
| and next friend of ███████████ | ) | |
| ███████████ and ███████████ | ) | |
| ███████████ minors, | ) | |
| | ) | CIVIL ACTION NO.:2007-45 |
| Defendant/Cross Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| TRI-NATIONS EXPRESS, INC., | ) | |
| EDUVIGES PENA, et al. | ) | |
| | ) | |
| Cross Defendants. | ) | |

## ANSWER, CROSSCLAIMS AND COMPLAINT OF DEFENDANT SHAMECA MONECA BAKER, INDIVIDUALLY, AND AS PARENT, GUARDIAN AND NEXT FRIEND OF █████████████████ AND ████████████████, MINORS

COMES NOW Defendant, Shameca Moneca Baker ("S. Baker"), by and through the undersigned counsel, and files her Answer, Cross Claims and Complaint, individually, and as parent, guardian and next friend of ███████████████ and ████████████ minors, in response to the Complaint filed by Plaintiff, Tericia Baker and states the following:

1

## ANSWER

Defendant S. Baker denies each and every material allegation contained in Plaintiff Tericia Baker's Complaint and demands strict proof thereof.  Furthermore, S. Baker files this Cross Claim against Defendants Tri-Nations Express and Eduviges Pena (hereinafter collectively referred to as "Cross Defendants") and denies each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

### First Defense

1.  S. Baker admits the material allegations set forth in Paragraph 1 of the Plaintiff's Complaint.

2.  S. Baker admits the material allegations set forth in Paragraph 2 of the Plaintiff's Complaint.

3.  S. Baker admits the material allegations set forth in Paragraph 3 of the Plaintiff's Complaint.

4.  S. Baker admits the material allegations set forth in Paragraph 4 of the Plaintiff's Complaint.

5.  S. Baker denies each and every material allegation imputing negligence/wantonness to S. Baker set forth in Paragraph 5 of the Plaintiff's Complaint and demands strict proof thereof.

6.  S. Baker denies each and every material allegation set forth in Paragraph 6 of the Plaintiff's Complaint and demands strict proof thereof.

7.  S. Baker admits the material allegations set forth in Paragraph 7 of the Plaintiff's Complaint.

8.    Paragraph 8 of the Plaintiff's Complaint does not require a response, but to the extent one is deemed required, S. Baker denies each and every material allegation set forth therein and demands strict proof thereof.

## Second Defense

S. Baker avers that the Plaintiff's Complaint fails to state a cause of action against her.

## Third Defense

S. Baker denies each and every material allegation in the Plaintiff's Complaint to the extent not admitted above, and demands strict proof of each claim or allegation not expressly admitted.

## Fourth Defense

S. Baker pleads the general issue.

## Fifth Defense

S. Baker states that she is not indebted or liable to Plaintiff in any manner or amount whatsoever.

## Sixth Defense

S. Baker avers the equitable defenses of estoppel, laches, waiver, unclean hands, and failure to do equity.

## Seventh Defense

S. Baker avers the affirmative defenses of mitigation of damages, ratification and payment.

## Eighth  Defense

S. Baker expressly reserves the right to amend this Answer should any further defenses become available.

## CROSS CLAIMS/COMPLAINT

## STATEMENT OF THE PARTIES

1.  Defendant/Cross Plaintiff, Shameka Moneca Baker ("S. Baker") is over the age of majority and is a resident citizen of Pike County, Alabama.

2.  Defendant/Cross Plaintiff S. Baker is the mother, guardian and next friend of Plaintiff, ██████████████ ("███████████"), a minor. ██████████resides with her mother in Pike County, Alabama.

3.  Defendant/Cross Plaintiff S. Baker is the mother, guardian and next friend of Plaintiff, ███████████ ("████████"), a minor. ████████ resides with his mother in Pike County, Alabama.

4.  S. Baker, ████████and ████████shall be collectively referred to as "Cross Plaintiffs."

5.  Defendant, Eduviges Pena ("Pena"), is over the age of majority and is a resident of San Juan, Texas. At all relevant times to this lawsuit Defendant Pena was acting as an agent, servant, and/or employee of Defendant Tri-Nations Express, Inc. (hereinafter referred to as "Tri-Nations").

