IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **TERICA BAKER** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. CV- 3:07-cv-453** |
| | * | |
| **TRI-NATIONS EXPRESS, INC., et al.,** | * | |
| | * | |
| **Defendants** | | |

**DEFENDANT/CROSS PLAINTIFF SHAMECA BAKER'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

**COMES NOW** Defendant/Cross-Plaintiff, Shameka Baker, and files this Memorandum in Support of Motion to Remand and states the following:

## I. INTRODUCTION

Plaintiff, Terica Baker, filed this case on April 19, 2007, in the Circuit Court of Macon County, Alabama, alleging state law claims of negligence, wantonness, negligent supervision, hiring and training and negligent entrustment against Tri-Nations Express. Inc. (hereinafter "TNX"), Eduviges Pena (hereinafter "Pena") and Shameka Baker (See Complaint). On April 26, 2007, Cross-Plaintiff Baker filed an Answer to Terica Baker's Complaint, and included a Cross Claim on behalf of herself and her two minor children, which was an Answer to Terica Baker's Complaint and a Cross Claim against Defendants TNX and Pena (hereinafter collectively "Defendants"). Shameca Baker's Answer and Cross Claim also alleged state law claims of negligence, wantonness, negligent supervision, hiring and training and negligent entrustment against Pena and TNX. On May 21, 2007, Defendants Pena and TNX filed a Notice of Removal and Memorandum

Brief in Support thereof claiming that diversity jurisdiction exists in this case and that the Defendants were fraudulently joined. On the same date, Defendants also filed a Motion For Emergency Discovery Order. Plaintiff moves this Court to remand this case since the amount in controversy requirement has not been met and the Defendants have presented no evidence that they have been fraudulently joined in this action.

## II. PLAINTIFF, TERICA BAKER, HAS AN ACTIONABLE CLAIM AGAINST DEFENDANT/CROSS PLAINTIFF, SHAMECA BAKER

In their Memorandum Brief in Support of Notice of Removal, Defendants erroneously argue that the Alabama Guest Passenger Statute precludes Terica Baker from asserting a valid claim against Cross Plaintiff. Defendants contend that, "[U]nder the facts and circumstances of this lawsuit, there is no possibility that the state court would find a claim for wantonness." (*See* Defendants' Memorandum, Paragraph 7).

The Defendants' position is noteworthy because it directly contradicts the responses in their Answer to Shameca Baker's Cross Claim (hereinafter "Cross Claim Answer") and Answer to Plaintiff Terica Baker's Complaint (hereinafter "T. Baker Answer"). In their Answer to the Cross Claim, Defendants "admit that Shameca Moneca Baker was operating a 1998 GMC Jimmy sports utility vehicle. Defendants deny that Shameca Moneca Baker was operating the vehicle in a proper manner." (*See* Cross Claim Answer, Paragraph 10). In their Sixth Affirmative Defense, Defendants plead contributory negligence on the part of Shameca Baker and aver that she contributed to not only to her own damages, but also the damages of Terica Baker. (Cross Claim Answer, p. 10; T. Baker Answer p. 6). They further allege in the Sixth Affirmative Defense, that Shameca Baker, "failed to exercise for her own protection, the proper care and precautions which a

prudent person under the same and/or similar circumstances would have exercised." (Cross Claim Answer p. 6).

The Defendants' Seventh Affirmative Defense alleges that Shameca Baker's actions "while driving the vehicle in which Plaintiff Terica Baker was riding in this matter constitute contributory negligence per se and are in violation of a number of the Alabama Rules of the Road." (T. Baker Answer p.6). The Defendants' Eighth Affirmative Defense pleads the affirmative defense of contributory negligence. (Cross Claim Answer, p. 6; T. Baker Answer p. 6). The Ninth Affirmative Defense avers that Shameca Baker "failed to keep a proper lookout." (*Id.* p. 7).

Using the Defendants' own Answers to the pleadings as a guide, it is readily apparent that the Defendants' litigation strategy is to impute liability for the collision to Shameka Baker. Yet, despite the litany of allegations levied against Shameka Baker, they would have this Court believe that she is immune from prosecution under Alabama law. It is laughable that the Defendants can make such allegations with regard to Terica Baker having no legitimate claim against Cross Plaintiff, Shameca Baker. Regardless of venue or the outcome of this motion, Defendants have made it clear from the outset that their legal strategy for this lawsuit will be to impute causation of the collision to Shameka Baker. It is highly contradictory that they allege in their Notice of Removal and supporting memorandum that Terica Baker has no actionable claim against Shameca Baker. Considering that no formal discovery has been conducted, Cross Plaintiff finds Defendants' conclusion premature, unfounded and woefully misguided. The relationship of the parties, the acts and omissions of the alleged tortfeasors and the nature and purpose of the trip are ultimately issues that should be determined by a Macon County jury.

