IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **TERICA BAKER** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| vs. | *  CIVIL ACTION NO. CV- **3:07-cv-453** |
| | * |
| **TRI-NATIONS EXPRESS, INC., et al.,** | * |
| | * |
|     **Defendants** | |

___

**DEFENDANT/CROSS PLAINTIFF SHAMECA BAKER'S OBJECTIONS TO DEFENDANT TRI-NATIONS EXPRESS AND EDUVIGES PENA'S MOTION FOR EMERGENCY DISCOVERY**

Defendant/Cross Plaintiff Shameka Baker (hereinafter "Cross Plaintiff") files these Objections to the Defendant Tri-Nations Express, Inc. (hereinafter "TNX") and Eduviges Pena's (hereinafter "Pena") Motion for Emergency Discovery and states the following:

1. Cross Plaintiff incorporates all other pleadings, motions and memorandums submitted by undersigned counsel.

2. Federal Rule of Civ. Procedure 26 provides the general provisions for discovery. It calls for initial disclosures. Pursuant to Rule 26(d), a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) unless authorized by order or agreement of the parties. Fed.R.Civ.P. 26(d).

3. In the Court's Order (Doc. #12) filed on May 25, 2007, it was ordered that the "defendants shall confer with the plaintiff and determine if the parties are in agreement to being deposed and have any objections to providing discovery to the parties making the request." As of the time of filing, Cross Plaintiff has not been

contacted by counsel for TNX and Pena, pursuant to FRCP 26 and the May 25, 2007 Order.

4. Courts typically disdain the type and scope of discovery sought by Pena and TNX. Such discovery is generally not be permitted, as courts have cautioned against having "mini-trials" on jurisdictional issues in the preliminary stages of the litigation. *See*, *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356–1357 (11th Cir. 1996) (abrogated on other grounds by, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 46 Fed. R. Serv. 3d 73 (11th Cir. 2000)); *Gafford v. General Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993).

5. While district courts have broad discretion with respect to discovery, "[p]ublished opinions articulating a principled rule regarding when expedited discovery is appropriate are scarce." *Gucci America, Inc. v. Daffy's Inc.,* 2000 WL 1720738, at 5 (D.N.J.). Despite a recognized lack of available law regarding expedited discovery requests, a "growing body of case law" has adopted the four-prong test articulated by the court in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982). *Id., e.g., Irish Lesbian and Gay Organization v. Giuliani,* 918 F.Supp. 728, 730 (S.D.N.Y. 1996); *Crown Crafts, Inc. v. Aldrich,* 148 F.R.D. 151, 152 (E.D.N.C. 1993). The *Notaro* court established a four part test to determine motions for expedited discovery. *Id.* The moving part must demonstrate: (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the non-movant will suffer if the expedited relief is granted. *Id.*

6. Expedited discovery is inconsistent with the summary nature is only granted where there is a demonstrated need for such relief. See *Matter of Town of Pleasant Valley v. New York State Bd. of Real Property Services*, 253 A.D.2d 8). Here Pena and TNX have demonstrated no need or evidentiary basis for the emergency discovery sought.

7. All evidence sought by TNX and Pena is safe and not subject to tampering or spoliation. Trooper Black's accident report has been identified and Defendants have demonstrated no need to expedite his deposition. Furthermore, they have failed to show how Trooper Black's testimony will help them "determine whether counsel for Plaintiff, Terica Baker, and Defendant, Shameca Moneca Baker, have acted in concert with one another" to keep this lawsuit in Macon County, as alleged in their Motion. There is no reason for this matter to be heard or documents and a witness be produced here on an expedited basis, but rather within the ordinary scheduling of a federal case in this jurisdiction, if after responsive pleading this case remains here and is not remanded. Even if the case remains in this Court, Pena and TNX's motions is premature and unwarranted at this time.

8. Regarding Defendants TNX and Pena's request to "conduct discovery concerning the relationships between and among Joe Lampley, Esq., Tyrone Means, Esq. amd Milton Davis, Esq. and their respective clients, Terica Baker and Shameca Baker" (Defendants' Motion at ¶ 10), allowing such discovery would intrude on the attorney-client relationship and would violate attorney-client privilege. Regarding Defendants TNX and Pena's allegation that "[i]t appears that Joe Lampley is representing both Plaintiff Terica Baker and Defendant Shameca Baker in this lawsuit" (Defendants' Motion at ¶ 10 b.), undersigned counsel respectfully requests that this Honorable

    Court take judicial notice of the fact that Joe Lampley is not counsel of record for any party in this case and has not made an appearance in this case in either State or Federal Court. Undersigned counsel never claimed to represent Terica Baker, and the correspondence offered by Defendants TNX and Pena supports that fact.

9. Regarding Defendants TNX and Pena's contention that "the Alabama Rules of Civil Procedure prevent Shameca Baker from asserting a cross-claim and complaint on behalf of her [minor] children" (Defendants' Motion at ¶ 9), such contention is blatantly false. Alabama Rules of Civil Procedure Rule 13 (h) clearly states that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim." Furthermore, undersigned counsel cannot understand how Defendants' contention is the least bit relevant to their motion to conduct emergency discovery.

    **WHEREFORE**, Cross Plaintiff, Shameca Baker, respectfully requests that this honorable court deny the TNX and Pena's Motion for Emergency Discovery Order. Alternatively, Cross Plaintiff requests that this matter be remanded to the Circuit Court of Macon County, Alabama.

    Respectfully Submitted,

/s/ Tyrone C. Means
Tyrone C. Means (ASB-8760-S80T)
C. Wade Robinson (ASB-4587-R79C)
Charles James, II (ASB-5883-L75J)

**OF COUNSEL:**
THOMAS, MEANS,GILLIS & SEAY,  P.C.
POST OFFICE DRAWER 5058
3121 ZELDA COURT
MONTGOMERY, ALABAMA 36103-5058
(334)270-1033 (phone)
(334)260-9396 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that all counsel of record are registered in the CM/ECF system and should receive electronic notice.

/s/ Tyrone C. Means
**OF COUNSEL**

K. Donald Simms
Miller, Hamilton, Snider & Odom, LLC
The Financial Center
505 20th Street, N., Suite 500
Birmingham, Alabama 35203

Stanley Gray
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, Alabama 36083-0239

Milton Davis, Esq.
P.O. Box 830509
Tuskegee, Alabama 36083-0509

6