**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **TERICA BAKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 3:07cv453-WKW |
| | ) |
| **TRI-NATIONS EXPRESS, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**BRIEF IN SUPPORT OF MOTION TO REMAND**

**COMES NOW** the plaintiff in the above-styled cause, by and through her undersigned counsel of record, and submits her brief in support of her motion to remand this civil action to the Circuit Court of Macon County, Alabama as follows:

**I. INTRODUCTION AND PROCEDURAL HISTORY**

On April 19, 2007**,** the Plaintiff, Terica Baker, initiated this civil action against defendants Tri-Nations Express, Inc. ("Tri-Nations"), Eduvigas Pena ("Pena"), and Shameca Moneca Baker ("Baker"). Defendant Tri-Nations is a foreign corporation, incorporated in the State of Texas and having its principal place of business in the Commonwealth of Texas. Defendant Pena is a resident citizen of the State of Texas and was at all relevant times an agent, servant, and or employee of Defendant Tri-Nations, and the operator of the tractor trailer that struck the vehicle occupied by the Plaintiff, Terica Baker. Defendant Shameca Moneca Baker is a resident citizen of Alabama and was at all relevant times the driver of the vehicle of which Plaintiff Terica Baker was a passenger and owner. Shameca Moneca Baker was served with the complaint filed in the Circuit Court of Macon County, Alabama on April 21, 2007. Defendants

1

Tri-Nations and Pena was served with the complaint on April 25, 2007.

The causes of action set out in the complaint are for negligence and/or wantonness of the Defendants Baker, Tri-Nations and Pena (Complaint at ¶ ¶ 8, 10, 13, 18, and 21).  Plaintiff Terica Baker claims compensatory and punitive damages for injuries she received as a result of the accident made the basis of this suit (¶ ¶ 7, 11, 14, 19, and 22).  All of these claims are based on state law or common law causes of action.

At the time the action was commenced, there was no basis for federal jurisdiction apparent on the face of the complaint.  No federal question is involved, and there is no complete diversity of citizenship as both the plaintiff and defendant Baker are resident citizens of the State of Alabama.  Additionally, the Complaint seeks an unspecified amount of damages, so the amount in controversy requirement was not satisfied on the face of the complaint.  Despite these undisputed facts, a Notice of Removal, from the Circuit Court of Macon County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division, was filed by the defendants Tri-Nations and Pena on May 21, 2007, and was consented to and joined by Pena but not consented to by Defendant Shameca Moneca Baker.

Tri-Nations and Pena asserts this case is removable under the diversity provisions of 28 U.S.C. Section 1332.  Tri-Nations and Pena asserts that there is complete diversity of citizenship between the parties because the citizenship of Baker is to be disregarded, as she has been fraudulently joined in this action.  (Notice of Removal, & ¶ 10, 11, and 12; Pages 7-8).  Tri-Nations and Pena further assert that "[t]he amount-in-controversy requirement is clearly satisfied in this case."  (Notice of Removal, &¶ 9, 10, 11, and 12; Pages 4-7).  Based on these conclusory assertions, Tri-Nations and Pena conclude that this court has original jurisdiction over this matter under 28 U.S.C. Section 1332, and that removal was proper under 28 U.S.C. Section 1441(b).

In its Notice of Removal, Tri-Nations and Pena asserts that there is complete diversity of citizenship between the parties as Shameca Moneca Baker is fraudulently joined as a defendant. In seeking to support this position, Tri-Nations and Pena allege that "under the facts and circumstances of this lawsuit, there is no possibility that the state court would find a claim for wantonness." (See Defendants' Memorandum, ¶ 7). The Plaintiff's complaint is one for negligence and wantonness against all defendants, including defendant Shameca Moneca Baker. Under the facts as alleged in the Plaintiff's complaint, whether or not the Plaintiff could recover under the theories of law as alleged are a question of fact for a jury to decide.

