IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TERICA BAKER, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | Civil Action No.: |
| TRI-NATIONS EXPRESS, | * | 3:07-cv-00453-WKW |
| INC. d/b/a TNX, INC.; | * | |
| EDUVIGES PENA; et al., | * | |
| | * | |
| Defendants | * | |

---

**DEFENDANTS TRI-NATIONS EXPRESS, INC. d/b/a TNX, INC. AND EDUVIGES PENA'S MEMORANDUM BRIEF IN OPPOSITION TO PLAINTIFF TERICA BAKER AND DEFENDANT/CROSS-PLAINTIFF SHAMECA BAKER'S MOTIONS TO REMAND**

---

**COME NOW**, Defendants Tri-Nations Express, Inc. d/b/a TNX, Inc. ("TNX") and Eduviges Pena ("Pena"), and file this Memorandum Brief in Opposition to Plaintiff Terica Baker and Defendant/Cross-Plaintiff Shameca Baker's Motions to Remand:

## I. INTRODUCTION

On or about April 19, 2007, Plaintiff, Terica Baker filed a lawsuit in the Circuit

Court of Macon County, Alabama, for injuries allegedly received in an automobile accident. The lawsuit named as Defendants Shameca Baker, TNX and Pena. In response to the lawsuit, Defendant Shameca Baker filed an answer denying the claims asserted against her and bringing cross-claims against Defendants TNX and Pena. Furthermore, in her answer and cross-claims, Shameca Baker, who was named as a defendant only in her individual capacity, filed claims in her representative capacity on behalf of her two minor children. On or about May 21, 2007, Defendants TNX and Pena filed a notice of removal, on the basis that diversity jurisdiction exists because Defendant Shameca Baker was fraudulently joined as a Defendant for purposes of destroying diversity jurisdiction.[1]

On or about June 1, 2007, Plaintiff Terica Baker filed a Motion to Remand and subsequently filed a memorandum brief in support of her motion. On or about June 1, 2007, Defendant/Cross-Plaintiff Shameca Baker filed a Motion to Remand and Memorandum in Support of Remand. In these motions and memoranda, Terica Baker and Shameca Baker misrepresent the arguments made in Defendants TNX and Pena's removal pleadings, ignore valid points of law and fact and incorrectly argue that they

---

[1] Plaintiff Terica Baker and Defendant/Cross-Plaintiff Shameca Baker are Alabama residents. Defendants TNX and Pena are Texas residents. Shameca Baker's minor children, whom these moving Defendants maintain were improperly joined as parties to the lawsuit, are Alabama residents.

are entitled to court fees and attorney's fees as a result of the removal of this lawsuit.

## II. PLAINTIFF, TERICA BAKER, <u>DOES NOT</u> HAVE AN ACTIONABLE CLAIM AGAINST DEFENDANT/CROSS-PLAINTIFF, SHAMECA BAKER

In the majority of lawsuits in which fraudulent joinder is alleged, the lawsuits involve claims against in-state defendants that simply have no chance of success, regardless of the plaintiff's motives. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). "No matter what the plaintiff's intentions are, an out-of-state defendant may need access to federal court when the plaintiff's suit presents a local court with a clear opportunity to express its presumed bias-when the insubstantiality of the claim against the in-state defendant makes it easy to give judgment for the in-state plaintiff against the out-of-state defendant while sparing the in-state defendant." *Id.* Such is the case in the present lawsuit.

In her Memorandum Brief in Support of Remand, Defendant/Cross-Plaintiff Shameca Baker incorrectly argues that Plaintiff Terica Baker has an actionable claim against her. (*See* Shameca Baker's Memorandum Brief in Support of Remand, hereinafter "Shameca Baker's Memorandum Brief"). There are several erroneous and/or misrepresentative arguments made by Shameca Baker in her Memorandum Brief.

### A. The Alabama Guest Passenger Statute precludes Terica Baker from

**suing Shameca Baker for negligence and there is no way Terica Baker has an actionable claim for negligence and/or wantonness under Alabama law.**

Shameca Baker states that the argument of Defendants TNX and Pena that "the Alabama Guest Passenger Statute precludes Terica Baker from asserting a valid claim against [Shameca Baker]" is a direct contradiction of the responses contained in Defendants' Answer to Shameca Baker's Cross-Claim (hereinafter "Cross Claim Answer") ( Shameca Baker's Memorandum Brief, pg. 2). This is irrelevant. The focus of TNX and Pena's claim for fraudulent joinder is on what claims Terica Baker cannot bring against Shameca Baker, not what allegations Defendants TNX and Pena can assert in their defense against Terica Baker's claims.

