IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TERICA BAKER, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | Civil Action No.: |
| TRI-NATIONS EXPRESS, | * | 3:07-cv-00453-WKW |
| INC. d/b/a TNX, INC.; | * | |
| EDUVIGES PENA; et al., | * | |
| | * | |
| Defendants | * | |

---

| | |
|---|---|
| SHAMECA MONECA BAKER | * |
| individually, and as parent, guardian | * |
| and next friend of ARCEAIRE | * |
| LIGHTFOOT and JARIOUS | * |
| LIGHTFOOT, minors | * |
| | * |
| Defendant/Cross Plaintiffs, | * |
| | * |
| vs. | * |
| | * |
| TRI-NATIONS EXPRESS, INC., | * |
| EDUVIGES PENA, et. al. | * |
| | * |
| Cross Defendants. | * |

**DEFENDANTS TRI-NATIONS EXPRESS, INC. d/b/a TNX, INC. and EDUVIGES PENA'S MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS CLAIMS OF A.L. AND J.L., CONTAINED IN THE IMPROPER CROSS CLAIM FILED BY SHAMECA MONECA BAKER IN HER REPRESENTATIVE CAPACITY OR IN THE ALTERNATIVE, MOTION TO SEVER THESE CLAIMS**

**COME NOW**, Defendants Tri-Nations Express, Inc. d/b/a TNX, Inc. ("TNX") and Eduviges Pena ("Pena"), and file this Memorandum Brief in support of their previously filed motion to dismiss, or alternatively to sever, the claims of A.L. and J.L., the minor children of Defendant/Cross-Plaintiff Shameca Baker:

## INTRODUCTION

On or about October 22, 2006, Plaintiff Terica Baker and Defendant/Cross-Plaintiff Shameca Baker, along with A.L. and J.L., the minor children of Shameca Baker, were involved in an automobile accident in Macon County, Alabama.[1] Shameca Baker was operating a vehicle owned by her mother, Terica Baker, the grandmother of A.L. and J.L.

On or about April 19, 2007, as a result of the aforementioned automobile accident, Terica Baker filed a complaint in the Circuit Court of Macon County,

---

[1] There was a fifth individual, Jessica Filo, in the vehicle at the time of the accident. Defendants TNX and Pena are currently unaware of any lawsuits involving Filo concerning said accident.

Alabama, which was assigned Civil Action No. CV-07-45 and was styled "Terica Baker, Plaintiff, v. Tri-Nations Express, Inc. d/b/a TNX, Inc., a company; Eduviges Pena, an individual; and Shameca Moneca Baker, **an individual**...Defendants." Terica Baker, Shameca Baker, Tri-Nations Express, Inc. d/b/a TNX, Inc. ("TNX") and Eduviges Pena ("Pena") were the *only* named plaintiffs and defendants in the lawsuit.[2]

On or about April 26, 2007, Shameca Baker, acting both in her individual capacity *and* as parent, guardian and next of friend of her children, Jarious Lightfoot and Arceaire Lightfoot, filed in the Circuit Court of Macon County, Alabama, a response to Plaintiff Terica Baker's lawsuit. This response was titled "Answer, Crossclaims and Complaint of Defendant Shameca Moneca Baker, Individually, and as Parent, Guardian and Next Friend of Arceaire Lightfoot and Jarious Lightfoot, Minors."

Defendants TNX and Pena have since filed a timely notice of removal alleging fraudulent joinder of Shameca Baker as a Defendant in the original lawsuit by Terica Baker. Defendants TNX and Pena maintain that the Alabama Rules of Civil Procedure and/or the Federal Rules of Civil Procedure prevent Shameca Baker from asserting a cross claim and complaint on behalf of her children, Jarious Lightfoot and

---

[2]Shameca Baker was only sued in her individual capacity.

Arceaire Lightfoot, as <u>part</u> of Plaintiff Terica Baker's lawsuit as these children were not original parties to this lawsuit.[3] Nor was Shameca Baker <u>sued in her capacity</u> as a representative of these children.[4]

As referenced in their previously filed "Motion to Dismiss Purported Claims of A.L. and J.L., Contained in the Cross Claim Filed by Shameca Moneca Baker in Her Representative Capacity or in the Alternative, Motion to Sever These Claims", Defendants TNX and Pena respectfully request that this court dismiss the claims of J.L. and A.L., or alternatively, sever the claims of J.L. and A.L. from the claims of Plaintiff Terica Baker and Defendant/Cross-Plaintiff Shameca Baker. Furthermore, in the event Plaintiff Terica Baker's original lawsuit is remanded back to the Circuit Court of Macon County, Alabama, these moving Defendants respectfully request that this court retain jurisdiction over the claims of J.L. and A.L. under diversity jurisdiction.

