IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **TERICA BAKER** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **vs.** | * **CIVIL ACTION NO. CV- <u>3:07-cv-453</u>** |
| | * |
| **TRI-NATIONS EXPRESS, INC., et al.,** | * |
| | * |
| **Defendants** | |

---

## DEFENDANT/CROSS PLAINTIFF SHAMECA BAKER'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND

---

Defendant/Cross-Plaintiff Shameka Baker files this Memorandum in Support of Motion to Remand and states:

### INTRODUCTION

Plaintiff, Terica Baker, filed this case on April 19, 2007, in the Circuit Court of Macon County, Alabama, alleging state law claims of negligence, wantonness, negligent supervision, hiring and training and negligent entrustment against Tri-Nations Express. Inc. (hereinafter "TNX"), Eduviges Pena (hereinafter "Pena") (hereinafter collectively referred to as "Trucking Defendants") and Shameka Baker (hereinafter "Cross Plaintiff" and "Defendant/Cross Plaintiff"). On April 26, 2007, Cross Plaintiff Baker filed an Answer to Terica Baker's Complaint, and included a Cross Claim on behalf of herself and her two minor children, which was an Answer to Terica Baker's Complaint and a Cross Claim against Defendants TNX and Pena (hereinafter collectively "Defendants"). Shameka Baker's Answer and Cross Claim also alleged state law claims of negligence, wantonness, negligent supervision, hiring and training and negligent entrustment against

1

Pena and TNX.  On May 21, 2007, Defendants Pena and TNX filed a Notice of Removal and Memorandum Brief in Support thereof claiming that diversity jurisdiction exists in this case and that the Defendants were fraudulently joined. On the same date, Defendants also filed a Motion For Emergency Discovery Order. Plaintiff moves this Court to remand this case since the amount in controversy requirement has not been met and the Defendants have presented no evidence that they have been fraudulently joined in this action.

Cross Plaintiff, Shameca Baker, hereby incorporates by reference all of the arguments set forth in "Defendant/Cross Plaintiff Shameca Baker's Memorandum in Support of Remand" (Document 19) and supplement her arguments with those contained in this memorandum brief in support of her Motion to Remand.

<strong><u>REMAND STANDARD</u></strong>

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), cert. denied, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen,* 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

<strong><u>ARGUMENT</u></strong>

**I.  THIS COURT SHOULD REMAND THIS CASE TO STATE COURT FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION BECAUSE SHAMECA BAKER'S PRESENCE AS A PARTY DEFENDANT DEFEATS COMPLETE DIVERSITY.**

2

A plaintiff has the right to have a case remanded back to state court when the federal court is without federal removal jurisdiction to adjudicate the case. 28 U.S.C. § 1447(c). Because the right to removal is statutory, federal removal statutes must be strictly construed to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The Trucking Defendants, as the removing parties, have a "heavy" burden of establishing federal removal jurisdiction. See *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). If federal removal jurisdiction is a close question, "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins.* Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Federal courts are courts of limited jurisdiction. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). This Court only has federal removal jurisdiction of cases that could originally have been brought under its federal subject matter jurisdiction. 28 U.S.C. § 1441(a). There are only two types of cases that fall within this Court's subject matter jurisdiction: (1) cases where a federal question is presented and (2) cases where there is federal diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332. There is no federal question jurisdiction in this case because neither the Plaintiff, Terica Baker, nor the Cross Plaintiff, Shameca Baker, asserts any federal cause of action in their respective complaints. Therefore, this case should be remanded unless this Court has federal diversity jurisdiction.

Federal diversity jurisdiction allows federal courts to consider civil actions "between citizens of different states." 28 U.S.C. § 1332. However, under the doctrine of "complete diversity," if any defendant has the same citizenship as any plaintiff, there is

3

no federal diversity jurisdiction. See *Wisconsin Dep't of Corrections v. Schacht*, 141 L. Ed. 2d 364, 118 S. Ct. 2047 (1998); *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996). In this case, there is no "complete diversity" because the Plaintiff Terica Baker and Defendant/Cross Plaintiff, Shameca Beker, are both citizens of Alabama.

