IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **TERICA BAKER,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | |
| | * | Civil Action No.: |
| **TRI-NATIONS EXPRESS,** | * | 3:07-cv-00453-WKW |
| **INC. d/b/a TNX, INC.;** | * | |
| **EDUVIGES PENA; et al.,** | * | |
| | * | |
| **Defendants** | * | |

---

**DEFENDANTS TRI-NATIONS EXPRESS, INC. d/b/a TNX, INC. AND EDUVIGES PENA'S APPEAL FROM MAGISTRATE JUDGE'S DENIAL OF DEFENDANTS' MOTION FOR LEAVE TO CONDUCT DISCOVERY**

---

**PROCEDURAL HISTORY**

1. On or about May 21, 2007, Defendants Tri-Nations Express, Inc. d/b/a TNX, Inc. and Eduviges Pena filed a "Notice of Removal", removing this lawsuit from the Circuit Court of Macon County, Alabama, to the United States District Court for the Middle of District of Alabama. (Document 1.) The basis of removal was this court's diversity jurisdiction. (Notice of Removal, Paragraph 8.) The notice of removal contained allegations that Defendant Shameca Baker was fraudulently joined

as a defendant in order to destroy complete diversity of jurisdiction, and as such, destroy this court's jurisdiction over the lawsuit. (Notice of Removal, Paragraph 10.)

2. On or about June 22, 2007, TNX and Pena filed a "Motion for Leave to Conduct Discovery to Support Defendants' Fraudulent Joinder Position." (Hereinafter referred to as "Motion for Leave to Conduct Discovery".) (Document 27.)

3. On or about July 9, 2007, the U.S. Magistrate Judge assigned to this lawsuit denied the Motion for Leave to Conduct Discovery. (Document 32.)

4. Under 28 U.S.C. § 636 (b)(1)(A), a judge of the court may reconsider any pretrial matter ruled upon by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

5. Upon review, a judge of the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter of the magistrate judge with instructions." 28 U.S.C. § 636 (b)(1).

## ARGUMENT

6. In their Motion for Leave to Conduct Discovery, the moving Defendants

respectfully requested that this court grant them leave to conduct discovery, which would allow Defendants to provide evidence in support of (1) their claim that Terica Baker acted in concert with Shameca Baker in order to fraudulently join Shameca Baker for the purposes of destroying federal diversity jurisdiction and (2) that there is no reasonable basis for the claims asserted by Terica Baker against Shameca Baker, and as such, Terica Baker cannot recover for said claims under Alabama law.

7. Specifically, the moving Defendants requested that they be allowed to engage in the following discovery:

    a. Take the deposition of Alabama State Trooper Jason Black, who investigated the accident made the basis of Terica Baker's lawsuit, in order to show that under the facts surrounding this accident there is no reasonable basis for Terica Baker's claim that Shameca Baker acted in a wanton manner at the time of this accident. (Motion for Leave to Conduct Discovery, Paragraph 2.)

    b. Submit interrogatories to Terica Baker and Shameca Baker, which are designed to provide this court with the undisputed facts surrounding the accident, and the relationship between the Bakers, so that this court can clearly see that Terica Baker's wantonness claim is unreasonable and unfounded and asserted for

the sole purpose of defeating this court's diversity jurisdiction. (Motion for Leave to Conduct Discovery, Paragraph 2.)

8. "While it is a long-standing principle that federal jurisdiction must be based on the facts and pleadings as they existed at the time of removal, it is the federal courts' duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute. [The] court must work out the relation of each party to the suit according to the nature of his real interest, and *then* decide the question of jurisdiction." *Earnest v. State Farm Fire and Cas. Co.*, 475 F. Supp.2d 1113, 1117 (N.D. Ala. 2007) (internal citations omitted) (emphasis in original). *See also Jamison v. Kerr-McGee Corp.*, 151 F. Supp.2d 742 (S.D. Miss. 2001) ("In deciding a claim of fraudulent joinder, the court is not bound to the pleadings but may take other evidence into account.")

