**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:  Baker v. Tri-Nations Express, Inc. et al

Case Number:   3:07-cv-00453-WKW

Referenced Pleading:  Memorandum Opinion and Order  - Doc.  42

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice.  Please see the correct PDF documents to this notice.**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TERICA BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07cv453-WKW |
| | ) | |
| TRI-NATIONS EXPRESS, INC., *et al.*, | ) | (WO) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This automobile accident case was removed from the Circuit Court of Macon County, Alabama, on May 21, 2007, by the non-resident defendants, Tri-Nations Express, Inc., a Texas corporation, and Texas resident Eduviges Pena (together, the "Texas defendants"). Plaintiff Terica Baker ("Terica") and Defendant/Cross-Plaintiff Shameca Moneca Baker ("Shameca"),[1] Alabama residents, filed motions to remand (Docs. # 17 & # 18 respectively). The Texas defendants resist remand primarily on the grounds of the alleged fraudulent joinder of Shameca as a defendant. Also before the court is the motion to dismiss, or alternatively to sever, the claims of Shameca's minor children (Doc. # 9) and an appeal (Doc. # 33) of the Magistrate Judge's denial (Doc. # 32) of the Texas defendants' request for further discovery on the fraudulent joinder issue (Doc. # 27). The matters being well and fully briefed, and upon due consideration, the motions to remand will be granted, the motion to dismiss or sever the claims of the minor children will be denied, and the appeal of the Magistrate Judge's discovery decision, construed as an objection, will be denied.

---

[1] For convenience only, the court will refer to these plaintiffs by their first names.

## I. FACTUAL BACKGROUND

On October 22, 2006, Shameca was driving a 1998 GMC truck on Interstate 85 in Macon County, Alabama, immediately adjacent to the entrance to a state rest stop. The GMC truck belonged to her mother, Terica, who was a passenger on the date of the accident. Shameca's two minor children were also passengers. According to the accident report submitted as an exhibit by the Texas defendants (Doc. # 5-3), as Shameca drove in the left lane of the interstate, somewhat ahead of two tractor-trailer trucks traveling in the right lane, her right front tire blew out. Defendant Pena, a driver for Defendant Tri-Nations, was driving the second truck in the right lane. The first truck in the right lane began to slow when Shameca's tire blew. Pena, assuming the truck in front of him was slowing to enter the rest stop, moved into the left lane to pass and encountered Shameca's GMC truck, which had by that time slowed to eight to ten miles per hour. Unable to stop, Pena's truck struck Shameca's, resulting in injuries to Shameca, Terica, and Shameca's two minor children.

Terica and Shameca initially employed attorney Joe Lampley to represent them and Shameca's minor children in a claim for personal injuries against the Texas defendants. Attorney Lampley wrote demand letters on behalf of all of the Bakers,[2] but no settlement was forthcoming. Shameca and Terica then hired separate counsel.[3] This suit was subsequently filed in state court.

---

[2] The minor children do not share the Baker name. For the sake of convenience, however, the court will refer to Shameca and her two children collectively as the Baker family.

[3] Shameca has appeared as the next friend of her minor children. The resulting pleading complications will become obvious *infra*.

2

## II. PROCEDURAL HISTORY

Terica initially filed suit against the Texas defendants, fictitious defendants, and Shameca. Against Shameca, she alleged negligence and wantonness by "slowing down and stopping in said lane," conduct which she alleged "combined and concurred with the negligent and wanton conduct of Defendant Eduviges Pena . . ." to cause her injuries. (Compl. ¶ 21.) Before the case was removed from state court, Shameca filed an "Answer, Crossclaim and Complaint" individually and as parent, guardian and next friend of her minor children. (Doc. # 1-4.) The crossclaim and complaint were directed against the Texas defendants. The Texas defendants then timely removed the action to this court without Shameca's consent. In their Answer to Terica's Complaint (Doc. # 7) and their Answer to Shameca's Crossclaim (Doc. # 8), the Texas defendants asserted the contributory negligence of Shameca as a defense. (*Id.* at 6 in each document.) The Texas defendants moved to dismiss the claims of the minor children. (Doc. # 9.) The Texas defendants also filed emergency motions for discovery (Docs. # 10 & # 11) and a subsequent motion for discovery on the issue of fraudulent joinder (Doc. # 27), all of which were denied by the Magistrate Judge. The Texas defendants appeal the denial of the latest motion for discovery on the issue of fraudulent joinder to this court. (Doc. # 33.)