6.  Defendant Tri-Nations is a foreign corporation, incorporated under the laws of the state of Texas.

7.  Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to the cause of the injuries and damages to the Plaintiffs, all of whose true

and correct names are unknown to the Plaintiffs at this time, but will be substituted by amendment when ascertained.

8.  Fictitious Defendants "D," "E," and "F," whether singular or plural being those persons, corporations, firms, or other entities, which is the successor in interest of any of the persons, corporations, firms, or other entities described above.

9.  Defendants Pena, Tri-Nations and Fictitious Defendants "A-F" shall be collectively referred to as "Cross Defendants."

## FACTS

10. On or about October 22, 2006, Tericia Baker, S. Baker, ███████████ and ███████████ were traveling on Interstate 85 North, in or around Macon County Road 53 in Macon County, Alabama.

11. At said time and place, S. Baker was operating a 1998 GMC Jimmy sports utility vehicle, which was owned by Tericia Baker, in a proper manner along said roadway.

12. Cross Defendant Pena, individually and while acting as an agent, servant, and/or employee of Defendant Tri-Nations, and while in the line and scope of his duties, did negligently and/or wantonly operate the vehicle he was driving allowing said vehicle to collide into the rear of the vehicle driven and/or occupied by Tericia Baker and Cross Plaintiffs S. Baker, ██████████ and ██████████.

13. As a result of said accident, Cross Plaintiffs S. Baker, ██████████ and ██████████ suffered severe injuries as set forth in this complaint.

## COUNT I
### Negligence/Wantonness

14. Cross Plaintiffs re-alleges and incorporates the allegations in the preceding paragraphs as

if fully set forth herein.

15.    Cross Defendant Pena had a duty to:

 a. exercise reasonable care in the operation of the motor vehicle he was operating;

 b. exercise reasonable care and to avoid colliding with the Cross Plaintiff; and

 c. be attentive and not operate his vehicle recklessly;

16.    While acting within the line and scope of his employment with Defendant Tri-Nations, Cross Defendant Pena negligently and/or wantonly breached his duty to use such reasonable care as required by the law.

17.    Cross Defendant Pena's negligent and/or wanton failures were the cause-in-fact and proximate cause of the accident and the severe injuries suffered by Cross Plaintiffs.

18.    As a proximate consequence of the Cross Defendants' negligence and/or wantonness, Cross Plaintiffs were caused to suffer the following damages:

19.    As a proximate consequence of the Cross Defendants' negligence and/or wantonness, ███████ was caused to suffer the following damages:

 a) A broken femur, multiple contusions and lacerations;

 b) Permanent physical injury;

 c) Medical bills and other financial losses;

 d) Past, present, and future pain and suffering;

 e) Past, present, and future mental anguish and emotional distress; and

 f) All damages permitted under Alabama law.

20.    As a proximate consequence of the Cross Defendants' negligence and/or wantonness, ███████ was caused to suffer the following damages:

 a) Multiple skull fractures, brain hemorrhaging, a closed head injury, multiple

contusions and lacerations;

b)      Permanent neurological impairment;

c)      Permanent physical injury;

d)      Medical bills and other financial losses;

e)      Past, present, and future pain and suffering;

f)      Past, present, and future mental anguish and emotional distress; and

g)      All damages permitted under Alabama law.

21.    As a proximate consequence of the Cross Defendants' negligence and/or wantonness,  S.

Baker  was caused to suffer the following damages:

a)      injuries to her right wrist, right arm, right hand, neck, back and legs;

b)      Medical bills and other financial losses;

c)      Past, present, and future pain and suffering;

d)      Lost Wages;

e)      Past, present, and future mental anguish and emotional distress; and

f)      All damages permitted under Alabama law.


WHEREFORE, as a direct and proximate result of such negligence, grossly negligent, wanton, reckless, malicious and/or intentional conduct, Cross Plaintiffs assert a claim for judgment for all compensatory damages and punitive damages against the Cross Defendants, jointly and severally, and all fictitious party Cross Defendants in an amount to be determined by the jury, plus costs and other relief to which plaintiff is entitled by law.