## III. DEFENDANTS' CLAIMS OF FRAUDULENT JOINDER ARE WITHOUT MERIT AND DUE TO BE DISMISSED

So long as Terica Baker has an actionable, meritable claim against Shameca Baker, the driver of the vehicle that Terica Baker occupied at the time of the accident, then there is no fraudulent joinder. Cross Plaintiff concedes that the "fraudulent joinder" of a Defendant for the purpose of avoiding diversity is sufficient grounds for removal but only if proven according to the standard required. *See Insinga v. LaBella*, 845 F. 2d 249 (11th Cir. 1988). The joinder of an indispensable party defendant with the same citizenship as the plaintiff destroys diversity jurisdiction under 28 U.S.C.A. § 1332, *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 52 S. Ct. 84, 76 L. Ed. 233, 77 A.L.R. 904 (1931); and it is immaterial that plaintiff's motive is to destroy diversity jurisdiction, provided there is in good faith a cause of action against those joined. *Id.* Any contested issues of fact and ambiguities in state law should be resolved in the plaintiff's favor and some courts have held that proof that joinder is fraudulent must be by clear and convincing evidence. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003). Likewise, unchallenged factual allegations should be viewed in the light most favorable to the plaintiff. *Travis* at 649.

The facts of the present case do not support the contention that there was fraudulent joinder. Fraudulent joinder will be found only in very limited circumstances and the burden upon the parties seeking removal is to prove by clear and convincing evidence that the circumstances are present. *See Cabalceta v. Standard Fruit Company*, 883 F. 2d 1553 (11th Cir. 1989); *Coker v. Amoco Oil Company*, 709 F. 2d 1433 (11th Cir. 1983). Thus, "the burden of persuasion placed on those who do cry 'fraudulent joinder' is indeed a heavy one." *B, Inc. v. Miller Brewing Co.,* 663 F. 2d 245 (5th Cir. 1981). The 11th

Circuit has consistently held that the removing party has the following burden for establishing fraudulent joinder: (a) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (b) that there has been outright fraud in the pleadings of jurisdictional facts. *Cabalceta* at 1561. The Defendants wrongfully contend that Terica Baker has no viable claims that can be stated against Cross Plaintiff Shameca Baker and that they have been fraudulently joined. (Defendants' Memorandum Brief, Paragraphs 3-7). The Plaintiff's complaint in this case clearly states a cause of action against Defendant/Cross Plaintiff Shameca Baker, an Alabama resident. *Cabalceta* states that the determination of whether a cause of action is stated against an in-state Defendant must be made "based upon the plaintiff's pleadings at the time of removal." *Id.* "Joinder is only fraudulent if the facts asserted with respect to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis existed for any honest belief on the part of the plaintiff that there was joint liability." *Parks v. New York Times Co.,* 308 F. 2d 474, 477 (5th Cir. 1962). *Parks* also indicates that a case should be remanded if there is any doubt as to whether the Plaintiff has stated a cause of action. *Id*. at 477.

Based upon Terica Baker's Complaint and the Defendants' Answers to the Complaint and Cross Claim, Terica Baker maintains a clear cause of action against Shameca Baker. At the time of the accident, Shameka Baker was operating the vehicle, in which Terica Baker was a passenger. Terica Baker alleges that Shameca Baker was negligent and wanton in her operation of said vehicle. This negligence and wanton conduct, combined with the negligent and wanton actions of Defendants Pena and TNX, were the causes of the injuries that alleged by Terica Baker in her Complaint. Thus, the pleadings at the

time of removal clearly state a cause of action against the in-state Defendant/Cross Plaintiff Shameca Baker such that any argument under the first test for fraudulent joinder in *Cabalceta* is without merit. In addressing fraudulent joinder, *Cabalceta* states that the District Court should resolve all questions of fact and controlling law in favor of the plaintiff. *Cabalceta* at 561.

In their memorandum, Defendants cite, *Earnest v. State Farm Fire and Casualty Co*., 475 F. Supp. 2d, 1113, 1117 (N.D. Ala. 2007) and *Jamison v. Kerr-McGee Corp*., 151 F. Supp. 2d 742 (S.D. Miss. 2001) to support their imprudent allegations of a suspicious relationship between Shameca Baker, Terica Baker and their attorneys. Apart from such allegations being unfounded, untrue and unprofessional, Defendants' reliance on the aforementioned cases is unsound because the facts in those cases bear little semblance to the facts in the present case. The court in *Earnest* removed a case in which a landowner brought suit against State Farm (his homeowner's insurer), injured motorists and a landscape worker in Jefferson County, AL, alleging breach of duty to defend and/or indemnify him from the motorists' claim that the view of traffic was blocked by tall grass. The court held that the motorists and worker were fraudulently joined, because there was no possible cause of action that existed against them under the complaint. *Earnest* at 1114.