What constitutes wanton misconduct depends on the facts presented in each particular case. *Tolbert v. Tolbert*, 903 So.2d 103, (Ala. 2004); *Central Alabama Electric Cooperative v. Tapley*, 546 So.2d 371 (Ala. 1989); *Brown v. Turner*, 497 So.2d 1119 (Ala. 1986); *Trahan v. Cook*, 265 So.2d 125 (Ala. 1972). Discovery has not even begun in this case to develop the facts in this case, in which Alabama is still a notice pleading state.

In ruling on the pending Motion to Remand, this Court must "evaluate the parties= factual allegations in the light most favorable to the plaintiff." *Clay v. Brown & Williamson Tobacco Corp.*, 77 F.Supp.2d 1220, 1222 (M.D. Ala. 1999).

To prove that removal was proper, Tri-Nations and Pena must prove that Shameca Moneca Baker was fraudulently joined as a defendant. Tri-Nations has failed to meet its burden of proof on this point, therefore, this case is due to be remanded to the Circuit Court of Macon County, Alabama.

## II. LEGAL STANDARDS

### A. JURISDICTION AND REMOVAL:

The legal standards governing the jurisdiction of this court, and the standard for removing

a case from state court, are well established.

Federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S.Ct 586, 82 L.Ed.2d 845 (1938). A federal district court may assert its jurisdiction, however, when citizens of different states are involved and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. Section 1332(a). Therefore, where the parties are diverse and the amount in controversy is sufficient, a defendant has a right, granted by statute, to remove an action from state court and avail itself of the federal court system. 28 U.S.C. 1441; *Burns*, 31 F.3d at 1095.

Because removal raises significant federalism concerns, the removal statutes must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed.2d 1214 (1941). **All doubts about federal court jurisdiction must be resolved in favor of a remand to state court**. *Seroyer v. Pfizer, Inc.*, 991 F.Supp. 1308, 1312 (M.D. Ala. 1997) (Emphasis added).

In cases such as the present one "[s]**trict construction is particularly important in cases removed on diversity grounds**. *Id*." *Montgomery & Larmoyeux v. Philip Morris, Inc.*, 992 F.Supp. 1372, 1374 (S.D. Fla. 1998) (Emphasis added).

In discussing the limited nature of general federal jurisdiction and of removal jurisdiction, one court recently stated: "Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns* [*v. Windsor Insurance Co.*]*,* 31 F.3d [1092] at 1095 [(11th Cir. 1994)]." *Brooks v. Paulk & Cope, Inc.*176 F.Supp.2d 1270, 1273-74 (M.D. Ala. 2007). Given the limited nature of federal jurisdiction, and the preference for remand in cases where there is any doubt as to the existence of federal jurisdiction,

### C. FRAUDULENT JOINDER:

Even though there is a lack of complete diversity on the face of the complaint, Tri-Nations and Pena asserts that the citizenship of Shameca Moneca Baker should be disregarded as she was fraudulently joined. Fraudulent joinder is a judicially created doctrine that provides an

exception to the requirements of complete diversity.@  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).   The significant burden placed on a party seeking to prove fraudulent joinder is well established.

> When determining whether a defendant was fraudulently joined, **the court must evaluate all factual issues and substantive law in favor of the plaintiff**. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on othis grounds as stated in *Georgetown Manor v. Ethan Allen,* 991 F.2d 1533 (11th Cir.1993). " '**If there is even a possibility that a state court would find that the complaint states a cause of action** against ... the resident defendant[ ], **the federal court must find that the joinder is proper and remand the case** to the state court.' **The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate**." *Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 (11th Cir.1998) (quoting *Coker,* 709 F.2d at 1440). "The removing party bears the [heavy] burden of proving [by clear and convincing evidence] that the joinder of the resident defendant was fraudulent." *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989) citing (*Coker,* 709 F.2d at 1440); *see also Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997) (stating that "[t]he burden of the removing party is a 'heavy one' "); *Parks v. New York Times,* 308 F.2d 474, 478 (5th Cir.1962) [FN4] ("A claim that joinder is fraudulent must be asserted with particularity and supported by clear and convincing evidence.").