Under the Alabama Guest Passenger Statute Defendants TNX and Pena can bring a claim of negligence against Shameca Baker whereas Plaintiff Terica Baker cannot. Therefore, it is irrelevant as to whether Defendants TNX and Pena assert that Shameca Baker acted negligently and as such caused injuries to Terica Baker, because under Alabama law, specifically the Alabama Guest Passenger Statute, Terica Baker is precluded from suing Shameca Baker for negligence.

Terica Baker's Complaint contains claims of negligence and wantonness against Shameca Baker. (*See* Complaint, Paragraph 21). As previously discussed, the Alabama Guest Law Statute precludes Terica Baker's negligence claim against

-4-

Shameca Baker.  Alabama's guest statute reads as follows:

> The owner, operator or person responsible for the operation of a
> motor vehicle shall not be liable for loss or damage arising from
> injuries to or death of a guest while being transported without
> payment therefor in or upon said motor vehicle, resulting from the
> operation thereof, unless such injuries or death are caused by
> willful or wanton misconduct of such operator, owner or person
> responsible for the operation of said motor vehicle.

Ala. Code § 32-1-2 (1975).

Terica Baker was the guest of Shameca Baker under this statute. Shameca
Baker was operating the vehicle in which Terica Baker was a passenger at the time
of the accident made the basis of Terica Baker's complaint.  Therefore, under the
language of the statute the only claim Terica Baker is <u>possibly allowed</u> to assert
against Shameca Baker is a claim for wantonness.  However, according to the facts
pled in Terica Baker's complaint, she does not have a claim against Shameca Baker
for wantonness.  "In a case subject to the Guest Statute, a plaintiff's showing of
'wanton misconduct' requires more than a showing of some form of inadvertence on
the part of the driver; it requires a showing of some degree of conscious
culpability...Willful and wanton conduct has a well-defined meaning at law.  It is

sometimes expressed in terms of 'reckless disregard for the safety of another.'" *Tolbert v. Tolbert*, 903 So.2d 103, 114-15 (Ala. 2004). Under the facts and circumstances of this lawsuit, where the tire suddenly blew out on the plaintiff's vehicle, there is <u>no possibility</u> that the state court would find a claim for wantonness by Terica Baker against Shameca Baker.

In her complaint, Terica Baker states that prior to the accident, the right front tire of the vehicle operated by Shameca Baker blew out. This hardly comports with the requirement under Alabama law that a claim of wanton misconduct requires "reckless disregard for the safety of another." It is illogical to assume that after the tire blew out Shameca Baker would act with reckless disregard for the passengers in the vehicle in which she was operating. The undisputed facts of this lawsuit do not support a claim by Terica Baker that Shameca Baker displayed conscious culpability in the manner in which she operated the vehicle in which Terica Baker was riding.[2]

A removing defendant does not have to demonstrate "an absence of <u>any possibility</u> of recovery in state court". *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original). Rather, the defendant "must demonstrate only that there is no <u>reasonable</u> basis for predicting that the plaintiff will

---

[2]Defendants Baker and TNX are contemporaneously filing a motion for leave to conduct discovery in order to offer factual evidence in support of their position.

recover in state court." *Id.* (Emphasis in original.) *See also Filla v. Norfolk Southern Railway Co.*, 336 F.3d 806, 810 (8th Cir. 2003) ("a proper review should give paramount consideration to the <u>reasonableness</u> of the basis underlying the state claim") (emphasis added); *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997) ("the question is whether there is arguably a <u>reasonable</u> basis for predicting that the state law might impose liability <u>on the facts involved</u>") (emphasis added); *Pierce v. Odyssey Healthcare, Inc.*, No. 06-0561-WS-B, 2007 WL 686616, at *2 (S.D. Ala. Mar. 2, 2007) (emphasizing that the potential for legal liability must be <u>reasonable</u> and not merely theoretical); *Williams v. Roanoke Companies Group, Inc.*, No. 1:07-CV-219-TWT, 2007 WL 1438751, at *3 (N.D. Ga. May 15, 2007) (the theoretical possibility that a plaintiff could recover is not a basis for finding that a defendant was not fraudulently joined); *Alverson v. Auto-Owners insurance Co.*, No. 06-0866-WS-M, 2007 WL 437601, at *1 (S.D. Ala. Feb. 6, 2007) (if no <u>reasonable</u> possibility of legal liability exists the joinder is fraudulent as a matter of law).