Defendants TNX and Pena hereby incorporate by reference all of the arguments set forth in Defendants' "Motion to Dismiss Purported Claims of A.L. and J.L.,

---

[3]Defendants also contend this conduct of attempting to file a separate claim in a capacity in which Shameca Baker was not sued by Terica Baker is further evidence of fraudulent joinder–to accomplish preventing Defendants from removing the claims of the minor children.

[4]Shameca Baker was only sued as a defendant in her <u>individual</u>, not representative, capacity in the original complaint filed by Terica Baker.

Contained in the Cross Claim Filed by Shameca Moneca Baker in Her Representative Capacity or in the Alternative, Motion to Sever These Claims" (Document 9) and supplement their arguments with those contained in this memorandum brief in support of their motion.

I. **SHAMECA BAKER IS NOT ENTITLED TO ASSERT CLAIMS IN HER REPRESENTATIVE CAPACITY ON BEHALF OF HER MINOR CHILDREN, A.L. AND J.L., AS PART OF TERICA BAKER'S LAWSUIT.**

A.L. and J.L. were not named as defendants in the original lawsuit filed by Plaintiff Terica Baker in the Circuit Court of Macon County, Alabama. Nor were they joined by Plaintiff Terica Baker in her lawsuit against Shameca Baker, TNX and Pena. Finally, Shameca Baker, in her representative capacity, was neither a plaintiff nor a defendant in the original lawsuit brought by Terica Baker.

Shameca Baker cannot arbitrarily hijack the lawsuit filed by Terica Baker in order to assert claims brought on behalf of her minor children. Instead, if Shameca Baker, in her representative capacity, intends to assert claims on behalf of A.L. and J.L. against TNX and Pena, she should be required to file a separate lawsuit.

Ordinarily, a cross-claim can be asserted by one party against a co-party. However, in the present case, Shameca Baker, in her representative capacity, was not a party to the litigation at the time she filed the cross-claims/complaint on behalf of

A.L. and J.L. *See* Ala. R. Civ. P. 13(g). While additional persons may be made parties to a cross-claim, their joinder must be in accordance with Rules 19 and 20. *See* Ala. R. Civ. P. 13(h). In the present case, A.L. and J.L. have not been joined as parties under Rules 19 and 20 and should not be so joined as it would cause undue prejudice to Defendants TNX and Pena and would furthermore promote improper use of procedural rules to advance fraudulent joinder.

## II.   A.L. AND J.L. SHOULD NOT BE JOINED AS PARTIES UNDER ALABAMA RULE OF CIVIL PROCEDURE 19.

Alabama Rule of Civil Procedure 19 sets forth when a person is required to be joined as a party to a lawsuit. Under the Rule:

> A person who is subject to the jurisdiction of the court shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Ala. R. Civ. P. 19(a). Shameca Baker, acting in her representative capacity on behalf of A.L. and J.L., has made no arguments as to why A.L. and J.L. are required to be parties to Terica Baker's lawsuit. Failure to join A.L. and J.L. will not prevent Terica Baker from obtaining complete relief in her action for the injuries she alleges she received as a result of the negligence and wantonness of Defendants Shameca Baker, TNX and Pena. Nor will the absence of A.L. and J.L. as parties to Terica Baker's lawsuit prevent the minor children from protecting any interest they have in the accident involving Defendants Shameca Baker, TNX and Pena. Finally, the absence of A.L. and J.L. as parties to Terica Baker's lawsuit will not subject Plaintiff Terica Baker and/or Defendants Shameca Baker, TNX and Pena to double, multiple, or otherwise inconsistent obligations.

### III.  A.L. AND J.L. SHOULD NOT BE JOINED AS PARTIES UNDER ALABAMA RULE OF CIVIL PROCEDURE 20.

Alabama Rule of Civil Procedure 20 sets forth when a person may be <u>permissively joined</u> as a party to a lawsuit. Under the Rule, "All persons may join in one action as <u>plaintiffs</u> if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Ala. R. Civ. P. 20(a) (emphasis added).

In *Ex parte ALFA Life Ins. Corp*, 923 So.2d 272, 274 (Ala. 2005), the Supreme Court of Alabama recognized a decision in an earlier case where the court "noted that '[t]hough the rules allow virtually unlimited joinder of parties,' the Committee Comments to Rule 20 'make it clear that the trial court has "ample powers, under Rules 20(b), 21 and 42(b), to ensure that the trial is conducted in the most convenient and least prejudicial manner"'". (*quoting Ex parte Rudolph* 515 So.2d 704, 706 (Ala. 1987)). "Simply because petitioners meet the requirements for permissive joinder, it does not necessarily follow that the court must allow all claims to proceed together." *Ex parte Rudolph* 515 So.2d 704, 706 (Ala. 1987). Given the circumstances of the accident that is the basis of Terica Baker's lawsuit, and the allegations contained in the lawsuit, Defendants TNX and Pena will be substantially prejudiced if A.L. and J.L. are allowed to be permissively joined in Terica Baker's lawsuit by Shameca Baker who was sued as an original party defendant. To allow the same further promotes fraudulent joinder and circumvents Defendants' rights to litigation the claims of the minor children in federal court.