## II.  SHAMECA BAKER WAS NOT FRAUDULENTLY JOINED

The Trucking Defendants concede that Cross Plaintiff is an Alabama "citizen" for purposes of diversity; however, they contend that she is "a fraudulently joined, and this Court should ignore her citizenship for the purposes of removal." (Doc. 1, Removal Notice ¶ 10) The term "fraudulent joinder" is a term of art, not reflecting on the integrity of the plaintiff or plaintiff's counsel, but merely rubric applied when a court finds either that no cause of action is stated against a non-diverse defendant or that no cause of action exists. See *Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D. Cal. 1979), aff'd 710 F.2d 549 (9th Cir.). The Eleventh Circuit has ruled that fraudulent joinder can only exist in three (3) limited circumstances:

> *(1) when there is no possibility that the plaintiff can establish any cause of action against the resident defendant,*
> *(2) when the plaintiffs have fraudulently pled jurisdictional facts to bring the resident defendant into state court, or*
> *(3) when the plaintiff's claims against the resident defendant has no real connection to the plaintiff's claims against the non-resident defendant.*

*Triggs v. John Crump Toyota, Inc.* 154 F.3d 1284,1287 (11th Cir. 1998); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962). The Trucking Defendants base their arguments solely on the first test of the *Triggs* analysis, claiming that "Alabama's guest passenger statute prevents Plaintiff Terica Baker from suing Shameca Moneca Baker in

4

the manner alleged in Plainitff's complaint." (Doc.1, Removal Notice ¶ 12) This argument is derisory and purely speculative. It is not sound legal judgment for the defense to make such far reaching assumptions on matters that are to be assessed by a jury or trial judge, particularly at such an early stage of litigation. This issue discussed in greater detail in Argument III below.

## III. DEFENDANT/CROSS PLAINTIFF'S JOINDER IS PROPER BECAUSE TRUCKING DEFENDANTS HAVE NO LEGAL OR FACTUAL FOUNDATION TO PROVE THAT TERICA BAKER HAS NO ACTIONABLE CLAIM AGAINST SHAMECA BAKER

The Trucking Defendants cannot meet their burden of proving that Plaintiff cannot maintain any claims against Cross Plaintiff/Defendant Shameca Baker. As the removing parties, the Trucking Defendants bear the burden of pleading, proving, and persuading this Court of its allegations of fraudulent joinder. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); *Crowe v. Coleman*, 113 F.3d 1536,1538 (11th Cir. 1997). The Eleventh Circuit has ruled that this is a "heavy burden" to bear. *Pacheco De Perez v. A.T.& T. Co.*, 139 F.3d 1368 (11th Cir. 1998); *Crowe*, 113 F.3d at 1538 (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). This is because this Court is bound to evaluate all disputes as to the controlling substantive law in favor of the Plaintiff's theory of the case. See *Coker*, 709 F.2d at 1440; *Crowe*, 113 F.3d at 1538; *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989); *Pacheco*, 139 F.3d at 1380. As long as there is a possibility that an Alabama state court would find that the Plaintiff's complaint states a cause of action against Shameca Baker, this Court "must find that the joinder was proper and remand the case to the state court." See *Coker*, 709 F.2d at 1440-41; see also *Triggs*, 154 F.3d at 1287 ("[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility

5

of stating a valid cause of action in order for the joinder to be legitimate"); see also *Pacheco*, 139 F.3d at 1380 (similar language); see also *Rosecrans v. William S. Lozier, Inc.*, 142 F. 2d 118 (8th Cir. 1944). Moreover, a claim of fraudulent joinder must also be supported by clear and convincing evidence. *Parks*, 308 F.2d at 478. If there is a factual dispute between the parties, federal courts must resolve those disputes in favor of the plaintiff. See *Coker*, 709 F.2d at 1440; *Crowe*, 113 F.3d at 1538; *Cabalceta*, 883 F.2d at 1561; *Pacheco*, 139 F.3d at 1380. The Eleventh Circuit has held that a plaintiff may defeat an allegation of fraudulent joinder even if the plaintiff cannot survive summary judgment under the facts at the time of removal. *Crowe*, supra.