9. A federal court makes determinations of factual allegations and state substantive law based on the plaintiff's pleadings at the time of removal. *Rowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997). However, a court may also consider affidavits and deposition transcripts submitted by the parties. *Id. See also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (in addressing claims of fraudulent joinder, a court can consider any submitted affidavits and/or deposition transcripts); *Alverson v. Auto-Owners insurance Co.*, No. 06-0866-WS-M, 2007

WL 437601, at *1 (S.D. Ala. Feb. 6, 2007) (a court "may consider evidence submitted by the parties in determining whether the resident defendant was fraudulently joined")(citing *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005)); *Nebula Glass Intern., Inc. v. Reichhold, Inc.*, No. 02-CV-60703, 2002 WL 33928919, at *2 (S.D. Fla. Oct. 15, 2002) ("[w]hen fraudulent joinder is asserted, the district court must 'pierce the pleadings' to determine whether a cause of action grounded in facts exists") (internal citations omitted); *El Chico Restarurants, Inc. v. Aetna Cas. and Surety Co.*, 980 F. Supp. 1474, 1479 (S.D. Ga. 1997) (the court may pierce the pleadings and consider other material submitted by the parties in order to determine whether the plaintiff has an arguable claim).

10.   A removing defendant does not have to demonstrate "an absence of <u>any possibility</u> of recovery in state court". *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original). Rather, the defendant "must demonstrate only that there is no <u>reasonable</u> basis for predicting that the plaintiff will recover in state court." *Id.* (Emphasis in original.) *See also Filla v. Norfolk Southern Railway Co.*, 336 F.3d 806, 810 (8th Cir. 2003) ("a proper review should give paramount consideration to the <u>reasonableness</u> of the basis underlying the state claim") (emphasis added); *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997) ("the question is whether there is arguably a <u>reasonable</u> basis for predicting that the

state law might impose liability <u>on the facts involved</u>") (emphasis added); *Pierce v. Odyssey Healthcare, Inc.*, No. 06-0561-WS-B, 2007 WL 686616, at *2 (S.D. Ala. Mar. 2, 2007) (emphasizing that the potential for legal liability must be <u>reasonable</u> and not merely theoretical); *Williams v. Roanoke Companies Group, Inc.*, No. 1:07-CV-219-TWT, 2007 WL 1438751, at *3 (N.D. Ga. May 15, 2007) (the theoretical possibility that a plaintiff could recover is not a basis for finding that a defendant was not fraudulently joined); *Alverson v. Auto-Owners insurance Co.*, No. 06-0866-WS-M, 2007 WL 437601, at *1 (S.D. Ala. Feb. 6, 2007) (if no <u>reasonable</u> possibility of legal liability exists the joinder is fraudulent as a matter of law).

11.  The discovery measures requested by the moving Defendants seek information that a court may use in determining whether a party was fraudulently joined and whether there is a reasonable possibility that the plaintiff can recover from the fraudulently joined defendant.

12.  In his denial of the Motion for Leave to Conduct Discovery, the magistrate judge found that the moving Defendants were not justified in their request for expedited discovery and that the moving defendants were seeking to "discovery information relevant to their defense." (Order on Motion.) (Document 32.)

13.  The moving Defendants respectfully disagree with the ruling of the magistrate judge. The purpose of the Defendants' requested discovery is not to obtain

information relevant to their defense, but to obtain information in support of their claim of fraudulent joinder. If anything, the discovery helps non-moving Defendant Shameca Baker obtain information relevant to her defense. However, the moving Defendants want to make it clear that the sole purpose of the expedited discovery is to provide information in support of their claim of fraudulent joinder.

WHEREFORE, PREMISES CONSIDERED, the moving Defendants pray that this Honorable Court reverse the decision of the magistrate judge and grant the Defendants' motion for leave to conduct the discovery sought by same to file with this Court in support of Defendants' fraudulent joinder contention.

Respectfully submitted,

/s/ K. Donald Simms
K. DONALD SIMMS
ASB-9801-M63K
*Counsel for Defendants TNX and Pena*

OF COUNSEL:
MILLER, HAMILTON, SNIDER & ODOM, L.L.C.
The Financial Center
505 20th Street , N., Suite 500
Birmingham, Alabama 35203
Telephone: (205) 226-5200
Facsimile: (205) 226-5226
E-mail: kerisimms@mhsolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stanley Gray
**GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON**
P.O. Box 830239
Tuskegee, AL 36083-0239
*Counsel for Defendants TNX and Pena*

Mr. Milton Davis
P.O. Box 830509
Tuskegee, AL 36083-0509
*Counsel for Terica Baker*

Mr. Charles James
Mr. Tyrone C. Means
**THOMAS, MEANS, GILLIS & SEAY, P.C.**
P.O. Drawer 5058
Montgomery, AL 36103-5058
*Counsel for Shameca Moneca Baker and her minor children*

OF COUNSEL