## III. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). "[R]emoval statutes are construed narrowly; where [the parties] clash about

jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095; *see Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270, 1273-74 (M.D. Ala. 2007). Removal is proper pursuant to Title 28, section 1441 of the United States Code if a federal court would have had original diversity or federal question jurisdiction over the initial action. *See* 28 U.S.C. § 1441(a); *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1286 (11th Cir. 1998). The removing defendant has the burden of establishing the existence of federal jurisdiction. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). With respect to diversity jurisdiction, a federal court has original jurisdiction over an action where there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

When a defendant removes a case based on allegations of fraudulent joinder, the defendant's burden of proof is a "heavy one," and the court must evaluate all factual issues as well as resolve any uncertainties about state substantive law in favor of the plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Nabors v. TransSouth Fin. Corp.*, 928 F. Supp. 1085, 1089 (M.D. Ala. 1996) (remanding case where it was unclear whether cause of action existed under Alabama law). Although "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b) . . . the jurisdictional inquiry must not subsume substantive determination." *Crowe*, 113 F.3d at 1538 (internal quotation marks and citations omitted). Federal courts should not "weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* "'If there is even a possibility

4

that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" *Id.* (quoting *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds*, Judicial Improvements and Access to Justice Act, Pub.L. No. 100-702, 102 Stat. 4642, *as recognized in Wilson v. General Motors Corp.,* 888 F.2d 779, 782 n.3 (11th Cir. 1989)).

## IV.  DISCUSSION

*A. Motion to Remand*

Despite the lack of complete diversity necessary for removal pursuant to § 1332, the Texas defendants argue that Shameca's nondiverse citizenship should be ignored for removal purposes because she was fraudulently joined as a defendant to the action by her plaintiff mother, in an effort to defeat diversity jurisdiction and prevent removal.

"Fraudulent joinder" is a legal term of art, reflecting not the integrity of the parties in bringing the action, but rather the viability of the theories against the nondiverse defendant. *See, e.g., Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).[4] The removing party alleging fraudulent joinder has the burden of providing by clear and convincing evidence that one of the following circumstances exists:  (1) there is no possibility the plaintiff can prove a cause of action against the non-diverse defendant; (2) there is outright

---

[4] The Eleventh Circuit has adopted all prior decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981, as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

fraud in the plaintiff's pleading of jurisdictional facts (*e.g.*, amount-in-controversy); or (3) "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and . . . the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287; *see also Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). Although the parties dispute the estimated amount in controversy, neither defendant asserts outright fraud in the pleading under the second prong.[5] The Texas defendants essentially submit a single theory of fraudulent joinder under the first *Triggs* prong: that Terica has no valid cause of action against Shameca.[6]

1. Terica has no possible cause of action against Shameca

Although the Texas defendants recognize that there is no mother/daughter immunity in Alabama, they assert that Terica has no cause of action for negligence or wantonness against Shameca. (Notice of Removal ¶ 12.) Specifically, the Texas defendants argue that

---

[5] Regardless, the court need not decide the amount-in-controversy issue because it ultimately finds a lack of complete diversity, which alone defeats diversity jurisdiction.