## COUNT II
### Negligent Hiring, Training and Supervision

22.   Cross Plaintiffs re-alleges and adopt by reference each of the foregoing paragraphs, as if fully set forth herein.

23.   Cross Defendant Tri-Nations had a duty to use reasonable care in hiring, training and supervising Cross Defendant Pena.

24.   Cross Defendant Tri-Nations acted negligently and/or wantonly and with reckless disregard for the safety of the Cross Plaintiffs in the hiring, training, and supervision of Cross Defendant Pena.

25.   Cross Defendants' negligent failure to use reasonable care was the cause-in-fact and proximate cause of the accident and the severe injuries suffered by Cross Plaintiffs as set forth above.

26.   As a proximate consequence of Cross Defendants negligence, Cross Plaintiffs suffered severe injuries and were damaged as set forth above.

      WHEREFORE, as a direct and proximate result of such negligence, grossly negligent, wanton, reckless, malicious and/or intentional conduct, Cross Plaintiffs assert a claim for judgment for all compensatory damages and punitive damages against the Cross Defendants, jointly and severally, and all fictitious party Cross Defendants in an amount to be determined by the jury, plus costs and other relief to which plaintiff is entitled by law.

## COUNT III
## Negligent Entrustment

27.   Cross Plaintiffs re-allege and adopt by reference each of the foregoing paragraphs, as if fully set forth herein.

28.   Cross Defendant Tri-Nations had a duty to use reasonable care in the entrustment of the vehicle to Cross Defendant Pena.

29.   Cross Defendants acted negligently and/or wantonly and with reckless disregard for the

safety of the Cross Plaintiffs in the entrustment of the vehicle to Cross Defendant Pena.

30.    Cross Defendants' wanton and reckless misconduct was the cause-in-fact and proximate cause of the accident and the severe injuries suffered by Cross Plaintiff as set forth above.

WHEREFORE, as a direct and proximate result of such negligence, grossly negligent, wanton, reckless, malicious and/or intentional conduct, Cross Plaintiffs assert a claim for judgment for all compensatory damages and punitive damages against the Cross Defendants, jointly and severally, and all fictitious party Cross Defendants in an amount to be determined by the jury, plus costs and other relief to which plaintiff is entitled by law.

Respectfully Submitted,

 /s/ Charles James, II
**Tyrone C. Means (MEA001)**
**C. Wade Robinson (ROB004)**
**Charles James, II (JAM028)**

**OF COUNSEL:**
THOMAS, MEANS,GILLIS & SEAY,  P.C.
POST OFFICE DRAWER 5058
3121 ZELDA COURT
MONTGOMERY, ALABAMA 36103-5058
(334)270-1033 Fax: (334)260-9396

**CROSS PLAINTIFFS DEMANDS A TRIAL BY JURY**

 /s/ Charles James, II
**OF COUNSEL**

# EXHIBIT H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **TERICA BAKER,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | |
| | * | **Civil Action No.:** 3:07-CV-453 |
| **TRI-NATIONS EXPRESS,** | * | |
| **INC. d/b/a TNX, INC.;** | * | |
| **EDUVIGES PENA; et al.,** | * | |
| | * | |
| **Defendants** | * | |

---

## DEFENDANTS TRI-NATIONS EXPRESS, INC. d/b/a TNX, INC. and EDUVIGES PENA'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF TERICA BAKER

---

COME NOW **TRI-NATIONS EXPRESS, INC. d/b/a TNX, INC.** ("TNX")

and **EDUVIGES PENA** ("PENA"), Defendants in the above-styled cause, by and

through their undersigned counsel of record and pursuant to Rules 33 and 34 of the

Federal Rules of Civil Procedure, and propound the following Interrogatories and

Requests for Production to the Plaintiff, Terica Baker, separately, to be answered

within the time and manner set forth by an order from this court.[1]

## **INTERROGATORIES**

1.  Did you at any time retain Joe Lampley, Esq. ("Lampley) and/or his law firm to represent you in this matter?  If so, on what date did you retain his legal services?

2.  Did you sign any agreement evidencing your intent for Lampley and/or his law firm to represent you in this matter?  If so, on what date was said agreement signed?

3.  Did you ever meet with Lampley and/or another member of his law firm to discuss matters pertaining to this lawsuit?  If so, provide the date(s) of any such meeting(s).