Defendants further rely upon *Grassi v. Ciba-Geigy, Ltd.* F. 2d 181 (5th Cir. 1990) to put forth the argument that due to Terica Baker's fraudulent joinder of Shameca Baker, Cross Plaintiff's Alabama citizenship is due to be disregarded for purposes of diversity jurisdiction. Defendant's reliance upon *Grassi* is misguided and not applicable in the present case. In *Grassi*, the Fifth Circuit held that federal courts have both the duty and

the responsibility to examine the motives underlying a partial assignment that destroys diversity. *Id.* In that case the plaintiff, obtained a default judgment against a subsidiary of the defendant. The subsidiary was an alien corporation, and the plaintiffs could not enforce the judgment in the subsidiary's country of incorporation under that country's law. Therefore, the plaintiffs instituted a state-court collection suit against the defendant-parent, which was also an alien corporation. On the same day they instituted that action, the plaintiffs assigned a 2% interest in their claim to another alien corporation. The defendants removed alleging diversity of citizenship, and the Plaintiffs moved to remand on the ground that complete diversity does not exist in a suit between aliens. The alien corporations involved were from Switzerland and Latin America *Grassi* at 182. This case involves an Alabama individual Plaintiff filing suit against an Alabama individual Defendant, a Texas individual Defendant and a Texas corporate entity. Terica Baker nor Shameca Baker are not making 11th hour transfers of interests involving Swiss bank accounts and Costa Rican corporations, in an attempt to circumvent international conflicts of laws and have a state court enforce a judgment, as in *Grassi*.

Defendants invoke the authority of *Newman Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989), to allege that Shameca Baker is a dispensable party Defendant. Again, their reliance on this case is misplaced. *Newman-Green* presented vastly different factual and procedural circumstances from those here. In that case, several years of discovery and pre-trial motions were followed by partial grants of summary judgment, 490 U.S. at 828, while in this case the parties have only answered the Complaints and filed a notice of removal. In addition, no discovery whatsoever has been taken in this case. Unlike this case, in *Newman-Green* dismissal of the non-diverse party would not prejudice any

remaining party or impede any potential tactical advantage. *Id.* at 838. Moreover, here, there is presently pending a state court action involving all the parties and the same issues. No such alternative forum existed in *Newman-Green.* The Court emphasized in *Newman-Green* that the authority to dismiss a dispensable non-diverse party "should be exercised sparingly." *Id*. at 837. To exercise that authority in this case would be to allow the exception *Newman-Green* provides to overshadow Fed.R.Civ.P. 17 & 19 and the complete diversity requirement.

Finally, there is nothing suspicious in the relationship between Terica Baker, Shameca Baker and their attorneys. It is highly disturbing that another member of the Bar would make such baseless accusations in federal court. Attorney Joe Lampley initially represented Terica Baker, Shameca Baker and Shamika Baker's minor children. Attorney Lampley tried to resolve the case on behalf of the Bakers but was unable to do so. In much the same manner that K. Donald Simms associated Stanley Gray, Attorney Lampley associated Thomas, Means, Gillis and Seay, P.C. (hereinafter "TMGS") to represent his clients. Upon a preliminary review of the facts, TMGS immediately advised Attorney Lampley that a conflict existed between Terica Baker and Shameka Baker. TMGS elected to represent Shameka Baker and declined to represent Terica Baker. TMGS advised Attorney Lampley of this, and recommended that he seek other legal representation for Terica Baker. Attorney Lampley then contacted Attorney Milton Davis, who agreed to represent Terica Baker. At no time has anything improper or unscrupulous transpired. TMGS has never had a contractual relationship with Terica Baker, nor have they given her legal advice. Undersigned counsel respectfully requests that this Honorable Court take judicial notice of the fact that Joe Lampley is not counsel

of record for any party in this case and has not made an appearance in this case in either State or Federal Court. Contrary to the Defendants' allegations, Attorneys Lampley and Davis have not acted in concert with TMGS to affect any type of mutual benefit. They allege that Shameca Baker "has been named simply to prevent complete diversity by and between t arties, and in an effort to defeat removal action." (Notice of Removal, Paragraph 12). Even if the Defendants' accusations were meritorious, the U.S. Supreme Court held in *Mecom* that so long as a good faith basis in the cause of action against the enjoined parties exists, it is immaterial that a plaintiff's motive is to destroy diversity jurisdiction. *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183 (1931).