*Jeter v. Orkin Exterminating Co.*, 84 F.Supp.2d 1334, 1339 (M.D. Ala. 2000) (Emphasis added).

In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. *Pacheco de Perez v. A.T. & T., Co.,* 139 F.3d 1368, 1380 (11th Cir.1998); See, *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997) (citing *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989)).  In the present case, Tri-Nations and Pena argue that the first situation exists and that there is no possibility the plaintiff can state a claim against Shameca Moneca Baker, the resident defendant.  In assessing whether a defendant has been fraudulently joined, this Court is to view 'the allegations in the complaint in favor of the Plaintiff, and [heed] the Eleventh Circuit's admonition to avoid letting the

5

jurisdictional inquiry become subsumed in a substantive determination." *Carden v. Bridgestone/Firestone, Inc.*, __ F.Supp.2d __, 2000 WL 33520302, *5 (S.D. Fla. 2000).

As stated above, the Plaintiff's complaint is one for negligence and wantonness against all defendants, including defendant Shameca Moneca Baker. Under the facts as alleged in the Plaintiff's complaint, whether or not the Plaintiff could recover under the theories of law as alleged are a question of fact for a jury to decide.

What constitutes wanton misconduct depends on the facts presented in each particular case. *Tolbert v. Tolbert*, 903 So.2d 103, (Ala. 2004); *Central Alabama Electric Cooperative v. Tapley*, 546 So.2d 371 (Ala. 1989); *Brown v. Turner*, 497 So.2d 1119 (Ala. 1986); *Trahan v. Cook*, 265 So.2d 125 (Ala. 1972). Discovery has not even begun in this case to develop the facts in this case, in which Alabama is still a notice pleading state.

The defendant has the heavy burden of proving fraudulent joinder and "[i]f plaintiffs' allegations set forth a good faith claim under state law, no matter how doubtful, the presence of the non-diverse defendant will prevent removal." *Lane v. Champion International Corp.*, 827 F.Supp. 701, 708 (S.D. Ala.1993). See also, *Pacheco de Perez v. A T & T Co.,* 139 F.3d 1368, 1380 (11th Cir.1998) ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court."); *Bedford v. Connecticut Mut. Life Ins. Co.,* 916 F.Supp. 1211, 1214 (M.D. Ala.1996) (" 'The joinder is fraudulent if it is clear that, under the law of the state in which the action is brought, the facts asserted by the plaintiff as the basis for the liability of the resident defendant could not possibly create such liability so that the assertion of the cause of action is as a matter of local law plainly a sham and frivolous.").

## III. <u>TRI-NATIONS AND PENA HAVE FAILED TO PROVE FRAUDULENT JOINDER</u>:

Tri-Nations and Pena have failed to meet their burden of proving there is no possibility that the plaintiff has stated a viable claim against them. The state law claims made against Tri-Nations and Pena are based upon the negligence and wantonness against all defendants, including defendant Shameca Moneca Baker.

However, in making these arguments Tri-Nations fails to acknowledge that, for purposes of the present motion, this Court is to view the facts and law in the light most favorable to the plaintiff.

To prove that Shameca Moneca Baker was fraudulently joined Tri-Nations and Pena must establish that there is no possible claim that could be presented against Pena. Tri-Nations and Pena have failed to carry this burden, and removal was, therefore, not proper. Taking the facts in the light most favorable to the plaintiff, this case should be remanded to the state court.

Applying these elements to the present case, the question before this Court is not whether the plaintiff will ultimately prevail on these claims, the sole issue is whether Tri-Nations and Pena have shown that these claims are obviously frivolous. Indeed, Tri-Nations and Pena's reliance on the version of the facts most favorable to them would seem to show that there is no cause of action stated under the plaintiff's version of the facts. However, in discussing situations, such as the present one, where a factual dispute exists, courts are to view the evidence in the light most favorable to the plaintiff and are cautioned not to make any substantive rulings on the factual dispute. As one court held, to show that removal was improper

"the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that the state law *might* impose liability on the facts involved." ... Because the procedures are similar while the substantive standards are very different, district courts must exercise extraordinary care to avoid jumbling up motions for remand and motions for summary judgment that come before them. **In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims.** Although we have said that district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent. *Crowe,* 113 F.3d at 1541-1542."