**B.    The arguments made by Shameca Baker in her memorandum brief in support of her motion to remand contradict the statements made in her answer to Terica Baker's complaint.**

In Shameca Baker's Memorandum Brief in support of her motion to remand, she states that "Plaintiff, Terica Baker, Has an Actionable Claim Against Defendant/Cross Plaintiff, Shameca Baker." ( Shameca Baker's Memorandum Brief,

pg. 2). However, this contradicts Shameca Baker's Answer to Terica Baker's Complaint. (*See* Answer, Cross Claims and Complaint of Shameca Moneca Baker, Individually, and as Parent, Guardian and Next Friend of [A.L.] and [J.L.], Minors, hereinafter "Shameca Baker's Answer"). In her Answer, Shameca Baker "denies each and every material allegation contained in Plaintiff Terica Baker's Complaint". (Shameca Baker's Answer, pg. 2). In her Second Affirmative Defense, Shameca Baker "avers that the Plaintiff's Complaint fails to state a cause of action against her". (Shameca Baker's Answer, pg. 3). In her Third Affirmative Defense, Shameca Baker "denies each and every material allegation in the Plaintiff's Complaint to the extent not admitted." (Shameca Baker's Answer, pg. 3). Finally, in her Fifth Affirmative Defense, Shameca Baker "states that she is not indebted or liable to Plaintiff in any manner or amount whatsoever." (Shameca Baker's Answer, pg. 3). Clearly, despite her contentions in her Memorandum Brief in Support of Remand, Shameca Baker does not believe Terica Baker has an actionable claim against her as a result of the actual facts of the motor vehicle accident made the basis of Terica Baker's Complaint.

## III. THE MANNER IN WHICH SHAMECA BAKER ASSERTED THE CLAIMS OF HER MINOR CHILDREN, A.L. AND J.L., AS PART OF TERICA BAKER'S LAWSUIT IS FURTHER EVIDENCE OF FRAUDULENT JOINDER.

As set forth in Defendants TNX and Pena's motion to dismiss, or alternatively to sever, the claims Shameca Baker, acting in her representative capacity, asserted on behalf of her minor children, A.L. and J.L., in the state court action were <u>improperly</u> brought under the Alabama Rules of Civil Procedure.

In the complaint/cross-claims filed by Shameca Baker, acting in her representative capacity on behalf of A.L. and J.L., the claims <u>are only against TNX and Pena</u>. Shameca Baker, A.L. and J.L. are all Alabama residents. TNX and Pena are Texas residents. If the claims of the minor children were brought independently, and not as part of Shameca Baker's answer to the Terica Baker's lawsuit, TNX and Pena would be entitled to litigate the childrens' claims in federal court under the federal court's diversity jurisdiction. This is further evidence that Shameca Baker was fraudulently joined for the purposes of defeating this court's diversity jurisdiction, if for no other reason, to act in concert with Plaintiff Terica Baker so that the childrens' claims could not be removed by Defendants to this court.

## IV.    THIS COURT MAY "PIERCE THE PLEADINGS" AND CONSIDER AFFIDAVITS AND DEPOSITION TRANSCRIPTS IN ORDER TO DETERMINE THAT DEFENDANTS' CLAIMS OF FRAUDULENT JOINDER ARE MERITORIOUS AND DUE TO BE GRANTED.

A federal court makes determinations of factual allegations and state substantive law based on the plaintiff's pleadings at the time of removal. *Rowe v.*

*Coleman*, 113 F.3d 1536 (11th Cir. 1997). However, a court may also consider affidavits and deposition transcripts submitted by the parties. *Id. See also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (in addressing claims of fraudulent joinder, a court can consider any submitted affidavits and/or deposition transcripts); *Alverson v. Auto-Owners insurance Co.*, No. 06-0866-WS-M, 2007 WL 437601, at *1 (S.D. Ala. Feb. 6, 2007) (a court "may consider evidence submitted by the parties in determining whether the resident defendant was fraudulently joined")(citing *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005); *Nebula Glass Intern., Inc. v. Reichhold, Inc.*, No. 02-CV-60703, 2002 WL 33928919, at *2 (S.D. Fla. Oct. 15, 2002) ("[w]hen fraudulent joinder is asserted, the district court must 'pierce the pleadings' to determine whether a cause of action grounded in facts exists") (internal citations omitted); *El Chico Restarurants, Inc. v. Aetna Cas. and Surety Co.*, 980 F. Supp. 1474, 1479 (S.D. Ga. 1997) (the court may pierce the pleadings and consider other material submitted by the parties in order to determine whether the plaintiff has an arguable claim).[3]