In the complaint/cross-claims filed by Shameca Baker, acting in her representative capacity on behalf of A.L. and J.L., the claims are only against TNX and Pena. Shameca Baker, A.L. and J.L. are all Alabama residents. TNX and Pena are Texas residents. If the claims are not joined, TNX and Pena will be entitled to

litigate the childrens' claims in federal court under the federal court's diversity jurisdiction. As TNX and Pena are not Alabama residents, and none of the claims of the children are against Alabama residents, TNX and Pena will be substantially prejudiced if they are forced to litigate the childrens' claims in the Circuit Court of Macon County, Alabama.

In addition to being prejudiced by having to litigate the childrens' claims in state court, due to the relationships between Terica Baker, Shameca Baker, A.L. and J.L., TNX and Pena will be prejudiced if the children's claims are combined with the claims of Terica Baker and Shameca Baker. Shameca Baker is the mother of A.L. and J.L. and Terica Baker is the grandmother of the children. In her lawsuit, Terica Baker has sued Shameca Baker for negligent and wanton conduct.[5] If Terica Baker is allowed to bring a lawsuit against Shameca Baker, TNX and Pena for injuries received by Terica Baker during the accident, and Shameca Baker is subsequently allowed to assert claims on behalf of her children against TNX and Pena, a jury is likely to feel sympathy for Shameca Baker due to her children's injuries and is less likely to find Shameca Baker liable for the injuries suffered by Terica Baker as

---

[5]Defendants TNX and Pena maintain in their notice of removal, memorandum brief in support of removal and memorandum brief in opposition to remand that Shameca Baker was fraudulently joined as a defendant in order to destroy diversity of citizenship and that Terica Baker has no valid claim against Shameca Baker for negligence or wantonness.

asserted by Terica Baker. As such, the entire blame for the accident will shift to TNX and Pena, despite TNX and Pena's contention that Shameca Baker was contributorily negligent in causing the accident made the basis of Terica Baker's lawsuit, or that the accident was due to unavoidable consequences–i.e., a tire blow out.

As it is clear that TNX and Pena will suffer substantial prejudice if the claims of A.L. and J.L. are joined with those asserted by Terica Baker, the childrens' claims should not be permissively joined with those asserted by Terica Baker.

### IV. THE CLAIMS OF A.L. AND J.L., ASSERTED BY THEIR MOTHER, SHAMECA BAKER, ARE DUE TO BE DISMISSED FROM TERICA BAKER'S LAWSUIT, OR ALTERNATIVELY, SEVERED FROM TERICA BAKER'S LAWSUIT.

Defendants TNX and Pena contend that because Shameca Baker was never entitled to assert claims on behalf of her children, A.L. and J.L., as part of Terica Baker's lawsuit, the claims of A.L. and J.L. are due to be dismissed. In the alternative, Defendants TNX and Pena respectfully request that this court sever the claims of A.L. and J.L. and make the childrens' claims a separate action for purposes of litigation.

Assuming that this court finds that the claims of A.L. and J.L. were "misjoined" in the complaint/cross-claim filed on their behalf by their mother, Shameca Baker, both Alabama Rule of Civil Procedure 21 and Federal Rule of Civil Procedure 21

state that "Parties may be *dropped* or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be *severed* and proceeded with *separately*." (Emphasis added.) Consequently, Defendants ask the court to sever these claims.

WHEREFORE, premises considered, Defendants TNX and Pena respectfully request that this court dismiss the claims of A.L. and J.L., asserted on their behalf by their mother, Shameca Baker, or in the alternative, sever the claims of A.L. and J.L. such that the claims of these minor children form a new and separate lawsuit and that the court retain jurisdiction concerning same.

Respectfully submitted,

/s/ K. Donald Simms
K. DONALD SIMMS
ASB 9801-M63K
*Counsel for Defendants TNX and Pena*

OF COUNSEL:
MILLER, HAMILTON, SNIDER & ODOM, L.L.C.
The Financial Center
505 20th Street, N., Suite 500
Birmingham, Alabama 35203
Telephone: (205) 226-5200
Facsimile: (205) 226-5226
E-mail: kerisimms@mhsolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stanley Gray
**GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON**
P.O. Box 830239
Tuskegee, AL 36083-0239
   *Counsel for Defendants TNX and Pena*

Mr. Milton Davis
P.O. Box 830509
Tuskegee, AL 36083-0509
   *Counsel for Terica Baker*

Mr. Charles James
Mr. Tyrone C. Means
**THOMAS, MEANS, GILLIS & SEAY, P.C.**
P.O. Drawer 5058
Montgomery, AL 36103-5058
   *Counsel for Shameca Moneca Baker and her minor children*

_____
OF COUNSEL