The Trucking Defendants have not and cannot meet this high burden of proof and persuasion in this case because Plaintiff has established that it is possible for her to recover against Shameca Baker. Plaintiff has brought two claims against Defendant/Cross Plaintiff Shameca Baker: (1) common law negligence and (2) common law wantonness. The Trucking Defendants only give one reason why they feel that there is no possibility that the Plaintiff can establish these causes of action against Defendant/Cross Plaintiff-- that the Alabama Guest Statute allegedly bars the claims.[1] The Guest Statute states:

> *The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefore in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.*

---

[1] It is clear that Defendants' removal must succeed or fail on this single ground for removal. A petition cannot be amended after the 30 day period has expired to show an additional or different ground for removal not stated before the 30 day period expires. *Computer People, Inc. v. Computer Dimensions Int'l, Inc.*, 638 F.Supp. 1293 (M.D. La. 1986); *Jacobs v. District Dir. of Internal Rev.*, 217 F. Supp. 104 (S.D.N.Y. 1963); *Kraut v. Worthington Pump & Mach. Corp.*, 1 F.Supp. 307 (D.C.N.Y. 1932).

Ala. Code § 32-1-2.

Below, Cross Plaintiff shows that the guest statute does not provide her a defense as a matter of law on either the negligence claim or the wantonness claim.

### A.    The Guest Statute Defense Does Not Bar Any Wantonness Claim.

In order to defeat the Trucking Defendants' allegation of fraudulent joinder, the Plaintiff only needs to present "a reasonable basis for predicting that the state law might impose liability" against Defendant/Cross Plaintiff for wantonness. Paraphrasing *Crowe*, supra (quoting *Bobby Jones Garden Apartments*, 391 F.2d at 176-177). Although Defendant/Cross Plaintiff Shameca Baker did not assert the Guest Statute defense, it is not a defense to a wantonness claim. See Ala. Code § 32-1-2. Because Plaintiff has asserted a wantonness claim in her complaint, there is a reasonable basis that her claims against Defendant/Cross Plaintiff Shameca Baker will succeed.

The Trucking Defendants claim that there is no evidence that Shameca Baker acted with wantonness.  However, Plaintiff is not required to specifically plead detailed facts in support of her wantonness cause of action in her complaint -- let alone produce evidence. General allegations of negligence and wantonness in a complaint are sufficient under Alabama law because they are only required to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Ala.R.Civ.P. 8(a); see also *Brown v. Billy Marlar Chevrolet, Inc.* 381 So.2d 191 (Ala. 1980)(extensive factual allegations in support of a claim need not be set out; general terms are sufficient). An itemized listing of facts supporting each element of negligence or wantonness is not required because under Rule 8(a):

> *the prime purpose of the pleadings is to give notice. "Such common law concepts as stating the facts each party believes to exist and narrowing the*

7

> *issues that must be litigated are completely abandoned. The distinction between "ultimate facts" and "evidence" or conclusions of law are no longer important since the proposed new rules do not prohibit the pleading of facts or legal conclusions as long as fair notice is given to the parties. These rules abolish the doctrine of "theory of pleading." "A simple statement in sequence of the events which have transpired, coupled with a direct claim by way of demand for judgment of what the plaintiff expects and hopes to recover, is a measure of clarity and safety; ...The intent and effect of the rules is to permit the claim to be stated in general terms. The rules are designed to discourage battles over mere form of statement which often delay trial on the merits or prevent a party from having a trial because of mistakes in statement.*

Ala.R.Civ.P. 8, Committee Comments on 1973 Adoption (citations omitted).

Indeed, Plaintiff's complaint conforms and -- if anything -- exceeds Official Form 16, Alabama's authorized form pleading for a wantonness cause of action. The Forms contained in the Alabama Rules of Civil Procedure "are intended to indicate the simplicity and brevity of statement which the rules contemplate." Ala.R.Civ.P.84. A litigant's compliance with the Forms is "sufficient [pleading] under the rules." Id. As such, Plaintiff's pleading of wantonness is sufficient to maintain a claim against Cross Plaintiff. See also *Phelps v. South Alabama Elec. Co-op*, 434 So.2d 234 (Ala. 1983)(allegations of wantonness similar to those made by in the instant Plaintiff are sufficient to state a claim).