[6] The Texas defendants do not really argue the third *Triggs* prong for proving fraudulent joinder—that the diverse defendant is joined with a nondiverse defendant as to whom there is no "joint, several or alternative liability" and that there is no "real connection" between the claims against the defendants. *Triggs,* 154 F.3d at 1287. In determining its own jurisdiction, however, the court notes that such an argument would fail. As the above-quoted language from the complaint reveals, Terica alleges "joint, several or alternative liability" by stating that Shameca's negligence or wantonness combined with that of the Texas defendants and proximately caused her injuries. Additionally, a "real connection" between the two claims exists in that they both relate to the same car accident and its underlying causes. The court therefore notes that, even had the argument been made, there is no fraudulent joinder under the third prong.

Alabama's guest passenger statute[7] prevents a guest passenger from suing the owner or operator of the motor vehicle for anything less than "willful or wanton misconduct," and that the facts alleged in the complaint cannot support a cause of action for wantonness. (Defs.' Br. in Supp. of Removal ¶ 5.) The Texas defendants argue that "'wanton misconduct' . . . requires a showing of some degree of conscious culpability," and that Terica's description of Shameca's reaction to the blowout, that she "slowed down and stopped in the lane of travel where the tire blow out occurred," could not possibly support such a showing. (*Id.* at ¶¶ 6-7.)

Terica and Shameca deny any fraudulent joinder. They argue that by the Texas defendants' own admission in their Answer to Shameca's Cross-Claim, Shameca was at least negligent. (Shameca's Remand Br. at 2 (*citing* Cross Claim Answer ¶ 11 and at 6.)) Terica and Shameca further argue that the guest passenger statute is an affirmative defense, which, even if applicable, was not pled in the Texas defendants' answer and therefore waived. (Shameca's Remand Br. at 14.) Finally, they argue that the question of whether Shameca's actions were wanton depends on the facts presented in each particular case, and is a question for the jury to decide; given the facts viewed in her favor, therefore, a state court could find

---

[7] Alabama's guest passenger statute provides as follows:

> The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.

Ala. Code § 32-1-2 (1975).

7

that Terica has alleged a possible cause of action against Shameca. (Terica's Remand Br. at 2-3.)

This court agrees. In considering a motion for remand, a district court "must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits," and should not examine a claim's merits "beyond determining whether [such claim] is an arguable one under state law." *Crowe*, 113 F.3d at 1538 (internal quotation marks and citations omitted). Based on the pleadings at the time of removal, before formal discovery had begun, and resolving all questions of fact and controlling law in favor of the plaintiffs, the Texas defendants have failed to provide clear and convincing evidence that Terica has alleged neither a colorable negligence nor a wantonness cause of action. *See Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561-62 (11th Cir. 1989) (holding that the burden lies with the removing defendants, not the plaintiffs, to show that plaintiff have "no possible cause of action . . . under the allegations of the Plaintiffs' pleadings at the time of removal") (emphasis omitted).

First, the applicability of the guest statute is still in question. Section 32-1-2 applies only to "guests," as defined by the Alabama Supreme Court in the following context: "If the transportation of a rider confers a benefit only to the person to whom the ride is given, and no benefits other than hospitality, goodwill, or the like are conferred on the person furnishing the transportation, then the rider is a guest." *White v. Pratt*, 721 So. 2d 210, 212 (Ala. 1998) (internal quotation marks and citations omitted) (reversing summary judgment for the

defendant based on the genuine dispute of fact as to whether plaintiff was guest). On the other hand, if the presence of a rider is "primarily for the attainment of some objective of the driver" or to promote "the mutual interest of both the rider and the driver for their common benefit," then the rider may be considered "a 'passenger for hire' and not a 'guest.'" *Id*. (internal quotation marks and citations omitted). No pleading submitted by either party has revealed the purpose of the Bakers' trip, the arrangement under which they were riding, or whether it was for mutual benefit. Although this court makes no decision as to whether the statute applies or not, it potentially does not. This court therefore cannot say that there is no possibility that a state court would find that Terica has stated a negligence claim against Shameca.