4.  Are you aware of Defendant, Shameca Baker, retaining Lampley and/or his law firm to represent her in this matter?

5.  Are you aware of Shameca Baker signing any agreement evidencing her intent for Lampley and/or his law firm to represent her in this matter?

---

[1]These discovery requests are being filed in conjunction with a motion requesting that this court enter an emergency order allowing these Defendants to conduct discovery to determine whether counsel for Plaintiff, Terica Baker, and Defendant, Shameca Moneca Baker, have acted in concert with one another to affect a mutual benefit of keeping this lawsuit in the Circuit Court of Macon County, Alabama, by destroying diversity so that Defendants TNX and Pena are precluded from removing the lawsuit to federal court.

6.  Are you aware of Shameca Baker meeting with Lampley and or another member of his law firm to discuss matters pertaining to this lawsuit? Were you present at any such meeting(s)?

7.  Did Lampley refer you and your claims to Milton Davis, Esq. ("Davis")?

8.  Did you sign any agreement evidencing your intent for Davis and/or his law firm to represent you in this matter? If so, on what date was said agreement signed?

9.  Are you aware of any agreement between Lampley and Davis, or their respective law firms, concerning your legal representation in this matter? If so, what is your understanding of the agreement?

10. Did you ever meet with Tyrone Means, Esq. and/or another member of his law firm concerning matters pertaining to this lawsuit?

## REQUESTS FOR PRODUCTION

11. Please produce any and all agreements whereby Lampley and/or his law firm undertook to represent you in this matter, including but not limited to any such agreements which may have been required under Rule 1.5 of the Alabama Rules of Professional Conduct.

12. Please produce any and all agreements whereby Davis and/or his law firm undertook to represent you in this matter, including but not limited to any such

agreements which may have been required under Rule 1.5 of the Alabama Rules of Professional Conduct.

Respectfully submitted,

K. DONALD SIMMS
ASB-9801-M63K
*Counsel for Defendants TNX and Pena*

OF COUNSEL:
MILLER, HAMILTON, SNIDER & ODOM, L.L.C.
The Financial Center
505 20th Street , N., Suite 500
Birmingham, Alabama 35203
Telephone:  (205) 226-5200
Facsimile:  (205) 226-5226
E-mail:     kerisimms@mhsolaw.com

STANLEY GRAY
ASB-4274-U79W
*Counsel for Defendants TNX and Pena*

OF COUNSEL:
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
Telephone:  (334) 727-4830
Facsimile:  (334) 727-5877
E-mail:     sgray@glsmgn.com

-4-

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading by placing

a copy of same in the United States Mail, first-class postage prepaid, on this the 21st

day of May, 2007:

        Mr. Milton Davis
        P.O. Box 830509
        Tuskegee, AL 36083-0509
            *Counsel for Terica Baker*

        Mr. Charles James
        Mr. Tyrone C. Means
        THOMAS, MEANS, GILLIS & SEAY, P.C.
        P.O. Drawer 5058
        Montgomery, AL 36103-5058
            *Counsel for Shameca Moneca Baker, ▮▮▮▮▮▮ and*
            ▮▮▮▮▮

OF COUNSEL

-5-

# EXHIBIT I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **TERICA BAKER,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **vs.** | * | |
| | * | **Civil Action No.:** |
| **TRI-NATIONS EXPRESS,** | * | 3:07-CV-453 |
| **INC. d/b/a TNX, INC.;** | * | |
| **EDUVIGES PENA; et al.,** | * | |
| | * | |
| **Defendants**. | * | |

| | |
|---|---|
| **SHAMECA MONECA BAKER** | * |
| **individually, and as parent, guardian** | * |
| **and next friend of** ████████ | * |
| ████████ **and** ████████ | * |
| ████████ **, minors** | * |
| | * |
| **Defendant/Cross Plaintiffs,** | * |
| | * |
| **vs.** | * |
| | * |
| **TRI-NATIONS EXPRESS, INC.,** | * |
| **EDUVIGES PENA, et. al.** | * |
| | * |
| **Cross Defendants.** | * |