Theoretically, Terica Baker's attorney could have committed malpractice had he not included all potential and foreseeable tortfeasors in his Complaint. Apart from suing the truck driver and trucking company that collided with his client and her vehicle, Attorney Davis sued the driver/operator of the vehicle in which Terica Baker was a passenger. This party, who is listed as the "at fault" party in the accident report, happens to be her daughter, Shameca Baker. Defendants themselves concede that there is "no mother/daughter immunity for adults in Alabama." (Notice of Removal, Paragraph 12). The standard of care for attorneys is set forth in the Legal Services Liability Act. It states:

> The standard of care applicable to a legal service provider is that of such reasonable care, skill and diligence as other similarly situated legal service providers in the same general line of practice in the same general locality ordinarily have and exercise in a like case.

Code of Alabama § 6-5-572(3).

A first year law student should know that the driver of the vehicle in which one was a passenger is a potential party to a lawsuit. Furthermore, that same first year law

student would admit that a Plaintiff should always apply the rules of civil procedure to choose a venue that is most desirous for one's client. According to the Alabama State Bar, Attorney Milton Davis has been admitted to practice law in Alabama since 1975. It is safe to say that an attorney with over 30 years of litigation experience such as Milton Davis knows who to sue, where to sue, how to act in his client's best interest and is cognizant of the ethical obligations of an attorney—both to his client and to the Bar.

**IV. DEFENDANT/CROSS PLAINTIFF SHAMECA BAKER DID NOT CONSENT TO NOR WAS SHE JOINED IN THE REMOVAL PETITION FILED BY DEFENDANTS TNX AND PENA.**

Shameca Baker did not consent to the notice of removal filed by Defendants Pena and TNX. It is well settled that "all defendants must join in a removal petition in order to effect removal." *Newman v. Spectrum Stores, Inc*. 109 F. Supp.2d 1342, 1345 (M.D. Ala. 2000) (quoting *Northern Illinois Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir.1982); see also *Russell Corp. v. American Home Assur. Co*., 264 F.3d 1040, 1049 (11th Cir. 2001) ("[T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court.") "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federalism concerns arising in the context of federal removal jurisdiction." *Russell*, 264 F.3d at 1049 (citations omitted). "Without the timely consent of all defendants, removal is defective and the case may be appropriately remanded pursuant to 28 U.S.C. § 1447(c).

At no point in the litigation of the present case have Defendants Pena and TNX sought the consent of Defendant/Cross Plaintiff Shameca Baker to remove this matter to

federal court. Shameca Baker was not aware that the case had been removed to federal court until the Defendants had filed the removal pleadings with the Court. Because of this failure to obtain the consent of Shameca Baker, Defendants' Notice of Removal fails and this matter should be remanded back to the Circuit Court of Macon County, Alabama.

## V. CONCLUSION & REQUEST FOR ATTORNEY'S FEES

This case must be remanded. Defendants TNX and Pena have not met their burden of proof with regard to fraudulent joinder, especially since their request is so frivolous and baseless.

Cross Plaintiff Shameca Baker also requests an equitable award of attorneys' fees. Under 28 U.S.C. §1447(c), "an order remanding a case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." Furthermore, a court may award fees and costs whenever it remands an improvidently removed case, for the removing party's improper actions, by their very nature, have frustrated judicial economy, upset important principles of federalism, and wrought needless litigation costs upon the other party. See *Gardner v. Allstate Indem. Co.,*F.Supp.2d, 2001 WL 705715 (M.D.Ala.2001); *Gray v. New York Life Ins. Co.,* 906 F.Supp. 628, 637 (N.D.Ala.1995).

WHEREFORE, Shameca Baker respectfully requests that this Court remand this case to the Circuit Court for Macon County, Alabama, and award her attorney's fees for filing this motion.

Respectfully Submitted,

/s/ Tyrone C. Means
Tyrone C. Means (ASB-8760-S80T)
C. Wade Robinson (ASB-4587-R79C)
Charles James, II (ASB-5883-L75J)

**OF COUNSEL:**
THOMAS, MEANS,GILLIS & SEAY, P.C.
POST OFFICE DRAWER 5058
3121 ZELDA COURT
MONTGOMERY, ALABAMA 36103-5058
(334)270-1033 (phone)
(334)260-9396 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that all counsel of record are registered in the CM/ECF system and should receive electronic notice.

/s/ Tyrone C. Means
**OF COUNSEL**

K. Donald Simms
Miller, Hamilton, Snider & Odom, LLC
The Financial Center
505 20th Street, N., Suite 500
Birmingham, Alabama 35203

Stanley Gray
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, Alabama 36083-0239

Milton Davis, Esq.
P.O. Box 830509
Tuskegee, Alabama 36083-0509