*Anderson v. Allstate Life Ins. Co.*, __ F.Supp.2d __, 2007 WL 228057 (S.D. Ala. 2007) at *7-8.

In the present case, Tri-Nations and Pena have presented no substantive argument to show that all of the claims made against Shameca Moneca Baker are frivolous, all it has shown is that there may be a factual dispute for the state court to resolve. Accordingly, Tri-Nations and Pena have failed to carry its heavy burden of proving Baker was fraudulently joined and the case is due to be remanded.

To prevail in proving fraudulent joinder, Tri-Nations and Pena must prove by clear and convincing evidence that plaintiff has not stated any claims made against Shameca Moneca Baker. So long as there is one valid cause of action stated against the resident defendant, the entire case should be remanded for lack of jurisdiction. As the court stated in *Estate of Ayres ex rel. Strugnell v. Beaver*, 48 F.Supp.2d 1335 (M.D. Fla. 1999):

> As this Court has determined that there is a possibility that Plaintiffs can prove a cause of action against the non-diverse Defendant Beaver for breach of fiduciary duty, it is not necessary for the Court to address the possibility of proving a cause of action against Defendant Beaver for civil conspiracy. **It is not necessary to show that every asserted claim against the non-diverse defendant is a possible cause of action. It is only necessary to show that a single cause of action has a possibility of being proven against the non-diverse defendant**. As a possible cause of action exists against Defendant Beaver, this Court finds that Defendant Beaver was not fraudulently joined and the requirement of complete diversity for federal diversity jurisdiction has not been met.

Id. at 1342-43 (emphasis added).

Lastly, for the Defendants, Tri-Nations and Pena to suggest that joinder was fraudulent based upon the "suspicious nature of the relationship between Terica Baker, Shameca Baker and their attorneys" is a completely ridiculous and outrageous claim of the defendants.

## CONCLUSION

Tri-Nations and Pena have failed to prove that no claim has been stated against Shameca Moneca Baker, a named defendant and a resident of Alabama, and that she was fraudulently joined. Therefore, this case was improperly removed and the Plaintiff's Motion to Remand is due to be granted.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff prays that this Honorable Court enter an order remanding this case to the Circuit Court of Macon County, Alabama, and award her attorney's fees for filing this motion.

Respectfully submitted on this the 5th day of June, 2007.

Respectfully submitted,

/s/Milton C. Davis
**MILTON C. DAVIS**
**ASB-1050-I31M**
**Attorney for Plaintiff**

**304 N. MAIN STREET**
**P. O. BOX 830509**
**TUSKEGEE, ALABAMA 36083-0509**
**Tel. (334) 727-6500**
**Fax (334) 727-6556**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading by service through Case Management/Electronic Case Filing (CM/ECF) this 5th day of June, 2007, to the following:

Mr. K. Donald Simms
MILLER, HAMILTON, SNIDER & ODOM, L.L.C.
The Financial Center
505 20th Street North, Suite 500
Birmingham, AL 35203
*Counsel for Defendants TNX and Pena*

Mr. Stanley Gray
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P. O. Box 830239
Tuskegee, AL 36083-0239
*Counsel for Defendants TNX and Pena*

Mr. Charles James, Esq.
Mr. Tyrone C. Means, Esq.
Mr. Carl Wade Robinson, Esq.
THOMAS, MEANS, GILLIS & SEAY, P.C.
P. O. Drawer 5058
Montgomery, AL 36103-5058
    *Counsel for Shameca Moneca Baker and Children*

                    /s/Milton C. Davis
                    OF COUNSEL