---

[3] Defendants Baker and TNX are contemporaneously filing a motion for leave to conduct discovery in order to provide evidence in the court record that supports their contention that Shameca Baker was fraudulently joined.

## V.   SHAMECA BAKER DOES NOT HAVE TO JOIN IN DEFENDANTS TNX AND PENA'S REMOVAL ACTION

In her Memorandum Brief in Support of Remand, Shameca Baker argues that the case should be remanded because she did not consent to or join in the removal petition filed by TNX and Pena. (Shameca Baker's Memorandum Brief, pg. 10). This argument is unfounded, because to accept it the court would in essence require removing defendants to get permission from an entity the removing defendants contend acted in concert with the plaintiff to effect the fraudulent joinder. In support of her argument, Shameca Baker cites to case law stating that all defendants must join in a removal petition in order to remove a lawsuit to federal court. However, Shameca Baker conveniently omits case law discussing the exception to this general rule where there is a defendant who has been fraudulently joined.

This court has clearly stated that the Eleventh Circuit has adopted the "unanimity rule", which requires all defendants in a lawsuit to consent to removal. *Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 1220, 1223 n.3 (M.D. Ala. 1999). However, this court has determined that there is an <u>exception to the rule</u>, which is that "unless and until the case is remanded it is not necessary that a fraudulently or improperly joined defendant join with the other defendants in a petition for removal." *Id.* (quoting *Erkins v. American Bakers Inc. Co. of Florida*,

-11-

866 F. Supp. 1373 (N.D. Ala. 1994). This is consistent with the holdings of a number of other courts, which have held that a fraudulently joined defendant does not have to join in a petition for removal. *See, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (holding that each defendant must join in a removal petition except for nominal, unknown or fraudulently joined defendants); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) (finding that "a party fraudulently joined to defeat removal need not join in removal petition"); *Lansdell v. American Home Products Corp.*, No. Civ.A. CV99S2110NE, 1999 WL 33548541, at *7 (N.D. Ala. Oct. 26, 1999) (holding that a defendant was not required to join in removal because the defendant was fraudulently joined); *Kimmons v. IMC Fertilizer, Inc.*, 844 F. Supp. 738, 740 (M.D. Fla. 1994) (stating that defendants who are fraudulently joined may be disregarded in the removal process); *Schwarz v. Hospital Corp. of America*, 636 F. Supp. 276 (S.D. Fla. 1986) (finding that "all defendants are required to join in the removal petition with the exception that ...fraudulently joined defendants may be disregarded").

Because Defendants TNX and Pena have alleged that Defendant Shameca Baker was fraudulently joined in the lawsuit brought by Terica Baker, and because case law clearly supports the proposition that a fraudulently joined defendant does not have to join in a petition for removal, Defendants TNX and Pena were not required

-12-

to ask for or obtain the consent of Shameca Baker prior to removing this lawsuit to federal court. Therefore, this court should disregard the claim by Shameca Baker that this lawsuit is due to be remanded as a result of the failure by Defendants TNX and Pena to obtain her consent prior to removal.

## VI.    IN THE EVENT THIS LAWSUIT IS REMANDED, COUNSEL FOR TERICA BAKER AND SHAMECA BAKER ARE NOT ENTITLED TO ATTORNEY'S FEES.

Counsel for Terica Baker and Shameca Baker both claim that in the event the lawsuit is remanded, they are entitled to attorney's fees. However, recent opinions from the Supreme Court of the United States and courts within the Eleventh Circuit show that under the circumstances in which this lawsuit was removed, opposing counsel is not entitled to attorney's fees.

In *Martin v. Franklin Capital Corporation*, 126 U.S. 132 (2005), the Supreme Court of the United States recently addressed the issue of awarding attorney's fees in lawsuits that are removed to federal court and then remanded. The Court held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for the removal." *Id.* at 708. The mere fact that a case is remanded does not mean that the award of attorney's fees is appropriate. "By enacting the removal statute, Congress granted a right to a federal forum to a limited class of state court defendants. [If attorney's fees were

automatically awarded when a case was remanded], defendants might choose to exercise the right only in cases where the right to remove was obvious." *Id.* at 711.