Because Plaintiff's complaint states a proper claim for wantonness against Shameca Baker, the Trucking Defendants have not met their burden of establishing fraudulent joinder. This further undermines Trucking Defendants' already tenuous argument that Plaintiff, Terica Baker, has no viable theory of recovery against Cross Plaintiff, Shameca Baker.  This Court has already ruled as such in *Merritt v. Mazda Motor of America, Inc.*, 103 F.Supp.2d 1305 (M.D.Ala. 2000) (Albritton, C.J.), a case with similar facts. There, the plaintiff was injured in an automobile accident while riding

in the front seat of a 1993 Mazda 929 driven by her husband, Merritt. Merritt lost control

of the car, crossed the median into the oncoming lanes of traffic and collided with a truck,

which resulted in the sheet metal being stripped from the front and rear doors on the

passenger side of the car. The front passenger door opened and exposed the plaintiff's

right leg to the other vehicle and ultimately to being shut back in by the door. Because of

the injuries she sustained by this accident, the Plaintiff had to have her right leg

amputated above the knee. Plaintiff filed suit against (1) Mazda, asserting products

liability theories, and (2) Merritt, alleging negligent and wanton driving. Mazda removed

the case to this Court after the Plaintiff obtained a default judgment against Merritt; it

claimed that he was fraudulently joined.

 This Court rejected that argument, holding that Merritt was not fraudulently

joined at the time the complaint was filed because there was a possibility that plaintiff's

negligence and wantonness claims against Merritt would succeed. The *Merritt* Court

found that "none of the three tests from *Triggs* could be proven by the Defendants based

on the allegations in the Complaint, especially in light of the heavy burden placed on the

Defendant in proving fraudulent joinder." *Merritt*, supra.  This Court held that Merritt

was still a proper party defendant even though a default judgment was entered against

him. Merritt is virtually indistinguishable from the facts of this case and shows that Cross

Plaintiff/Defendant Shameca Baker has not been fraudulently joined.

### B.  Trucking Defendants' Argument that Terica Baker Has No Actionable Claim Against Shameca Baker Fails

 That The Trucking Defendants also claim that "[u]nder the facts and

circumstances of this lawsuit, where the tire suddenly blew out on the plaintiff's vehicle,

there is <u>no possibility</u> that the state court could find a claim for wantonness by Terica

9

Baker against Shameca Baker." (Doc. 25, Opposition Brief, p. 6) Without presenting any evidence, the Trucking Defendants take the stance that it was "illogical to assume that after the tire blew out Shameca Baker would act with reckless disregard for the passengers in the vehicles she was operating." (*Id.*) This argument mistakenly assumes that the accident must have been caused solely by Shameca's wantonness. This argument should be rejected because the Alabama Supreme Court has always recognized that there can be more than one proximate cause of an injury. *Martin v. Arnold*, 643 So.2d 564 (Ala. 1994); *Springer v. Jefferson County*, 595 So.2d 1381 (Ala. 1992); *Birkman v. Merger Enters.*, 463 So.2d 121 (Ala. 1984). Where the acts of two or more tortfeasors combine, concur, or coalesce to produce an injury, each tortfeasor's act is considered to be the proximate cause of the injury, and each tortfeasor is jointly and severely liable for the entire injury. *General Motors v. Edwards*, 482 So.2d 1176 (Ala. 1985); *Williams v. Woodman*, 424 So.2d 611 (Ala. 1982); *Butler v. Olshan*, 191 So.2d 7 (Ala. 1966). In this case, the jury might find that Shameca Baker's wantonness and Defendant Pena's negligent operation of his tractor trailer combined to cause the injuries to Plaintiff, Defendant/Cross Plaintiff Shameca Baker and Cross Plaintiff's minor children.  The Alabama Supreme Court in *General Motors v. Edwards*, supra, upheld such a ruling. In that case, a husband and wife brought personal injury claims on behalf of themselves and wrongful death claims on behalf of their deceased sons. The vehicle they were all traveling in was rear-ended by a drunk driver, and it was engulfed in flames. The plaintiffs sued not only the drunk driver but also General Motors for design defects. General Motors argued that the actions of the drunk driver were the sole proximate cause of the injuries and deaths. The Supreme Court rejected its argument and held that the jury

was free to decide whether the acts of the drunk driver and General Motors combined to proximately cause the injuries and deaths.