Second, even if a state court concluded that the statute bars Terica's negligence claim, it could still find that she has alleged a claim for wantonness. In her complaint, Terica alleges in Count V (Negligence or Wantonness) that after the blowout, Shameca "negligently and/or wantonly operated said vehicle by slowing down and stopping in said lane," and further alleges that her negligence and wantonness combined with that of the Texas defendants to cause her injuries. (Compl. ¶¶ 21-22.) The Texas defendants argue that the described conduct could not possibly amount to the conscious culpability necessary for wanton conduct. (Removal Br. at 4.)

The plaintiff's standard for alleging a possible cause of action, however, is remarkably light: "[A]fter drawing all reasonable inferences from the record in the plaintiff's favor and

then resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that the state law *might* impose liability on the facts involved." *Crowe*, 113 F.3d at 1541-42 (internal quotation marks and citations omitted). The Texas defendants merely contest whether the requisite conscious culpability for wantonness could be inferred from Shameca's alleged conduct. This is an issue of fact that does not amount to clear and convincing evidence that a state law would in no way impose liability for wantonness under these circumstances. A state court could conclude, therefore, that Terica has stated a claim for wantonness. Accordingly, the court finds that there is no fraudulent joinder under this theory.

2. Suspicious Relationship Between the Litigants and Their Attorneys

As an alternative fraudulent joinder theory, the Texas defendants argue that the series of events leading up to the Bakers' current representation were sufficiently suspicious that the court should not ignore such suspicion as "further evidence of fraudulent joinder." (Defs.' Br. in Supp. of Removal ¶ 8.) Essentially, the Texas defendants argue that the manner in which attorney Lampley first wrote letters on behalf of the all the Bakers, who then separately hired Attorneys Means and Davis to represent Shameca and her children, and Terica, respectively, implied that the entire group "acted in concert with one another to [e]ffect a mutual benefit of keeping this lawsuit in the Circuit Court of Macon County, Alabama, by destroying diversity . . . ." (*Id.* at ¶ 12.) This court cannot agree.

As discussed *supra*, the burden upon the defendant of proving fraudulent joinder is

a heavy one, and the court must evaluate all factual issues and resolve state law uncertainties in favor of the plaintiff. The court is further required to resolve any uncertainties in favor of remand. Therefore, even if the court were to give full credit to the defendants' desired inferences, there would still not be clear and convincing evidence, based on the attorney's letters and the sequence of evidence, that the group was acting in concert to destroy diversity jurisdiction. Moreover, the plaintiff is master of her complaint, and may include or omit parties to prevent or allow removal as she wishes; fraudulent joinder pertains not to motive but to the viability of the claims. *See Triggs,* 154 F.3d at 1291; *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000); *Peachtree/Stratford, L.P. v. Phoenix Home Life Ins. Co.*, No. 1:06-cv-0514, 2006 WL 1209893, at *3 (N.D. Ga. May 2, 2006).

The court finds, therefore, that there was no fraudulent joinder. For the purposes of the motions to remand, a state court could find that Terica Baker has adequately pled at least one cause of action against Shameca Baker. In the absence of either complete diversity or fraudulent joinder, therefore, the court finds that the motion to remand is due to be granted.

3. Defendants' Objection to Magistrate Judge's Order Denying Discovery

Convinced that their insufficient fraudulent joinder argument could be improved by the allowance of formal discovery, the Texas defendants "appeal" (Doc. # 33) the Magistrate Judge's denial (Doc. # 32) of their Motion for Leave to Conduct Discovery to Support Defendants' Fraudulent Joinder Position. (Doc. # 27). The court construes the appeal as an

objection to the Magistrate Judge's order.[8] The Texas defendants disagree with the Magistrate Judge's finding that their request for expedited discovery was unjustified because the discovery sought was merely "discovery information relevant to their defense" (Doc. # 32). On appeal, the Texas defendants clarify that their discovery request was solely for the purpose of supporting their claim of fraudulent joinder, specifically, their argument that there is no basis for a wantonness claim against Shameca Baker. The specific discovery sought by defendants is to take the deposition of the state trooper who investigated the accident "to show that under the facts surrounding this accident there is no reasonable basis for Terica Baker's claim that Shameca Baker acted in a wanton manner at the time of this accident," and to submit interrogatories to Terica and Shameca regarding the facts surrounding their relationship and the accident for the same purpose. (Doc. # 33 ¶ 7.)