## DEFENDANTS TRI-NATIONS EXPRESS, INC. d/b/a TNX, INC. and EDUVIGES PENA'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT SHAMECA BAKER

COME NOW **TRI-NATIONS EXPRESS, INC. d/b/a TNX, INC.** ("TNX")

and **EDUVIGES PENA** ("PENA"), Defendants in the above-styled cause, by and

through their undersigned counsel of record and pursuant to Rules 33 and 34 of the

Federal Rules of Civil Procedure, and propound the following Interrogatories and

Requests for Production to the Defendant, Shameca Baker, separately, to be answered

within the time and manner set forth by an order from this court.[1]

### **INTERROGATORIES**

1.    Did you at any time retain Joe Lampley, Esq. ("Lampley) and/or his law firm

to represent you in this matter? If so, on what date did you retain his legal

services?

2.    Did you sign any agreement evidencing your intent for Lampley and/or his law

firm to represent you in this matter? If so, on what date was said agreement

signed?

3.    Did you ever meet with Lampley and/or another member of his law firm to

---

[1]These discovery requests are being filed in conjunction with a motion
requesting that this court enter an emergency order allowing these Defendants to
conduct discovery to determine whether counsel for Plaintiff, Terica Baker, and
Defendant, Shameca Moneca Baker, have acted in concert with one another to
affect a mutual benefit of keeping this lawsuit in the Circuit Court of Macon
County, Alabama, by destroying diversity so that Defendants TNX and Pena are
precluded from removing the lawsuit to federal court.

discuss matters pertaining to this lawsuit?    If so, provide the date(s) of any such meeting(s).

4.    Are you aware of Plaintiff, Terica Baker, retaining Lampley and/or his law firm to represent her in this matter?

5.    Are you aware of Terica Baker signing any agreement evidencing her intent for Lampley and/or his law firm to represent her in this matter?  Were you present at any such meeting(s)?

6.    Are you aware of Terica Baker meeting with Lampley and or another member of his law firm to discuss matters pertaining to this lawsuit?

7.    Did Lampley refer you and your claims to Tyrone Means, Esq. ("Means")?

8.    Did you sign any agreement evidencing your intent for Means and/or his law firm to represent you in this matter?  If so, on what date was said agreement signed?

9.    Are you aware of any agreement between Lampley and Means, or their respective law firms, concerning your legal representation in this matter? If so, what is your understanding of the agreement?

10.    Did you ever meet with Milton Davis, Esq. and/or another member of his law firm concerning matters pertaining to this lawsuit?

## REQUESTS FOR PRODUCTION

11.    Please produce any and all agreements whereby Lampley and/or his law firm undertook to represent you in this matter, including but not limited to any such agreements which may have been required under Rule 1.5 of the Alabama Rules of Professional Conduct.

12.    Please produce any and all agreements whereby Means and/or his law firm undertook to represent you in this matter, including but not limited to any such agreements which may have been required under Rule 1.5 of the Alabama Rules of Professional Conduct.

Respectfully Submitted,

K. Donald Simms (ASB-9801-M63K)
*Counsel for Defendants TNX and Pena*

OF COUNSEL:
MILLER, HAMILTON, SNIDER & ODOM, L.L.C.
500 Financial Center
505 North 20th Street
Birmingham, AL 35203
Ph: 205.226.5200
Fx: 205.226.5226
Em: KeriSimms@mhsolaw.com

-4-

_[signature]_

Stanley Gray (ASB-4274-U79W)
*Counsel for Defendants TNX and Pena*

OF COUNSEL:
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
Ph: 334.727.4830
Fx: 334.727.5877
Em: sgray@glsmgn.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid and properly addressed on this _21st_ day of _May, 2007_ to:

Mr. Milton Davis
P.O. Box 830509
Tuskegee, AL 36083-0509
*Counsel for Terica Baker*

Mr. Charles James
Mr. Tyrone C. Means
THOMAS, MEANS, GILLIS & SEAY, P.C.
P.O. Drawer 5058
Montgomery, AL 36103-5058
*Counsel for Shameca Moneca Baker, ▓▓▓▓▓▓▓▓▓▓ and*
▓▓▓▓▓▓▓▓▓▓

_[signature]_

OF COUNSEL

-5-