Based on the arguments presented by Defendants TNX and Pena, even if the case is remanded, these Defendants have shown an objectively reasonable basis for removal. Requiring these Defendants to pay attorney's fees after making a legitimate, albeit unsuccessful, argument in favor of removal would result in the very thing the Supreme Court warned against in *Martin*, which is discouraging defendants from exercising their right of removal only in cases where the right to remove is obvious.

The Eleventh Circuit has recognized the decision in *Martin* and stated that the standard set forth in *Martin* "supercedes prior decisions of the Eleventh Circuit in so far as they conflict with *Martin*." *Bauknight v. Monroe County, Florida*, 446 F.3d 1327, 1329 n.6 (11th Cir. 2006). In *Bauknight*, the court held that the district court did not abuse its discretion by refusing to award costs and fees where the removal of a lawsuit was "objectively reasonable" and there were "no unusual circumstances." *Id.* at 1332. *See also Anderson v. Lotus Cars USA, Inc.*, No. 8-06-cv-1944-T-17-TBM, 2007 WL 1229105 (M.D. Fla. Apr. 26, 2007) (refusing to award attorney's fees where the defendant "had a reasonable basis for removal, but failed to demonstrate that jurisdiction was appropriate by a preponderance of the evidence); *Sheridan Healthcorp., Inc. v. Neighborhood Health Partnership, Inc.*, 459 F. Supp.2d 1269

-14-

(S.D. Fla. 2006) (declining to award attorney's fees where removal was not objectively unreasonable); *Elliott v. Pax Academic Exchange*, No. 1:05-CV-606-A(WO), 2005 WL 2002075 (M.D. Ala. Aug. 18, 2005) (refusing to award attorney's fees where the defendant's basis for removal was insufficiently supported but not so unreasonable as to cause the court to determine that jurisdiction was "patently unlacking"); *Reid v. DaimlerChrysler Corp.*, No. Civ.A. 2:05CV212-D, 2005 WL 1215916 (M.D. Ala. May 20, 2005) (no attorney's fees awarded where actions of the removing party were not unreasonable and federal jurisdiction was not patently lacking at the time of removal).

In *McDonnell v. Cracker Barrel Old Country Store, Inc.*, No. 06-0798–WS-M, 2007 WL 312292, at *3 (S.D. Ala. Jan. 31, 2007), the court refused to award attorney's fees where the plaintiff did not attempt to show that either "that the defendants lacked an objectively reasonable basis for seeking removal" or "that unusual circumstances exist that nevertheless justify an award of fees." In the present case, counsel for Terica Baker and Shameca Baker have failed to show what is required to justify the award of attorney's fees. In Terica Baker's request for attorney's fees, her attorney simply makes the request in a single sentence on the final page of the Brief in Support of Motion to Remand. No attempt is made to argue that Defendants TNX and Pena lacked an <u>objectively reasonable basis </u>for their removal

-15-

of the lawsuit. In Shameca Baker's request for attorney's fees, her attorney cites two cases in support of his requests, but fails to demonstrate how he is entitled to attorney's fees under the standard set forth in *Martin v. Franklin Capital Corporation.*

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that this Honorable Court deny Terica Baker and Shameca Baker's Motions to Remand and further deny her request to tax court costs and fees to these Defendants.

Respectfully Submitted,

K. Donald Simms (ASB-9801-M63K)

OF COUNSEL:
MILLER, HAMILTON, SNIDER & ODOM, L.L.C.
500 Financial Center
505 North 20th Street
Birmingham, AL 35203
Ph: 205.226.5200
Fx: 205.226.5226
Em: KeriSimms@mhsolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21<u>st</u> day of <u>June</u>, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stanley Gray
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239
    *Counsel for Defendants TNX and Pena*

Mr. Milton Davis
P.O. Box 830509
Tuskegee, AL 36083-0509
    *Counsel for Terica Baker*

Mr. Charles James
Mr. Tyrone C. Means
THOMAS, MEANS, GILLIS & SEAY, P.C.
P.O. Drawer 5058
Montgomery, AL 36103-5058
    *Counsel for Shameca Moneca Baker and her minor children*

OF COUNSEL

-17-