In any event, even if the claims against the Defendants and Cross Plaintiff were mutually exclusive (which they are not), Plaintiff would not be required to choose which theory to pursue at this early stage in the case. Rule 8(a) of the Alabama Rules of Civil Procedure states that "[r]elief in the alternative or of several different types may be demanded." Furthermore, Rule 8(e)(2) states that:

> *A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or on equitable grounds, or on both....*

The Committee Comments to this rule state:

> *The rule in Alabama that alternative statements are tested by the weaker alternative in determining the sufficiency of the complaint is exactly repudiated by Rule 8(e)(2). And the rule pertaining to an insufficient general allegation has no application under these new rules. This concept is merely construing the complaint strictly against the pleader and is in derogation of Rule 8(f) which provides that the pleadings are to be construed liberally in favor of the pleader.*

(citations removed).

Therefore, the claims against the Defendants and Cross Plaintiff can both proceed to a jury - regardless of whether they are mutually exclusive. Citing *Tolbert v. Tolbert*, 903 So.2d 103 (Ala. 2004), the Defendants maintain that under the Alabama Guest Statute, "there is no possibility that the state court would find a claim for wantonness by Terica Baker against Shameka Baker." [Doc.25, Opposition Brief, p. 6] Any reliance on

*Tolbert* is misplaced because its procedural posture was a motion for summary judgment. This case is concerned with a removal action based upon allegations of fraudulent joinder, not a motion for summary judgment.

### C. Plaintiff Terica Baker Need Only Show A Reasonable Basis That A State Court Can Impose Liability on Cross Plaintiff Shameca Baker.

For a Plaintiff to present an arguable claim against an in-state defendant and, therefore require a case removed to federal court to be remanded to state court, the Plaintiff need not show that she could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that. After drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved." *B., Inc.*, 663 F.2d at 550 (quoting *Bobby Jones Garden Apartments*, 391 F.2d at 177)(emphasis added). Because the procedures are similar while the substantive standards are very different, district courts must exercise extraordinary care to avoid jumbling up motions for remand and motions for summary judgment that come before them.

In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims. Although we have said that district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent. *Crowe*, supra. Other Circuits have gone further and have held that the burden of a defendant to prove fraudulent joinder is more favorable to the plaintiff than the standard for ruling on a

motion to dismiss. See *Hartley v. C.S.X. Transportation, Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3rd Cir. 1992); see also Moore's Federal Practice, §107.14(2)(c)(iv)(B), p. 107 (3d. ed.)([t]he standard requiring that the removing party show that the plaintiff cannot establish a claim against the allegedly fraudulently joined party, even after resolving all issues of law and fact in the plaintiff's favor, is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss"). Here, as shown above, Plaintiff's claim of wantonness withstands the motion to dismiss standard.

In any event, even if the Court were concerned with a summary judgment standard, the Defendants have not carried their burden of production. The Defendants have not offered any evidence whatsoever that Cross Plaintiff's actions were not wanton. Wantonness is the reckless or conscious doing of an act with a disregard of the rights or safety of others under knowledge of existing conditions that injury will likely or probably result. Ala. Code 1975, § 6-11-20(b)(3); *Scott v. Villegas*, 723 So. 2d 642, 643 (Ala. 1998). That which constitutes wanton misconduct depends upon the facts in each particular case. *Marshall v. Marshall*, 226 So. 2d 298 (Ala. 1969). A design to injure by the defendant is not required to show wantonness as long as the act is done with knowledge of its probable consequence and with a reckless disregard of those consequences. *Joseph v. Staggs*, 519 So. 2d 952 (Ala. 1988). Furthermore, even if the Defendants were able to produce some evidence that disproves wantonness on Shameca Baker's part, this does not mean that Terica Baker's claims against Shameca Baker would be dismissed by summary judgment.