Under the guidance of Federal Rule of Civil Procedure 72(a), and after an independent review of the discovery motion, the Magistrate Judge's order, and the defendants' objection, the court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a). The court agrees with the Magistrate Judge that no formal discovery should be allowed at this stage. Granting leave to a defendant to conduct jurisdictional discovery "impermissibly lightens the defendant's burden of establishing

---

[8] Federal Rule of Civil Procedure 72(a) provides that:
A party may serve and file objections to [a magistrate judge's nondispositive] order within 10 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.
Fed. R. Civ. Pro. 72(a).

jurisdiction. A court should not participate in a one-sided subversion of the rules. The proper course is remand." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1218 (11th Cir. 2007) (footnote omitted). The court therefore finds that the Texas defendants' objection (Doc. # 33) is due to be overruled.

### B. *Motion to Dismiss, or Alternatively Sever, Shameca's Claims on Behalf of Her Children*

The Texas defendants also request that the court dismiss Shameca's representative claims on behalf of her children. (Mot. to Dismiss at 2.) Alternatively, they request that the court sever the children's claims from those of Terica and Shameca, and that if the case is remanded, that it retain jurisdiction over the severed claims under diversity jurisdiction. *Id.*

The Texas defendants argue that although Rules 17(a) and 19 of the Federal Rules of Civil Procedure "sometimes require an *original* plaintiff to join . . . persons not originally parties," and although under Rules 13(h) and 14, "a defendant may join persons not originally parties to the action," a defendant may only join parties in his or her role as a "reactive plaintiff, not in his or her role as a defendant." (Mot. to Dismiss ¶ 7.) Whereas a defendant as reactive plaintiff can bring a counterclaim or cross-claim, the Texas defendants argue, "nowhere in the Alabama Rules of Civil Procedure or Federal Rules of Civil Procedure is a defendant allowed to bring as part of the original lawsuit a claim on behalf of plaintiffs or defendants not already named therein." (*Id.* at ¶ 8.) They argue that Shameca "arbitrarily and improperly" decided to bring claims on behalf of her children in her representative capacity, and moreover failed to issue service upon the Texas defendants when

13

she issued her answer/counterclaim/cross-claim. (*Id.* at ¶ 10.) Because her representative claims are allegedly improper, the Texas defendants request that they be severed such that the claims of Shameca's children may be retained in federal court under diversity jurisdiction. (*Id.* at ¶¶ 13-14.) For the following reasons, the court finds that both requests, to dismiss and to sever, are due to be denied.

With respect to the request to dismiss, the court is without jurisdiction to do so. Because there is no fraudulent joinder, this court may not ignore the lack of complete diversity. Without complete diversity, this federal court of limited jurisdiction has no authority to do anything other than remand:

> It has been said that a party must have the proper jurisdictional key with which to open the doors of federal court. Without that key, the court is powerless to entertain anything that that party may wish to argue. In essence, what [the Texas defendants are] attempting to do with [their] argument that the Court should sever the claims of nondiverse parties is to climb in the window of the federal court. Until and unless a situation arises in which there exists complete diversity of citizenship, this court may not sever claims, it may not dismiss parties, it may do nothing but remand this action to the Circuit Court of [Macon] County, Alabama.

*Perry v. Norwest Fin. Ala., Inc.*, No. 98-0260, 1998 WL 964987, at *3 (S.D. Ala. Dec. 9, 1998).