The Cross Plaintiff shows that the Defendants cannot meet their arduous burden of establishing that there is no possibility that the Plaintiff can establish her negligence claims against Cross Plaintiff Shameca Baker under Alabama law. Defendants maintain that "the only claim Terica Baker is possibly allowed to assert against Shameca Baker is a claim for wantonness." (Doc.25, Opposition Brief, p.5, line 2) However, the Alabama Guest Statute is an affirmative defense. *Knowles v. Poppell*, 545 So.2d 40 (Ala. 1989); see also *Bechtel v. Crown Cent. Petroleum Corp.*, 451 So.2d 793, 795 (Ala. 1984)("[a]n affirmative defense is defined as 'new matter which, assuming the complaint to be true, constitutes a defense to it"). Plaintiffs are not required to negate the existence of affirmative defenses in their complaint. To the contrary, defendants are required to specifically plead affirmative defenses in their answers in order to preserve them. *Seier v. Peck*, 456 So.2d 1079 (Ala. 1984); *Gotlieb v. Collat*, 567 So.2d 1302 (Ala. 1990). Here, it is important to note that Cross Plaintiff Shameca Baker did not even plead the Guest Statute as an affirmative defense. When a party has failed to plead an affirmative defense, it is deemed to have been waived by operation of Ala.R.Civ.P. 8(c). *Harrell v. Pet, Inc., Bakery Div.*, 664 So.2d 204 (Ala.Civ.App. 1994); *Tounzen*, supra. In other words, it can hardly be argued that there is no possibility that the Plaintiff can establish a negligence cause of action against Shameca Baker when Cross Plaintiff has considered the defense so unmeritorious that she has not asserted it.

Even if Cross Plaintiff Shameca Baker had pleaded the Guest Statute defense in her answer, that does not mean that it applies in this case as a matter of law. While the Guest Statute generally provides a complete defense in most negligence actions, the Alabama Supreme Court has held that in order for the defense to be applicable the

14

occupant must give legal consent to be a guest. "It has frequently been stated that the

relationship between the host and guest is consensual in nature and involves some

acceptance by the guest of the relationship and its attendant hazards ...." *Crovo v. Aetna*

*Casualty & Surety Co.*, 336 So.2d 1083, 1085 (Ala. 1976) ( citing See 8 Am.Jur.2d,

Automobiles and Highway Traffic, § 475); see also *Fox v. Hollar Co., Inc.* 576 So.2d 223

(Ala. 1991). Trucking Defendants have presented no evidence that a consensual

relationship existed between Terica Baker and Shameca Baker at anytime. Thus it should

be for the jury to decide whether or not Terica Baker consented to be a guest within the

meaning of § 32-1-2. Plaintiffs' count for negligent/wanton operation of a motor vehicle

should be allowed to go to the jury with proper instructions. Plaintiff has given a

reasonable basis to this Court that her claims against Cross Plaintiff are not subject to the

Guest Statute because a jury could reasonably determine that the conduct of Cross

Plaintiff immediately prior to the accident was wanton and/or negligent.

## IV.    SHAMECA BAKER'S CLAIMS ON BEHALF OF HER CHILDREN IS PROPERLY ASSERTED AND HAS NO BEARING ON THE ISSUE OF FRAUDULENT JOINDER

### A.    Shameca Baker Has Standing to Assert the Claims of Her Minor Children

Cross Plaintiff Shameca Baker, as the custodial parent of the injured minors, has the

exclusive right to bring claims on the children's behalf. Under Alabama law:

> A father or a mother, provided they are lawfully living together as husband and wife, shall have an equal right to commence an action for an injury to their minor child, a member of the family; provided, however, that in the event such mother and father are not lawfully living together as husband and wife, or in the event legal custody of such minor child has been lawfully vested in either of the parties or some third party, then and in either event **the party having legal custody of such minor child shall have the exclusive right to commence such action.** (emphasis added).

Code of Alabama § 6-5-390

The object of this section is to provide a right of action for the parent's damages for loss

of services, expense of treatment, etc., for the child's injury. *Thorne v. Odom*, 349 So.2d 1126 (Ala.1977). Under this section, damages include loss of services of the child from the injury and time lost in nursing the child. *McWhorter Transfer Co. v. Peek*, 232 Ala. 143, 167 So. 291 (Ala.1936).

It is undisputed that Shameca Baker is the custodial parent of her minor children. Under Alabama law, the custodial parent has the right to bring an action on behalf of or as next friend on behalf of the minor children.   It is interesting to note that although the Trucking Defendants contend that the claims that Shameca Baker made on behalf of her children were improperly brought under the Alabama Rules of Civil Procedure, they cite no specific rule of Alabama or Federal Civil Procedure, case law, or relevant statutory provisions to support their argument. Pursuant to Alabama law, Shameca Baker has the right to bring an action on behalf of her minor children. Furthermore the claims were properly asserted under the Alabama Rules of Civil Procedure.

### B. Cross Claims Are Permissible Under the Alabama Rules of Civil Procedure

Shameca Baker was a party defendant to the original action filed in Macon County Circuit Court. She filed an answer and asserted a cross claim against the Trucking Defendants for injuries sustained by herself and her minor children. In asserting the claims of the minors with her cross claim against the Trucking Defendants, Cross Plaintiff relied on the Alabama Rules of Civil Procedure which expressly permit the joinder of parties and claims.  Shameca Baker primarily relies on permissive joinder under Ala.R.Civ.P. 20 which states:

> *"All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of*

> *transactions or occurrences and if any question of law or fact common to*
> *all defendants will arise in the action. A plaintiff or defendant need not be*
> *interested in obtaining or defending against all the relief demanded.*
> *Judgment may be given for one or more of the plaintiffs according to their*
> *respective rights to relief, and against one or more defendants according*
> *to their respective liabilities."*

If the requirements for permissive joinder under A. R. Civ. P. 20 are not satisfied, and

there are no grounds for compulsory joinder pursuant to A.R.Civ.P.19 there can be no

joinder of parties. *Ex Parte Rudolph*, 515 So.2d 704, 706 (Ala. 1987). However, there is

no absolute rule for determining what constitutes "a series of transactions or

occurrences." *Id.* The Alabama Supreme Court went on to say, "[t]hough the rules allow

virtually unlimited joinder of parties, the Committee Comments to Rule 20 make it clear

that the trial court has 'ample powers, under Rules 20(b), 21 and 42(b), to ensure that the

trial is conducted in the most convenient and least prejudicial manner.'" *Id.* Generally,

that is determined on a case by case basis and is left to the discretion of the trial judge. *Id.*

citing, *Mosley v. General Motors Corp.,* 497 F.2d 1330 (8th Cir.1974); *Saval v. BL Ltd.,*

710 F.2d 1027, 1031 (4th Cir.1983).

Under A.R.Civ.P.13(g), which governs cross claims against co-parties in state

actions, cross claims are permissive and not compulsory. "A pleading may state as a

cross-claim any claim by one party against a co-party **arising out of the transaction or**

**occurrence that is the subject matter of the original action.**" (emphasis added). The

rules also permit the joinder of additional parties. "Persons other than those made parties

to the original action may be made parties to a counterclaim or cross-claim in accordance

with the provisions of Rules 19 and 20." A.R.Civ.P.13(h). The Committee Notes on the

1973 Adoption of Rule 13(h) state that: "A cross-claim may be asserted as a matter of

right, and no leave of court is required. It must either (1) arise out of the transaction or

occurrence that is the subject matter of any existing claim or counterclaim in the suit, or (2) relate to any property that is the subject matter of the original action. A cross-claim may assert that the co-party 'is or may be liable' to the cross-claimant."

As such, Shameca Baker, as custodial parent of the minor children, properly asserted both her claims and the claims on behalf of the minors. The claims fully comply with the pleading requirements set forth by the Alabama Rules of Civil Procedure.

### C. The Claims Asserted by Shameca Baker on Behalf of Her Minor Children Should Not Be Severed.

The Trucking Defendants have repeatedly claimed that they will be prejudiced if the claims of the minor children are joined with the claims of Shameca Baker. However, they do not make a sufficient showing as to why the minors' claims should be severed. To sever the children's claims from the original action, as established by Rule 21, A.R.Civ.P., would create a new action in which an independent judgment results. *Key v. Robert M. Duke Insurance Agency,* 340 So.2d 781, 783 (Ala.1976). A severance of the children's claims from the other claims asserted would result in two separate actions and would present the possibility of inconsistent judgments. By joining all the defendants in one action, consistency of result, as well as judicial economy, will be promoted.

It is interesting to note that the case cited by the Trucking Defendants, *Ex Parte ALFA Life Ins. Corp,* 923 So 272 (Ala. 2005), actually bolster's Cross Plaintiff's position. The facts in the *ALFA* case are vastly dissimilar to the facts in the present case. In ALFA, the Alabama Supreme Court severed the claims of three ALFA policy holders who brought suit against the insurer for alleged improprieties regarding their insurance payment plans. The Court severed the policyholders' claims against life insurers claims for fraud and negligence because they did not arise out of a series of transactions or

occurrences and, therefore, were not subject to permissive joinder. Each agent made different oral and written representations to policyholders, each policyholder's reliance on the representations was different, the circumstances surrounding each policy were different, the policies were individually sold by individual agents who had received individual training, and the policies were individually handled according to the particular needs of each policyholder. *Id.*

As mother and custodial parent, Shameca Baker, is entitled to assert claims on behalf of her injured children. Contrary to the contentions of the Trucking Defendants, Shameca Baker was a party Defendant to the original action, and thus has standing to bring a cross claim against the Trucking Defendants. The injuries sustained by Shameca Baker and her two children, all arose from a single occurrence. The Trucking Defendants' argument for severance would perhaps be more tenable if the children were injured in a wholly separate collision. However, under the known facts of this matter, that is simply not the case. Terica Baker, Shameca Baker and Shameca's two children were occupants of the vehicle that was struck by Defendant Pena. Considering the applicable case law, rules of civil procedure and code provisions, a trial judge will surely hold that all claims arising from this collision should be allowed to proceed together. To force Shameca Baker to litigate her claims and her children's claims in separate venues would lead to inconsistent judgments as well as be an undue financial burden, as she would be forced to pay two sets of litigation expenses. In addition, severing the claims would be prejudicial to the cross claimants and would not be in the best interest of judicial economy.

## CONCLUSION

This case must be remanded. Defendants TNX and Pena have not met their burden of proof with regard to federal jurisdiction and fraudulent joinder. In addition, Cross Plaintiff requests that the claims of her children be allowed to proceed as part of her lawsuit.

WHEREFORE, Shameca Baker respectfully requests that this Court remand this case to the Circuit Court for Macon County, Alabama and all other requested relief.


Respectfully Submitted,


/s/ Tyrone C. Means
Tyrone C. Means (ASB-8760-S80T)
C. Wade Robinson (ASB-4587-R79C)
Charles James, II (ASB-5883-L75J)


**OF COUNSEL:**
THOMAS, MEANS,GILLIS & SEAY, P.C.
POST OFFICE DRAWER 5058
3121 ZELDA COURT
MONTGOMERY, ALABAMA 36103-5058
(334)270-1033 (phone)
(334)260-9396 (fax)


## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that all counsel of record are registered in the CM/ECF system and should receive electronic notice.


/s/ Tyrone C. Means
**OF COUNSEL**


K. Donald Simms
Miller, Hamilton, Snider & Odom, LLC

The Financial Center
505 20th Street, N., Suite 500
Birmingham, Alabama 35203

Stanley Gray
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, Alabama 36083-0239

Milton Davis, Esq.
P.O. Box 830509
Tuskegee, Alabama 36083-0509