Because a case may become removable after the time in which it was originally filed, courts must "look to two specific moments to determine whether diversity of citizenship exists: the moment the complaint is filed and the moment the notice of removal is filed." *Id.* at *2. The federal court has jurisdiction only if, at either time, there exists both complete diversity and the requisite amount in controversy. *Id.* Because Shameca was listed as a

defendant in the original complaint and there was no fraudulent joinder, diversity was incomplete both at the time the complaint was filed and at the time of removal. The court therefore may not dismiss Shameca's claims. Instead, the court must remand the case to the Circuit Court of Macon County, where the issue of whether the parties are properly joined will be decided.

With respect to the alternative request to sever Shameca's representative claims so as to retain jurisdiction over them, this court similarly cannot do so. As the aforementioned language in *Perry* states, this court's examination of the case is limited to deciding its jurisdiction. Having decided that fraudulent joinder does not exist, this court may not ignore the lack of complete diversity and, consequently, its own lack of jurisdiction. It therefore has no choice but to remand to the state court to decide the issues of proper joinder and sufficient service.

Some courts, despite acknowledging a lack of complete diversity left unadulterated by fraudulent joinder, have found it appropriate to correct misjoinder and nonjoinder of parties by exercising their discretion to "on just terms, add or drop a party . . . [or] sever any claim against a party." Fed. R. Civ. P. 21. Supreme Court precedent supports the notion that an appellate court may dismiss a dispensable nondiverse party in order to retain jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832-837 (1989). The *Newman-Green* Court also held, however, that "such authority should be exercised sparingly" so as to "carefully consider whether the dismissal of a nondiverse party will prejudice any of the

parties in the litigation." *Id.* at 837-38. While several courts have used *Newman-Green* and their discretion under Rule 21 to drop dispensable *defendants* and thus preserve subject matter jurisdiction, "[n]one of these cases, however, support dropping a nondiverse *plaintiff*, *over the plaintiff's objection*, in order to retain (or create) subject matter jurisdiction." *Ferry v. Bekum America Corp.*, 185 F. Supp. 2d 1285, 1289 (M.D. Fla. 2002); *see also Spann v. Nw. Mut. Life. Ins. Co.,* 795 F. Supp. 386, 390-91 (M.D. Ala. 1992) (rejecting defendant's request to drop nondiverse defendant to establish diversity in a removed case because plaintiff had not made this request). While the defendants correctly point out that Shameca is a defendant, the claims she brings on behalf of her children are brought in her role as a cross-plaintiff. This court is similarly convinced that any Rule 21 discretion to dismiss parties and sever claims to "create" jurisdiction does not extend to the instant situation and requested action, nor does it promote judicial economy where all of the claims arise out of one accident. Accordingly, the motion to dismiss or sever is due to be denied.

## V. CONCLUSION

Removal is not proper because the court does not have diversity subject matter jurisdiction. This court finds no fraudulent joinder in either Terica Baker's initial naming of driver Shameca Baker as a co-defendant, nor in Shameca's joinder of her children as cross-plaintiffs against the Texas defendants. Absent fraudulent joinder, complete diversity does not exist. The court does not have subject matter jurisdiction; therefore remand is required, and severance is not appropriate. Accordingly, it is ORDERED that:

      1.      Defendants' Objection (Doc. # 33) to the Magistrate Judge's order is OVERRULED;

      2.      Defendant's motion to dismiss or sever the claims against them filed by Baker in her representative capacity on behalf of her children (Doc. # 9) is DENIED;

      3.      Plaintiff Terica Baker's Motion to Remand (Doc. # 17) and Defendant/Cross-Plaintiff Shameca Moneca Baker's Motion to Remand (Doc. # 18) are GRANTED;

      4.      This case is REMANDED to the Circuit Court of Macon County, Alabama; and

      5.      The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this 10th day of January, 2008.

                                    /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE